September 9, 2019

**<u>VIA ECF</u>**

Hon. Steven C. Mannion, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut St., Room 4015
Newark, NJ 07102

Re:  *New Jersey Department of Environmental Protection, et al. v.
     E. I. du Pont de Nemours and Co., et al.*, Case Nos. 1:19-cv-14766,
     <u>1:19-cv-14765, 2:19-cv-14758, and 3:19-cv-14767</u>

Lanny S. Kurzweil

T. 973-639-2044
F. 973-297-3810
lkurzweil@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Dear Magistrate Judge Mannion:

We represent Defendants E. I. du Pont de Nemours and Company ("DuPont"), The Chemours Company ("Chemours"), and The Chemours Company FC, LLC ("Chemours FC") (collectively, "Defendants"). This letter is submitted jointly on behalf of all parties to seek clarification regarding two seemingly conflicting orders entered in Docket No. 2:19-cv-14758 on August 27, 2019.

On that date, orders were issued via ECF by both Your Honor and Magistrate Judge Schneider, each governing case management of this matter. (*See* attached orders). Judge Schneider's order was entered in each of the four dockets referenced in Judge Schneider's order, ordering in all four cases that "all discovery and proceedings in these matters" would be stayed pending further order of the court. The order further provides a schedule whereby Plaintiffs will submit motions seeking remand in two of the four cases, but not the above matter in Your Honor's Court. Following disposition of remand motions in the other two matters, Plaintiffs will proceed to submit motions to consolidate or coordinate on issues common to the cases.

The order entered later that same day by Your Honor calls for a Fed. R. Civ. P. 16 scheduling conference to be held before Your Honor on October 2, 2019, and requests agreement of all parties to a discovery plan. Scheduling of this conference, however, appears to conflict with the stay of all proceedings in all matters ordered by Judge Schneider. Thus, all parties are seeking clarity as to whether a conference will be held on that date.

**DEFENDANTS' POSITION:** It is Defendants' understanding and position that a scheduling conference would be premature at this juncture in light of the stay of proceedings and procedural schedule governing Plaintiffs' upcoming motions that will determine (1) which matters will remain before the U.S. District Courts of New Jersey, and (2) whether such remaining matters will be consolidated for purposes of

ME1 31399941v.1

September 9, 2019
Page 2

discovery. Indeed, these very uncertainties motivated Judge Schneider to issue the stay until after such preliminary issues are decided. If the parties were to establish a procedural schedule or commit to a discovery plan without first resolving these preliminary questions, there is substantial risk that one or more of the cases would be reassigned and/or the schedule and discovery plan would require modification depending on the outcomes of Plaintiffs' remand and consolidation motions. Plaintiffs refer below to their August 26, 2019 letter requesting reconsideration of the stays in these matters, but we note that Magistrate Judge Quraishi summarily denied those requests the following day (a copy of that letter and embedded Order, Document 33 in 3:19-cv-14767-MAS-ZNQ, that includes Judge Quraishi's denial, is attached hereto).

**PLAINTIFFS' POSITION:** For the reasons set forth in Plaintiffs' August 26, 2019 letter to Your Honor, and to Magistrate Judges Schneider and Quraishi, Plaintiffs maintain that there is no reason to stay the two cases for which there will be no motion to remand (the above captioned case before Your Honor and the Chambers Works litigation Docket No. 1:19-cv-14766-RMB-JS) (a copy of that letter, Document 27 in 1:19-cv-14766-RMB-JS, is attached hereto).

We thank you for your time and consideration of this matter, and look forward to receiving clarity regarding the October 2, 2019 Scheduling Conference.

Respectfully submitted,

/s/ *Lanny S. Kurzweil*

Lanny S. Kurzweil

cc:   Counsel of Record (via ECF)
      Hon. Joel Schneider, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.<br><br>    Plaintiffs,<br> v.<br>E.I. DU PONT DE NEMOURS and COMPANY, et al.<br><br>    Defendants. | Civil No. 19-14758 (JMV/SCM) |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.<br><br>    Plaintiffs,<br> v.<br>E.I. DU PONT DE NEMOURS and COMPANY, et al.<br><br>    Defendants. | Civil No. 19-14765 (NLH/JS) |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.<br><br>    Plaintiffs,<br> v.<br>E.I. DU PONT DE NEMOURS and COMPANY, et al.<br><br>    Defendants. | Civil No. 19-14766 (RMB/JS) |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.<br><br>    Plaintiffs,<br> v.<br>E.I. DU PONT DE NEMOURS and COMPANY, et al.<br><br>    Defendants. | Civil No. 19-14767 (MAS/ZND) |

