# Exhibit 2

Troy B. Froderman (012717)
tfroderman@polsinelli.com
Mitchell J. Klein (007430)
mjklein@polsinelli.com
Jonathan G. Brinson (025045)
jbrinson@polsinelli.com
**POLSINELLI SHUGHART PC**
CityScape
One East Washington Street, Ste. 1200
Phoenix, AZ 85004
Phone: (602) 650-2000
Fax: (602) 264-7033

Attorneys for Defendant
Dolphin Incorporated

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District, a political subdivision of the State of Arizona,<br><br>Plaintiff,<br><br>vs.<br><br>Salt River Project Agricultural Improvement And Power District, a political subdivision of the State of Arizona, et al.,<br><br>Defendants. | CASE NO. CV 10-0290-PHX-ROS<br><br>**DOLPHIN INCORPORATED'S MOTION TO STRIKE PLAINTIFF'S CLAIMS FOR (1) A PRESENT AWARD OF FUTURE RESPONSE COSTS UNDER CERCLA AND (2) ATTORNEYS' FEES**<br><br>(Assigned to the Honorable Roslyn O. Silver)<br><br>(Oral Argument Requested) |

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant Dolphin Incorporated ("Defendant") moves to strike Plaintiff Roosevelt Irrigation District's ("RID") claim for (1) a present award of future response costs under CERCLA and (2) an award of attorneys' fees. As a matter of law, RID is not entitled to an award of future costs nor is it entitled to any recovery of its attorneys' fees. This motion is supported by the following Memorandum of Points and Authorities.

. . . .

. . . .

. . . .

1

2756894.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Argument

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The purpose of this rule is to "avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Consequently, a defendant is entitled to an order striking "any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Id.* at 1479 n.34.

### A. RID Cannot Recover A Present Award For Future Response Costs

CERCLA provides for the recovery of necessary costs of response that actually "have been incurred" and that are consistent with the National Contingency Plan. 42 U.S.C. § 9607(a)(4)(b). CERCLA does not provide a vehicle for the present recovery of costs to be incurred in the future. Here, RID alleges that it "has incurred over $2,000,000 in necessary costs of response to date and expects to incur over $40,000,000 in necessary costs of response in the future[,]" and that "[e]ach Defendant . . . is jointly and severally liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the response costs RID has incurred, and . . . for all future costs RID may incur . . . ." First Amended Complaint ("FAC") (docket #10) ¶¶ 114, 116. To the extent RID is seeking any sort of present judgment for the $40,000,000 in future response costs it allegedly "may incur" (*Id.* at ¶ 116), its claim should be stricken.

In *In re Dant & Russell, Inc.*, 951 F.2d 246, 249 (9th Cir. 1991), the Ninth Circuit struck down an award under CERCLA for costs related to clean-up activities to be conducted in the future. The Court's holding and rationale are fully applicable here:

. . . .

. . . .

. . . .

2

2756894.1

> Under CERCLA's scheme for private action, response costs may not be recovered when there has been no commitment of resources for meeting these costs. Section 9607(a)(4)(B) permits an action for response costs "incurred" — not "to be incurred." Moreover, CERCLA expressly provides for declaratory actions for determining liability as to future response costs. . . . These sections envision that, before suing, CERCLA plaintiffs will spend some money responding to an environmental hazard. They can then go to court and obtain reimbursement for their initial outlays, as well as a declaration that the responsible party will have continuing liability for the cost of finishing the job.

951 F.2d at 249-50; *see also City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1005, 1008 (9th Cir. 2010) (CERCLA claim for declaratory relief only becomes ripe after plaintiff "'spend[s] some money responding to an environmental hazard'" and establishes defendants' liability for those initial costs) (quoting *Dant & Russell*, 951 F.2d at 249)). The Court made no distinction between future costs that are likely to be incurred and those that are improbable. No award of future costs is allowed. *Id*. at 250. As the Court noted, CERCLA places no strings on the award of response costs. As a result, a plaintiff awarded an advance monetary recovery for future costs could spend those funds on other ventures, and would have no incentive to complete the cleanup. *Id*.

The Ninth Circuit applied these same principles in *Stanton Road Assocs. v. Lohrey Enterprises*, 984 F.2d 1015 (9th Cir. 1993), where it reversed a lower court decision placing funds in escrow to pay for future remediation costs. Such an escrow, the Court held, amounts to an unauthorized award of future response costs and is therefore prohibited. *Id*. at 1021 (citing *Dant & Russell* with approval and holding that in a CERCLA case a plaintiff must actually incur response costs before it can recover them). The Court also noted that a private party plaintiff can recover only for "necessary" costs incurred "consistent with the national contingency plan." *Id*. (*citing* 42 U.S.C. § 9607(a)(4)(B)). It is not enough to merely allege necessity and consistency with the National Contingency Plan. A private party plaintiff like RID must prove that its costs *were* necessary and consistent, after those costs have been incurred. *Id.*, citing *Cadillac Fairview/California, Inc. v. Dow Chem. Co.*, 840 F.2d 691, 695 (9th Cir. 1988)

3

2756894.1

(plaintiffs must prove that costs were necessary and consistent with national contingency plan).[1]

Thus, under controlling precedent, RID cannot seek a present award of response costs it "expects" to incur in the future. RID may seek a declaratory judgment establishing defendants' liability for future response costs. 42 U.S.C. § 9613(g)(2)(B) ("court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages").[2] But before it can recover anything in the future, RID will have to in fact incur response costs and prove that those costs were both necessary and consistent with the National Contingency Plan. To the extent RID is seeking anything more than this, its claims for recovery of future response costs should be stricken.