**ORDER**

The Court having received the parties' joint letter regarding case management issues; and the letter having been received and reviewed by all assigned District Judges and Magistrate Judges; and the Court intending to efficiently and expeditiously handle this litigation; and the Court finding good cause to enter this Order; and accordingly,

**IT IS HEREBY ORDERED** this 27th day of August, 2019, as follows:

1. Other than as set forth in this Order, all discovery and proceedings in these matters is STAYED until further Order of the Court.

2. All Motions to Remand in these cases shall be filed by September 20, 2019.

3. Within ten (10) days after all Motions to Remand are decided, plaintiffs shall file a Motion to Consolidate pursuant to Fed.R.Civ.P. 42 and L.Civ.R. 42.1 returnable before the Honorable John M. Vazquez.

s/ Joel Schneider  
JOEL SCHNEIDER  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION<br><br>Plaintiff,<br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY et al<br><br>Defendants. | Civil Action No.<br><br>2:19-cv-14758-JMV-SCM<br><br>**ORDER SCHEDULING R16 CONFERENCE** |

**To: All Counsel**

**IT IS** on this Tuesday, August 27, 2019, ORDERED as follows:

1) Pursuant to Fed. R. Civ. P. 16, that a scheduling conference be held before the Honorable Steve Mannion, U.S.M.J., on 10/02/2019 at 10:00 a.m. in Courtroom 2B at the United States Courthouse, Newark, New Jersey, and it is further ordered that (a) Prior to the above scheduling conference, all counsel, including any individual(s) who are appearing on his/her own behalf (or "Pro Se"), confer to agree on a joint discovery plan based upon the attached Rider. See Local Civil Rule 26.1(b); (b) not later than eight (8) days prior to the above conference, the joint discovery plan shall be filed on ECF. See Local Civil Rule 26.1(b); (c) at the conference all parties who are not appearing *pro se must* be represented by counsel who shall have full authority to bind their clients in all pretrial matters. See Local Civil Rule 16.1(a); (d) plaintiff(s) notify any party who hereafter enters an appearance of the above conference and forward to that party a copy hereof; (e) the parties are to advise the Honorable Steve Mannion immediately if this action has been settled or terminated so that the above conference may be cancelled. Finally, counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30 and 33 early disclosure requirements and limitations on depositions/interrogatories will be

enforced. Therefore, pursuant to the early disclosure requirements, counsel shall exchange the following information without formal discovery requests: (i) identities of individuals with knowledge of disputed facts; (ii) documents and things in the possession of counsel or the parties regarding the disputed issues; (iii) insurance agreements in force; and (iv) statement of the basis for any damages claimed; and it is further

    2) ORDERED that the meeting of parties required by Fed. R. Civ. P. 26(f) shall take place fourteen (14) days prior to the date of the initial conference; and it is further ORDERED that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorneys(s), but on any third party claim, the counsel for the third party plaintiff shall send a copy of this Order to the newly entering counsel for third party defendant(s); and it is further

    3) ORDERED that all parties shall confer to agree and file a JOINT DISCOVERY PLAN no less than eight (8) days prior to the above-stated conference date, as required by Local Civil Rule 26.1(b) of this Court. The conference date should appear on the caption of the Joint Discovery Plan, which shall include at a minimum, the following items: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device

and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of) digital information. (See, L. Civ. R. 26(d)).

Sanctions may be imposed pursuant to Fed. R. Civ. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared. Each litigant attending the conference shall be fully familiar with the file, and have full authority to bind their clients in all pretrial matters.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/27/2019 4:25:31 PM

ff
Original: Clerk of the Court
cc: All parties
    File

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : | Hon. |
| v. | : | JOINT DISCOVERY PLAN |
|  | : |  |
| Defendant(s). | : |  |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place? Yes _____ No _____
   If so, when?   _____

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $ _____

   (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

   (1) Monetary offer:  $ _____
   (2) Non-monetary offer: _____

3. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   (b) Should discovery be conducted in phases? If so, explain.

      (c)    Number of Interrogatories by each party to each other party: _____

      (d)    Number of Depositions to be taken by each party: _____

      (e)    Plaintiff's expert report due on _____.