**B.    RID Cannot Recover Attorneys' Fees**

In Count One, RID alleges cost recovery claims under Section 107(a) of CERCLA against all of the defendants in this case. First Amended Complaint ("FAC") (docket # 10) ¶ 116. In its prayer for relief under CERCLA, RID seeks its "attorneys' fees incurred as a result of having to bring this action[.]" *Id.* at ¶ 116(C). However, in *Key Tronic Corporation v. United States*, 511 U.S. 809, 818-19 (1994), the Supreme Court held that "CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." RID's prayer for recovery of its attorneys fees under CERCLA for "bring[ing this cost recovery] action" should therefore be stricken.

---

[1] Consistency with the National Contingency Plan is measured as of the date of the expenditure. *See, e.g., Louisiana-Pacific Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1576 n.7 (9th Cir. 1994); *Allied Signal, Inc. v. Amcast Int'l Corp.*, 177 F. Supp. 2d 713, 738-742 (S.D. Ohio 2001) (compliance measured against version of National Contingency Plan in effect when costs were incurred). Thus, future costs must be measured against the Plan then in effect.

[2] *See, e.g., Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1191 (9th Cir. 2000) (authorizing declaratory judgment on liability); *Kelley v. E.I. DuPont De Nemours & Co.*, 17 F.3d 836, 844-45 (6th Cir. 1994) (government entitled to declaration concerning liability for future costs; defendants are free to challenge the substance of any costs incurred in the future).

4

2756894.1

1	The Supreme Court's holding in *Key Tronic* is fully applicable here and bars
2	RID's prayer for attorneys fees. As the Court explained, "attorney's fees generally are
3	not a recoverable cost of litigation 'absent explicit congressional authorization.'" *Key*
4	*Tronic*, 511 U.S. at 814 (quoting *Runyon v. McCrary*, 427 U.S. 160, 185 (1976)).
5	"Recognition of the availability of attorney's fees therefore requires a determination that
6	'Congress intended to set aside this longstanding American rule of law.'" *Id.* at 815.
7	When Congress amended CERCLA in 1986, it allowed for recovery of attorneys' fees
8	under some provisions, but not under Section 107. *Id.* at 817-18. "These omissions
9	strongly suggest a deliberate decision not to authorize such awards," and confirmed the
10	Court's holding that "CERCLA § 107 does not provide for the award of private
11	litigants' attorney's fees associated with bringing a cost recovery action." *Id.* at 818-19.[3]

13	The Ninth Circuit—citing *Key Tronic*—likewise has recognized that private
14	parties are barred from recovering attorneys' fees under CERCLA, and has also held
15	that non-state litigants, such as a municipality, "are … confined to recovery of
16	'necessary costs' [under CERCLA], which do not include attorneys' fees." *Fireman's*
17	*Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 953 (9th Cir. 2002) (quoting 42 U.S.C. §
18	9607(a)(4)(B)). Accordingly, RID's request for recovery of attorneys' fees under
19	CERCLA should be stricken from the First Amended Complaint.

20	RID's claims for attorneys' fees on the non-CERCLA claims likewise are not
21	recoverable under long-standing Arizona law. Count Two alleges that RID is entitled to
22	relief pursuant to a quasi contract, unjust enrichment and/or restitution theory. FAC ¶¶
23	117-121. Again, in its prayer for relief, RID requests "attorneys' fees incurred as a
24	result of having to bring this action[.]" *Id.* at ¶ 121(C). Because, however, RID's claim

---

[3] The *Key Tronic* Court recognized that in rare circumstances some attorneys' fees may be recoverable not as fees per se, but as necessary costs of response. These are fees for lawyer work "closely tied to the actual cleanup" and are "clearly distinguishable from litigation expenses[.]" 511 U.S. at 820. Any fees that RID believes are properly treated as "response costs" necessarily would be encompassed within RID's claims for its response costs. *See* FAC ¶ 116(A), (B). RID's claims for fees for "having to bring this action," FAC ¶ 116(C), are prohibited "litigation expenses." *Key Tronic*, 511 U.S. at 820.

5

2756894.1

does not arise out of a contract and recovery of attorneys' fees is not otherwise provided for under any applicable statute, RID's prayer for recovery for its attorneys' fees should be stricken. *See Burke v. Ariz. State Ret. Sys.*, 77 P.3d 444, 447 (Ariz. App. 2003).