      (f)    Defendant's expert report due on _____.

      (g)    Motions to Amend or to Add Parties to be filed by _____.

      (h)    Dispositive motions to be served within _____days of completion of discovery.

      (i)    Factual discovery to be completed by _____.

      (j)    Expert discovery to be completed by _____.

      (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

      (l)    A pretrial conference may take place on _____.

      (m)   Trial by jury or non-jury Trial?

      (n)    Trial date: _____.

7.    Do you anticipate any discovery problem(s)? Yes _____ No _____
If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions,     problems with out-of state witnesses or documents, etc.)? Yes _____ No _____
If so, explain.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10.   Is this case appropriate for bifurcation? Yes _____ No _____

11.    We [do _____ -do not _____] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.

 

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)

# Steve Mannion
UNITED STATES MAGISTRATE JUDGE
United States District Court of New Jersey

<u>Rider to Rule 16 Scheduling Order</u>

I. **Discovery**

    a. Discovery Plan: The discovery plan supplied by the parties in advance of the Rule 16 conference will be based upon a specific period to complete discovery. Cases will have a 4, 6, 10, or 12 month fact discovery track depending upon the type and complexity of the case:

        i. Four Months – Cases that typically require very little discovery, such as Fair Debt Collection Act cases, will only have a 4 month period for fact discovery.

        ii. Six Months – Most cases will have a 6 month period for fact discovery, such as personal injury, employment, and civil rights cases.

        iii. Ten Months – Only complex commercials cases, patent cases, and class actions will receive a 10 month period for fact discovery.

        iv. Twelve Months – Very complex cases with extensive E-discovery or involving parties and witnesses outside the continental U.S. will receive a 12 month period for fact discovery.

    a. Discovery: The parties are expected to promptly begin initial disclosures, which shall include the production of all documents relevant to any claim or defense, after the Rule 16 conference.

    b. Avoiding Discovery Disputes: Many discovery disputes can be avoided with a discovery confidentiality order or a Fed.R.Evid. 502(d) order.

        a. <u>Discovery Confidentiality Orders</u>: The parties will have 30 days from the Rule 16 conference to provide the Court with a joint proposed confidentiality order. *See* Local Civil Rule 5.3 and in patent cases Local Civil Rule 9.3. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the

order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** *See* L.Civ.R. 5.3 and the Court's Form Discovery Confidentiality Order at Appendix S.

    b. Fed.R.Evid. 502(d) Order. If the parties expect to produce large volumes of paper or electronic discovery that may include privileged material, counsel may consider submitting a joint proposed Fed.R.Evid. 502(d) order.

1. Discovery Disputes: No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. L. Civ. R. 37.1(a). Poison pen letters are not permitted. See D.N.J. App. R. Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a joint dispute letter, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. If the discovery dispute is complex and requires the filing of briefs and affidavits, counsel may separately file same on the date of their joint dispute letter. No further submissions regarding the dispute may be submitted without leave of Court. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute. *See* L. Civ. R. 16.1(f).

   a. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court. If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

   c. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 90 days of the Rule 16 conference. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

II. **Settlement**:

   a. Discovery Necessary for Settlement: All counsel should be able to discuss at the Rule 16 the discovery they will need to engage in meaningful settlement discussions.

   b. Good Faith Statement**:** To facilitate settlement discussions at the Rule 16 conference, plaintiffs in personal injury cases; Fair Debt Collection Act, 15 U.S.C. § 1692k(a) cases, Fair Credit Reporting Act, 15 U.S.C. § 1681 cases; and civil rights cases with statutory fee shifting may serve defendant(s) and the Magistrate Judge with a good faith statement prior to the Rule 16 conference. If so, the good faith statement should include the dollar amount

in controversy along with a basis for calculating damages and all supporting documentation including but not limited to medical records. In fee shifting cases, the statement should also include an itemization of reasonable attorneys' fees incurred to date with each attorney's name, hourly rate, and date and time entries for this matter.

c. <u>Compulsory Arbitration</u>: Certain cases, like personal injury cases with presumed damages less than $150,000 are subject to compulsory arbitration. Counsel are directed to familiarize themselves with Local Civil Rule 201.1.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/27/2019 4:25:31 PM

# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 PLAZA WEST-ONE 250 PEHLE AVE. STE. 401 SADDLE BROOK N.J. 07663 201-845-9600 FAX 201-845-9423