"It is well established that a court in Arizona may award attorney fees only when expressly authorized by contract or statute." *Burke*, 77 P.3d at 447 (vacating attorney fee award). Thus, "[a]s a general rule, attorney's fees are not permitted in cases arising out of tort." *Merch. Transaction Sys., Inc. v. Nelcela, Inc.*, 2010 WL 1336956, *1 (D. Ariz. Mar. 31, 2010) (denying request for attorney fees relating to tort claim).

Pursuant to A.R.S. § 12-341.01, "[i]n any contested action *arising out of a contract*, express or implied, the court may award the successful party reasonable attorney fees." (emphasis added). In contrast, for tort claims, "[t]he test to be applied in determining whether the 'arising out of contract' language of A.R.S. § 12-341.01 is applicable is whether the action in tort could not exist but for the breach of the contract." *Merch. Transaction Sys., Inc.*, 2010 WL 1336956 at *1; *accord Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141 (Ariz. 1982) (holding that a party may only recover attorney fees relating to a tort where "the cause of action in tort could not exist but for the breach of the contract").

In determining what constitutes an express or implied contract for purposes of § 12-341.01, Arizona's Supreme Court drew the following distinction between contracts implied in fact and those implied in law:

> A contract implied in fact is a true contract – an undertaking of contractual duty imposed by reason of a promissory expression. . . . Contracts implied in law, on the other hand, are not true contracts at all. They are obligations created by the law without regard to expressions of assent by either words or acts. . . . Corbin remarks, in fact, that it might be better not to use the word 'contract' at all, and today the term 'quasi contract' is often used in its place. . . . The essential nature of actions to recover for the breach of such duties is not one "arising out of contract," but rather one arising out of tort – breach of legal duties imposed by law.

*Barmat v. John & Jane Doe Partners A-D*, 747 P.2d 1218, 1220-22 (Ariz. 1987) (reversing award of attorney fees for legal malpractice claim).

6

2756894.1

1       "In these cases, where the cause of action does not depend on the existence of a
2 contract, express or implied in fact, the 'but for' test . . . is not satisfied." *Id.; accord In*
3 *re Razo*, 2009 WL 4251107, * 4 (Ariz. App. Nov. 24, 2009) (finding § 12-341.01
4 inapplicable to unjust enrichment claim); *Lewin v. Miller Wagner & Co., Ltd.*, 725 P.2d
5 736, 743 (Ariz. App. 1986) (concluding that failure to comply with legally imposed
6 duty "is not an action arising out of contract under A.R.S. § 12-341.01(A)"); *see also*
7 *Schwab Sales, Inc. v. GN Const. Co., Inc.*, 992 P.2d 1128, 1132 (Ariz. App. 1998)
8 (recognizing that "if the claim is based on an alleged breach of duties implied by law,
9 rather than by an express contract or one implied by the facts, it is unlikely that the
10 claim arises out of contract").

11       Here, RID specifically identifies its unjust enrichment claim as arising from a
12 "quasi contract," and alleges that defendants have a legal "duty under CERCLA, 42
13 U.S.C. §§ 9601, *et seq*, and under Federal and Arizona state common law to respond to
14 the releases or threat of releases of hazardous substances from the facilities owned or
15 formerly owned by the Defendants." FAC ¶ 146. Courts do not allow attorney fees for
16 such claims. *Barmat*, 155 Ariz. at 523, 747 P.2d at 1222 (recognizing that "quasi
17 contract" claims based on "breach of legal duties imposed by law" do not arise under a
18 contract for purposes of § 12-341.01). Indeed, RID fails to "allege or even contend that
19 [its] unjust enrichment claim [is] based on the existence of a contract or agreement."
20 *Razo*, 2009 WL 4251107 at *4. Accordingly, RID cannot recover attorneys' fees under
21 its unjust enrichment claim.

22       Finally, RID alleges claims against defendants for Nuisance and Trespass. FAC
23 ¶¶ 122-132. In its prayers for relief under each of these claims, RID, once again, seeks
24 "attorneys' fees incurred as a result of having to bring this action[.]" *Id.* at ¶ 126(C),
25 132(C). Unfortunately for RID, because both causes of action arise out of tort and do
26 not otherwise implicate any statutory provision that awards attorneys' fees, RID's
27 prayers for recovery for its attorneys' fees should be stricken. *See Burke*, 77 P.3d at
28 447.

7

2756894.1

## CONCLUSION

For the foregoing reasons, Dolphin Incorporated respectfully asks the Court to issue an order striking RID's claims for (1) a present award of future response costs under CERCLA and (2) an award of attorneys' fees under RID's CERCLA and state law claims.

Dated this 22nd day of October, 2010

POLSINELLI SHUGHART PC

By: s/ Troy B. Froderman
Troy B. Froderman
Mitchell J. Klein
Jonathan G. Brinson
One East Washington St., Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant Dolphin Incorporated*

## CERTIFICATE OF SERVICE

On October 22, 2010, the foregoing was filed with the Arizona District Court Clerk's office using the CM/ECF system, which will provide a Notice of Electronic filing to the CM/ECF registrants.

s/ Kelley Irish

8

2756894.1