**Leonard Z. Kaufmann, Esq.**
lzk@njlawfirm.com

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

August 26, 2019

**VIA ELECTRONIC FILING**
Hon. Steven C. Manion, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Court Room: MLK 2B
Newark, NJ 07102

**VIA ELECTRONIC FILING**
Hon. Joel Schneider, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse
Room 2060
1 John F. Gerry Plaza
4th & Cooper Sts.
Camden, NJ 08101

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.M.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
Court Room 7W
402 E. State Street
Trenton, NJ 08608

Re: *NJ Department of Environmental Protection, et al. v. E.I. du Pont de Nemours & Company, et al.*
Docket No.: SLM-L-000057-19
Civil Action No.: 1:19-cv-14766-RMB-JS

Docket No.: MID-L-002448-19
Civil Action No.: 3:19-cv-14767-MAS-ZNQ

Docket No.: PAS-L-000936-19
Civil Action No.: 2:19-cv-14758-JMV-SCM

Docket No.: GLO-L-000388-19
Civil Action No.: 1:19-cv-14765-NLH-JS

To Magistrate Judges Mannion, Schneider and Quraishi:

We represent plaintiffs in the above named cases. We write to respectfully request that the stay imposed on the filing of responses to plaintiffs' complaint be lifted, since the stay delays, rather than advances, the progress of the litigations. We submit this letter pursuant to L.Civ.R. 16.1,

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
COUNSELLORS AT LAW

To Magistrate Judges Mannion, Schneider and Quraishi
August 26, 2019
Page 2

and before filing a formal motion for reconsideration. We have met and conferred with DuPont, which does not join in this letter.

On Friday, August 23, 2019, as requested, the parties sent a joint letter to all District Judges and Magistrate Judges to whom these cases are assigned, setting forth the parties' respective positions on case management. Although there was a difference of opinion as to whether consolidation or coordination is the appropriate case management approach, the DuPont/Chemours parties did not request a stay of their deadline to file their responses to the complaints. Later that evening, in an email to counsel, Magistrate Judge Schneider inquired as to whether a stay would be appropriate or beneficial. We promptly responded indicating that we would need to discuss the proposed stay with our governmental clients and co-counsel, and would get back to the court on Monday, the next business day. Notwithstanding, and prior to plaintiffs getting back to the Court, orders were entered Monday morning staying the deadline for DuPont's/Chemours' responses in three of the four cases.

Having had the opportunity to discuss the stay suggested by Magistrate Judge Schneider with our client, plaintiffs respectfully submit that postponing the filing of DuPont's and Chemours' motions is not necessary, appropriate, or beneficial. DuPont and Chemours have not requested any further extension; to the contrary, in our meet and confer last week, DuPont and Chemours indicated they anticipated that they would, and were fully prepared to, file the motions on August 26. The filing date had been previously extended and there is no reason why it should be extended any further.

There are reasons why DuPont and Chemours should file now. Specifically, it is almost certain that the content of their motions will inform the issue of consolidation by articulating an initial set of overlapping legal and factual issues. Once filed, the assigned District Court Judges and Magistrate Judges will have the appropriate opportunity to address scheduling; ultimately, Judge Vazquez will be in a position to rule on plaintiffs' motion to consolidate.

There is no reason why DuPont's, Chemours' and 3M's responses need to be filed at the same time. 3M asked for additional time to respond, and plaintiffs consented as a professional courtesy. Significantly, however, 3M agrees not to duplicate any arguments made by DuPont and Chemours. Thus, DuPont's and Chemours' immediate filing of their motions will allow plaintiffs to get started on their oppositions, which will aid in the progression of all the matters as well as providing additional information crucial to the consolidation issue. By getting started now, plaintiffs will need less time to respond to the motions 3M files (if any).

We also note that two of the sites (Chambers Works and Parlin) continue to emit and discharge PFAS, which are emerging contaminants of substantial concern to DEP; the ongoing releases of these contaminants are impacting drinking water and other natural resources for miles around

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
COUNSELLORS AT LAW

To Magistrate Judges Mannion, Schneider and Quraishi
August 26, 2019
Page 3

these sites. DEP intends to push for investigation, remediation, and all other appropriate relief as soon as possible.

For the reasons set forth above, we believe that DuPont and Chemours should file their motions as soon as possible. Plaintiffs will then file their motion for consolidation. At that point, a scheduling conference with the appropriate District Judges and Magistrate Judges would be in order. Accordingly we respectfully request that the stay be lifted. As plaintiffs' position was not considered before the Court *sua sponte* stayed the filing deadline, we respectfully ask that the Court reconsider its stay order or advise us if we need to file a formal motion.

We thank the Court for its consideration in this matter.

Respectfully yours,

/s/Leonard Z. Kaufmann

Leonard Z. Kaufmann

CC:  Glenn Harris, Esq. *(Via E-Mail harrisg@ballardspahr.com)*
Martha N. Donovan Esq. *(Via E-Mail mndonovan@norris-law.com)*
Adam Hoeflich, Esq. *(Via E-Mail adam.hoeflich@bartlitbeck.com)*
Kate Roin, Esq. *(Via E-Mail kate.roin@bartlitbeck.com)*
Richard F. Bulger, Esq. *(Via E-Mail RBulger@mayerbrown.com)*
Lanny S. Kurzweil, Esq. *(Via E-Mail LKurzweil@McCarter.com)*
John McAleese, Esq. *(Via E-Mail JMcAleese@McCarter.com)*
Donald J. Camerson, II, Esq. *(Via E-Mail djcamerson@bressler.com)*
David Haworth Esq. *(Via E-Mail HaworthD@ballardspahr.com)*
Margaret Fleming-Flood, Esq. *(Via E-Mail mraymondflood@norris-law.com)*
Tulsi Gaonkar, Esq. *(Via E-Mail tulsi.gaonkar@bartlitbeck.com)*
Jeff Chiesa, Esq. *(Via E-Mail jchiesa@csglaw.com)*
Gwen Farley, D.A.G. *(Via E-Mail Gwen.farley@law.njoag.gov)*
Scott Kauff, Esq. *(Via E-Mail skauff@demalaw.com)*
William J. Jackson, Esq. *(Via E-Mail bjackson@kelleydrye.com)*

---

*Handwritten annotation:* Request for reconsideration is DENIED. No need to file formal motion.

So Ordered this 27th day of August, 2019

Hon. Zahid N. Quraishi

# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW

PARK 80 PLAZA WEST-ONE 250 PEHLE AVE. STE. 401 SADDLE BROOK N.J. 07663 201-845-9600 FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

**Leonard Z. Kaufmann, Esq.**
**lzk@njlawfirm.com**

August 26, 2019

**VIA ELECTRONIC FILING**
Hon. Steven C. Manion, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Court Room: MLK 2B
Newark, NJ 07102

**VIA ELECTRONIC FILING**
Hon. Joel Schneider, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse
Room 2060
1 John F. Gerry Plaza
4th & Cooper Sts.
Camden, NJ 08101

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.M.J.
Clarkson S. Fisher Federal Building & U.S. Courthouse
Court Room 7W
402 E. State Street
Trenton, NJ 08608

      Re: *NJ Department of Environmental Protection, et al. v. E.I. du Pont de Nemours & Company, et al.*
         **Docket No.: SLM-L-000057-19**
         **Civil Action No.: 1:19-cv-14766-RMB-JS**

         **Docket No.: MID-L-002448-19**
         **Civil Action No.: 3:19-cv-14767-MAS-ZNQ**

         **Docket No.: PAS-L-000936-19**
         **Civil Action No.: 2:19-cv-14758-JMV-SCM**

         **Docket No.: GLO-L-000388-19**
         **Civil Action No.: 1:19-cv-14765-NLH-JS**

To Magistrate Judges Mannion, Schneider and Quraishi:

We represent plaintiffs in the above named cases. We write to respectfully request that the stay imposed on the filing of responses to plaintiffs' complaint be lifted, since the stay delays, rather than advances, the progress of the litigations. We submit this letter pursuant to L.Civ.R. 16.1,

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

To Magistrate Judges Mannion, Schneider and Quraishi
August 26, 2019
Page 2

and before filing a formal motion for reconsideration. We have met and conferred with DuPont, which does not join in this letter.

On Friday, August 23, 2019, as requested, the parties sent a joint letter to all District Judges and Magistrate Judges to whom these cases are assigned, setting forth the parties' respective positions on case management. Although there was a difference of opinion as to whether consolidation or coordination is the appropriate case management approach, the DuPont/Chemours parties did not request a stay of their deadline to file their responses to the complaints. Later that evening, in an email to counsel, Magistrate Judge Schneider inquired as to whether a stay would be appropriate or beneficial. We promptly responded indicating that we would need to discuss the proposed stay with our governmental clients and co-counsel, and would get back to the court on Monday, the next business day. Notwithstanding, and prior to plaintiffs getting back to the Court, orders were entered Monday morning staying the deadline for DuPont's/Chemours' responses in three of the four cases.

Having had the opportunity to discuss the stay suggested by Magistrate Judge Schneider with our client, plaintiffs respectfully submit that postponing the filing of DuPont's and Chemours' motions is not necessary, appropriate, or beneficial. DuPont and Chemours have not requested any further extension; to the contrary, in our meet and confer last week, DuPont and Chemours indicated they anticipated that they would, and were fully prepared to, file the motions on August 26. The filing date had been previously extended and there is no reason why it should be extended any further.

There are reasons why DuPont and Chemours should file now. Specifically, it is almost certain that the content of their motions will inform the issue of consolidation by articulating an initial set of overlapping legal and factual issues. Once filed, the assigned District Court Judges and Magistrate Judges will have the appropriate opportunity to address scheduling; ultimately, Judge Vazquez will be in a position to rule on plaintiffs' motion to consolidate.

There is no reason why DuPont's, Chemours' and 3M's responses need to be filed at the same time. 3M asked for additional time to respond, and plaintiffs consented as a professional courtesy. Significantly, however, 3M agrees not to duplicate any arguments made by DuPont and Chemours. Thus, DuPont's and Chemours' immediate filing of their motions will allow plaintiffs to get started on their oppositions, which will aid in the progression of all the matters as well as providing additional information crucial to the consolidation issue. By getting started now, plaintiffs will need less time to respond to the motions 3M files (if any).

We also note that two of the sites (Chambers Works and Parlin) continue to emit and discharge PFAS, which are emerging contaminants of substantial concern to DEP; the ongoing releases of these contaminants are impacting drinking water and other natural resources for miles around

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

To Magistrate Judges Mannion, Schneider and Quraishi
August 26, 2019
Page 3

these sites. DEP intends to push for investigation, remediation, and all other appropriate relief as soon as possible.

For the reasons set forth above, we believe that DuPont and Chemours should file their motions as soon as possible. Plaintiffs will then file their motion for consolidation. At that point, a scheduling conference with the appropriate District Judges and Magistrate Judges would be in order. Accordingly we respectfully request that the stay be lifted. As plaintiffs' position was not considered before the Court *sua sponte* stayed the filing deadline, we respectfully ask that the Court reconsider its stay order or advise us if we need to file a formal motion.

We thank the Court for its consideration in this matter.

                                      Respectfully yours,

                                      /s/Leonard Z. Kaufmann

                                      Leonard Z. Kaufmann

CC:    Glenn Harris, Esq. *(Via E-Mail harrisg@ballardspahr.com)*
           Martha N. Donovan Esq. *(Via E-Mail mndonovan@norris-law.com)*
           Adam Hoeflich, Esq. *(Via E-Mail adam.hoeflich@bartlitbeck.com)*
           Kate Roin, Esq. *(Via E-Mail kate.roin@bartlitbeck.com)*
           Richard F. Bulger, Esq. *(Via E-Mail RBulger@mayerbrown.com)*
           Lanny S. Kurzweil, Esq. *(Via E-Mail LKurzweil@McCarter.com)*
           John McAleese, Esq. *(Via E-Mail JMcAleese@McCarter.com)*
           Donald J. Camerson, II, Esq. *(Via E-Mail djcamerson@bressler.com)*
           David Haworth Esq. *(Via E-Mail HaworthD@ballardspahr.com)*
           Margaret Fleming-Flood, Esq. *(Via E-Mail mraymondflood@norris-law.com)*
           Tulsi Gaonkar, Esq. *(Via E-Mail tulsi.gaonkar@bartlitbeck.com)*
           Jeff Chiesa, Esq. *(Via E-Mail jchiesa@csglaw.com)*
           Gwen Farley, D.A.G. *(Via E-Mail Gwen.farley@law.njoag.gov)*
           Scott Kauff, Esq. *(Via E-Mail skauff@demalaw.com)*
           William J. Jackson, Esq. *(Via E-Mail bjackson@kelleydrye.com)*