# Exhibit 3

Michael K. Kennedy (Bar No. 04224)
Bradley J. Glass (Bar No. 22463)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:    (602) 530-8000
Facsimile:    (602) 530-8500
Email:        mkk@gknet.com
              brad.glass@gknet.com

Attorneys for Plaintiff Roosevelt
Irrigation District

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROOSEVELT IRRIGATION DISTRICT, a political subdivision of the State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political subdivision of the State of Arizona, et al.,<br><br>Defendants. | Case No. CV-10-0290-PHX-MHM<br><br>**ROOSEVELT IRRIGATION DISTRICT'S CONSOLIDATED RESPONSE IN OPPOSITION TO MOTIONS TO STRIKE CLAIMS FOR (1) A PRESENT AWARD OF FUTURE RESPONSE COSTS UNDER CERCLA AND (2) ATTORNEYS' FEES**<br><br>(Assigned to the Honorable Mary H. Murguia)<br><br>***(Oral Argument Requested)*** |

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-9000

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT..................................................................... 1

II.   STANDARD OF REVIEW ....................................................................... 2

III.  DISCUSSION ........................................................................................ 3

      A.   The Court cannot strike RID's claims for damages and fees under
           Dolphin's Rule 12(f) Motion. ........................................................... 3

      B.   Even if the Court were to consider the merits of Dolphin's Motion, RID
           is entitled to recover attorneys' fees from Dolphin under CERCLA. ........... 5

           1.   RID is entitled to recover its attorneys' fees under CERCLA. ............ 5

           2.   Attorneys' fees under state law claims. ....................................... 8

      C.   Even if the Court were to consider the merits of Dolphin's Motion, RID
           is entitled to recover response costs it has already incurred, and its
           entitled to declaratory judgment on liability for its response costs
           incurred in the future. ..................................................................... 8

IV.   CONCLUSION .................................................................................... 10

i

Plaintiff Roosevelt Irrigation District ("RID") hereby responds to Dolphin Incorporated's ("Dolphin") Motion to Strike RID's Claims for (1) a Present Award of Future Response Costs under CERCLA and (2) Attorneys' Fees (the "Motion") (Dkt. 204), which was filed pursuant to Federal Rule of Civil Procedure 12(f), and claims that certain of RID's claims for relief are precluded as a matter of law.[1]  For the reasons below, the Motion should be denied in its entirety.

## I.    PRELIMINARY STATEMENT

Pursuant to Rule 12(f), Dolphin has moved to strike RID's alleged claims for a present award of future response costs under CERCLA and for an award of attorneys' fees.  Dolphin's Motion, however, is contrary to the controlling case in this circuit governing the application of Rule 12(f).  Specifically, the Ninth Circuit's recent decision in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), held that Rule 12(f) does not authorize a district court to strike a claim on the basis that it is precluded as

---

[1]  The following parties joined in the Motion: Action Fabricating of Arizona, Inc. (Dkt.224); Alcatel-Lucent USA, Inc. (Dkt.243); ArvinMeritor, Inc. (Dkt.236); Bill's Cylinder Head Service, Inc. (Dkt.232); BNSF Railway Company (Dkt.268); BP West Coast Products LLC (Dkt.279); Brake Supply Company, Inc. (Dkt.220); Chevron U.S.A. Inc. (Dkt.259); City of Phoenix (Dkt.277); Cooper Industries, LLC (Dkt.209); Corning Incorporated (Dkt.234); D-Velco Manufacturing of Arizona, Inc. (Dkt.262); DJM Construction (Dkt.282); ELM Properties, L.L.C. (Dkt.233); Global Experience Specialists, Inc. (Dkt.280); Holsum Bakery, Inc. (Dkt.283); Honeywell International Inc. (Dkt.261); Kinder Morgan, G.P., Inc. (Dkt.279); Laundry & Cleaners Supply Inc. (Dkt.285); Layke, Inc. (Dkt.250); Maricopa County (Dkt.240); Maricopa Community College District, Rio Salado (Dkt.260); Maricopa Land & Cattle Company (Dkt.257); Milum Textile Services Co. (Dkt.270); Nucor Corporation (Dkt.272); Osborn Products, Inc. (Dkt.249); Penn Racquet Sports, Inc. (Dkt.235); Phoenix Heat Treating, Inc. (Dkt.266); Phoenix Industrial Properties (Dkt. 235); Phoenix Newspapers, Inc. (Dkt.271); Praxair, Inc. (Dkt.273); Prudential Overall Supply (Dkt.257); Rexam Beverage Can Company (Dkt.228); Salt River Project Agricultural Improvement and Power District (Dkt.276); Sav-Trac of Arizona, Inc. (Dkt.286); Schuff Steel Company (Dkt.237); Sheet Metal Fabricating Specialists, LLC (Dkt.264); Sunbelt Investment Holdings, Inc. (Dkt.244); Times Fiber Communications, Inc. (Dkt.238); Union Pacific Railroad Company (Dkt.231); Univar USA Inc. (Dkt.274); URS Southwest, Inc. (Dkt.251); West Monroe, Property, Inc. (Dkt.229); and World Resources Company (Dkt.288) (collectively, the "Joining Parties").

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

a matter of law—the precise and only basis advocated by Dolphin and the Joining Defendants. Therefore, this Court cannot grant the relief sought in the Motion, and should deny it on the grounds set forth in *Whittlestone.*

Even assuming the Court could consider Dolphin's Motion, RID has properly requested and is entitled to an award of attorneys' fees pursuant to CERCLA under the Supreme Court's holding in *Key Tronic Corp. v. United States*, 511 U.S. 809, 820 (1994), for its attorneys' work closely tied to the actual cleanup of the environmental contamination of its wells. With respect to RID's claim for relief under CERCLA, Dolphin asserts that RID is seeking a present award of future damages related to necessary response costs yet to incurred. This mistates the relief sought under the First Amended Complaint ("FAC") (Dkt.10). The plain terms of the FAC make clear, and RID affirms in this filing, that it seeks only a present award of damages related to necessary response costs it has already incurred, and a declaration of liability for future necessary response costs. CERCLA expressly authorizes both types of relief, and Dolphin has not argued otherwise.

## II.   STANDARD OF REVIEW

Under Rule 12(f), the Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The grounds for a motion to strike pursuant to Rule 12(f) must appear on the face of the complaint, which the court must view in the light most favorable to the pleader. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Motions to strike are regarded with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice. *Benham v. Am. Servicing Co.*, 2009 WL 4456386, *8 (N.D. Cal. 2009). Striking pleadings is only appropriate where allowing the improper matter to linger in the pleadings will prejudice the moving party. *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004).

. . .

. . .

2

## III.  DISCUSSION

### A.  <u>The Court cannot strike RID's claims for damages and fees under Dolphin's Rule 12(f) Motion.</u>

Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone*, 618 F.3d at 973.[2] "The function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotations and internal alterations omitted), *rev'd on other grounds*, 520 U.S. 517 (1994)).  Under Ninth Circuit case law, the interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's "plain meaning." *Id.* (citing *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002)).  Thus, the Court must begin its analysis by determining whether RID's claims for attorneys' fees, an award of response costs, a declaration of liability for future incurred response costs, and damages are: (1) insufficient defenses; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.* at 973-74.

Dolphin makes no attempt to claim that any portion of RID's FAC fits within any of these categories.  Dolphin Br. at 2 (Dkt.204) (arguing instead that RID's claims for costs, damages, and attorneys' fees are not recoverable as a matter of law).  Nevertheless, RID briefly addresses the Rule 12(f) standard.  As in *Whittlestone*, it is clear that none of the five categories apply to the allegations in the FAC.  First, RID's claims for costs, damages, and fees are clearly not insufficient defenses; they are not defenses.  Second, RID's claims for costs, damages, and fees are not redundant.  Although RID has asserted a prayer for relief for each count in the FAC, it can hardly be said that this is redundant.  The prayer for relief for each count is consistent and designed to put Dolphin and the

---

[2] It is troubling that neither Dolphin nor the Joining Parties identified or cited the *Whittlestone* decision to the Court, as it is controlling on the sole basis of the Motion.

Joining Parties on notice of the type of costs, damages, and fees that RID intends to seek at trial for each count. Third, RID's claims for costs, damages, and fees are not immaterial because whether they are recoverable relates directly to RID's underlying claims for relief. *Id.* at 974 (citing *Fogerty*, 984 F.2d at 1527 ) (an "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead") (internal quotation omitted). Fourth, RID's claims for costs, damages, and fees are not impertinent because whether they are recoverable pertains directly to the harm being alleged by RID. *Id.* (citing *Fogerty*, 984 F.2d at 1527) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") (quotation marks and citation omitted)). Finally, RID's claims for costs, damages, and fees are not scandalous, as there is nothing scandalous about seeking them for the remediation of environmental contamination.

As noted, despite stating the Rule 12(f) standard and failing to apply it, Dolphin nevertheless argues that RID's claims for attorneys' fees and an alleged present award of future response costs under CERCLA should be stricken from the FAC because it claims that such costs, damages, and fees are precluded as a matter of law. Dolphin Br. at 2 (Dkt. 204). Thus, Dolphin's Rule 12(f) motion is essentially an attempt to have certain portions of RID's FAC dismissed, or to obtain summary judgment against RID as to those portions of the FAC. *Whittlestone*, 618 F.3d 974 (*comparing Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'") (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, at 782 (1969), *with Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints....")). This use of Rule 12(f) is improper and not allowed. *Id*.

As the *Whittlestone* court reasoned, were the Court to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading as a matter

of law (as Dolphin asks the Court to do), the Court would be creating redundancies within the Federal Rules of Civil Procedure because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose. *Id.* Additionally, Rule 12(f) motions are reviewed for an "abuse of discretion," *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000), whereas Rule 12(b)(6) motions are reviewed *de novo*, *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998). *Whittlestone*, 618 F.3d at 974. Thus, if a party could seek dismissal of a pleading under Rule 12(f) as a matter of law, the Court's action would be subject to a different standard of review than if the Court had adjudicated the same action under Rule 12(b)(6). Applying different standards of review on appeal, when the Court's underlying action is the same, is improper and disallowed. *Id.* To avoid these results, the Ninth Circuit held that Rule 12(f) should not, and cannot, be utilized to strike portions of pleadings, based not on the categories set forth in Rule 12(f), but as a matter of law. Consequently, the Motion must be denied in its entirety.[3]

**B.** **Even if the Court were to consider the merits of Dolphin's Motion, RID is entitled to recover attorneys' fees from Dolphin under CERCLA.**

**1.** **RID is entitled to recover its attorneys' fees under CERCLA.**

CERCLA permits recovery of "any . . . necessary costs of response . . . incurred consistent with the national contingency plan." 42 U.S.C. § 9607(a)(4)(B). The Supreme Court addressed whether attorneys' fees are recoverable response costs in *Key Tronic*. In determining the types of necessary costs recoverable under CERCLA, the Supreme Court held that attorneys' work that is "closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)." *Key*

---

[3] Honeywell also filed a Rule 12(f) Motion to Strike certain allegations in the FAC regarding its CERCLA liability relating to its improper disposal of petroleum (Dkt. 261). For the reasons set forth in *Whittlestone* and in RID's Consolidated Response Regarding Petroleum Exclusion and Rule 12(e), which is incorporated herein by reference, Honeywell's Motion also fails.

*Tronic*, 511 U.S. at 820. For example, the Supreme Court stated that such costs may include "work performed in identifying other [potentially responsible parties] ("PRPs")," because such work could also be "performed by engineers, chemists, private investigators, or other professionals who are not lawyers." *Id.* ("tracking down other responsible solvent polluters increases the possibility that a cleanup will be effective and get paid for" which "significantly benefit[s] the entire cleanup effort and serve[s] a statutory purpose").

Conversely, the Supreme Court held that fees incurred as "litigation expenses" or "in pursuing litigation" are not properly included in recoverable CERCLA costs. *Id.* For example, recoverable costs did not include "legal services performed in connection with the negotiations between Key Tronic and the EPA that culminated in the consent decree," or "[s]tudies that Key Tronic's counsel prepared or supervised during those negotiations" because such work "protect[ed] Key Tronic's interests as a defendant in the proceedings that established the extent of its liability." *Id.* at 820. "As such, these services do not constitute 'necessary costs of response' and are not recoverable under CERCLA." *Id.*

In its Motion, Dolphin moves to strike RID's request for attorneys' fees in its *entirety*. In doing so, Dolphin correctly notes that RID is not allowed to recover its attorneys' fees incurred as a litigation expense under *Key Tronic*.[4] RID does not intend to seek such attorneys' fees from Dolphin and the Joining Parties. Instead, RID seeks only the attorneys' fees from Dolphin and the Joining Parties consistent with *Key Tronic* and its progeny. As noted, these attorneys' fees include those that are closely tied to the actual cleanup of RID's wells, which RID has incurred and constitute a necessary cost of

---

[4] The prayer for relief at issue under RID's CERCLA claim states: "For RID's reasonable costs and attorneys' fees incurred as a result of having to bring this action; and . . . ." FAC p. 30. Dolphin's Motion centers on the term "incurred as a result of having to bring this action." Although unnecessary, RID concedes that this phrase could be stricken, although it would not change or impact the relief sought by RID. The remainder of the request for relief correctly seeks fees and damages allowable under *Key Tronic* and its progeny.

1    response under the terms of § 107(a)(4)(B).  *Id.*; *see* FAC ¶ 114.  Thus, consistent with

2    *Key Tronic*, RID intends to seek attorneys' fees and costs associated with, among other

3    things, identifying the Defendants as PRPs, because such work will significantly benefit

4    the entire cleanup effort of RID's wells.  Because RID is entitled to seek and recover

5    some of its attorneys' fees from Dolphin and the Joining Parties under *Key Tronic*, RID's

6    request for attorneys' fees should not be stricken.[5]

7         Finally, contrary to Dolphin's suggestion, since the Supreme Court's decision in

8    *Key Tronic*, numerous courts have allowed parties like RID recovery costs and attorneys'

9    fees from PRPs like Dolphin and the Joining Parties.  For example, courts have allowed

10   parties to recover attorneys' fees related to PRP searches and investigations of the

11   financial status of PRPs;[6] attorneys' fees related to work tied to cleanups of

12   environmental contamination;[7] attorneys' fees related to discussions with a client

13   regarding additional site work, site cleanup matters, site visits to review the cleanup, and

14   conferences with technical staff;[8] attorneys' fees related to investigatory efforts to

15

16   _____

17   [5]  RID also notes that the relief sought by Dolphin and Joining Parties is not necessary
     because they will have an opportunity to challenge RID's request for attorneys' fees later
18   in the proceeding.  *See, e.g.*, Fed. R. Civ. P. 54.

19   [6]  *See, e.g.*, *United States v. Atlas Minerals and Chem., Inc.*, 41 E.R.C. 1417 (E.D. Pa.
     1995); *In re Combustion, Inc.*, 968 F. Supp. 1112 (W.D. La. 1996); *Price v. United*
20   *States*, 1995 WL 447366 (S.D. Cal. March 1, 1995); *Ekotek Site PRP Comm. v. Self*,
     1998 WL 164891 (D. Utah March 18, 1998); *Franklin Cnty. Convention Fac. v. Am.*
21   *Premier Underwriters, Inc.*, 240 F.3d 534 (6th Cir. 2001); *City of Wichita v. Trs. of Apco*
     *Oil Corp. Liquidating Trust*, 306 F. Supp. 2d 1040 (D. Kan. 2003).
22
     [7]  *Union Carbide Corp. v. Thiokol Corp.*, 890 F. Supp. 1035 (S.D. Ga. 1994); *Nutrasweet*
23   *Co. v. X-L Eng.*, 926 F. Supp. 767 (N.D. Ill. 1996); *Sealy Conn. Inc. v. Litton Indus. Inc.*,
24   93 F. Supp. 2d 177 (D. Conn. 2000); *Vill. of Milford v. K-H Holding Corp.*, 390 F.3d 926
     (6th Cir. 2004).
25
     [8]  *In re Combustion, Inc.*, 968 F. Supp. 1112; *Bancamerica Commercial Corp. v. Trinity*
26   *Indus.*, 900 F. Supp. 1427 (D. Kan. 1995), *aff'd in part, rev'd in part on other grounds*,
27   100 F.3d 792 (10th Cir. 1996).

28
                                         7

identify contaminants on the property;[9] and attorneys' fees related to investigating contamination which leads to identification of other responsible solvent polluters.[10]  RID has incurred these precise types of costs, expenses, and attorneys' fees relating to the contamination of its wells. FAC ¶¶ 13, 96, 100-105, 114.  These cases and authorities collectively demonstrate that RID is entitled to seek such costs, expenses, and attorneys' fees from Dolphin and Joining Parties and that its prayer for relief and request for attorneys' fees is proper under CERCLA and should not be stricken.

### 2. Attorneys' fees under state law claims.

While RID reiterates that Dolphin's Motion is improper under *Whittlestone*, and thus should be denied, it concedes that based on the record at this stage in the proceeding that RID is not entitled to attorneys' fees under its state law claims as currently pled in the FAC.

### C. Even if the Court were to consider the merits of Dolphin's Motion, RID is entitled to recover response costs it has already incurred, and its entitled to declaratory judgment on liability for its response costs incurred in the future.

Finally, Dolphin requests that the Court strike RID's alleged claim for a present award of future response costs under CERCLA.  Dolphin Br. at 2-4 (Dkt.204).  As explained below, however, RID has not made a claim for a present award of future response costs.  Apparently, Dolphin misreads Paragraphs 114 and 116 of the FAC for the proposition that RID is seeking a present award of future relief.  Those paragraphs provide:

. . .

. . .

---

[9]  *In re Combustion, Inc.*, 968 F. Supp. 1112; *Johnson v. James Langley Operating Co.*, 226 F.3d 957 (8th Cir. 2000); *Hook v. Lockheed Martin Corp.*, 42 F. Supp. 2d 976 (C.D. Cal. 1998).

[10]  *Control Data Corp. v. S.C.S.C. Corp.*, 53 F.3d 930 (8th Cir. 1995).

8

114. RID **has incurred over $2,000,000 in necessary costs of response** to date and *expects to incur over $40,000,000 in necessary costs of response in the future* in responding to the contamination of its wells and completing the work set forth in the ERA.

116. Each Defendant identified in Paragraphs 17 through 88 of this First Amended Complaint **is jointly and severally liable** under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), **for the response costs RID has incurred**, and each *Defendants is jointly and severally liable for all future costs RID may incur* that are not inconsistent with the NCP.

FAC ¶¶ 114, 116 (emphasis added). As the language of the FAC makes clear, RID clearly distinguishes between those costs it has incurred (bold language), and those it expects to incur in the future (italicized language). RID's breakdown between past incurred and future to-be incurred costs is consist with its prayer for relief under its CERCLA claim, which, in relevant part, requests an entry of judgment:

A. For the **costs RID has incurred responding to the releases** or threatened releases of hazardous substances from the facilities owned and/or operated or formerly owned and/or operated by the Defendants, with interest from the date of expenditure;
[and for]
B. *Declaring* each Defendant jointly and severally liable *for all future costs RID will incur* in responding to the releases or threatened releases of hazardous substances from the facilities owned and/or operated or formerly owned and/or operated by the Defendants; . . . .

*Id.* At p. 30 (emphasis added). Importantly, RID's prayer for relief accurately states the relief that is available to it under CERCLA. That is, RID is entitled to recover the response costs it has already incurred associated with the cleanup of the contamination of its wells and groundwater. 42 U.S.C. § 9607(a). And, RID also is entitled to a declaration of liability for future-to-be-incurred response costs associated with the cleanup of the contamination of its wells and groundwater. *Id.* § 9613(g)(2)(B).

1   Dolphin does not dispute that RID is entitled to both kinds of relief if it succeeds on its

2   claims, nor does it challenge or seek to strike the prayer for relief in RID's CERCLA

3   claim from the FAC.  Ultimately, it appears that Dolphin's entire argument on this point,

4   including all the case law cited, was premised on a misreading of RID's FAC.  Because

5   RID is not seeking what Dolphin claims, and is seeking precisely what is authorized

6   under CERCLA, Dolphin's Motion must be denied.

7   **IV.     CONCLUSION**

8           For the foregoing reasons, the Motion should be denied.

9

10          RESPECTFULLY SUBMITTED this 12th day of November, 2010.

11                                                          GALLAGHER & KENNEDY, P.A.

12

13                                          By */s/* Michael K. Kennedy

14                                                  Michael K. Kennedy
                                                    Bradley J. Glass

15                                                  GALLAGHER & KENNEDY, P.A.
                                                    2575 East Camelback Road

16                                                  Phoenix, Arizona 85016-9225

17                                                  *Attorneys for Plaintiff Roosevelt*
                                                    *Irrigation District*

18

19

20

21

22

23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3

4      I hereby certify that on November 12, 2010, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice

5   of Electronic Filing to the following CM/ECF registrants:

6   Honorable Mary H. Murguia

7   United States District Court, District Court of Arizona

8   Craig Carson Hoffman
    David John Armstrong
9   Ballard Spahr LLP
    1 E Washington St
10  Ste 2300
    Phoenix, AZ 85004-2555
11  602-798-5437
    Fax: 602-798-5595
12  Email: hoffmanc@ballardspahr.com
13          armstrongd@ballardspahr.com
    Attorneys for Salt River Project
14          Agricultural Improvement and Power District

15

16  Christopher L Callahan
    Scott K Ames
17  Phillip F Fargotstein
    William Lee Thorpe
18  Fennemore Craig PC
    3003 N Central Ave
19  Ste 2600
    Phoenix, AZ 85012-2913
20  602-916-5000
    Fax: 602-916-5510
21
22  Email: ccallahan@fclaw.com
            sames@fclaw.com
23          pfargotstein@fclaw.com
            wthorpe@fclaw.com
24  Attorneys for Kinder Morgan, G.P., Inc., Nucor Corp.,
25          BNSF Railway Corp., BP West Coast Products, LLC

26

27

28

1 Stephen D Hoffman
2 Lewis Brisbois Bisgaard & Smith LLP
  2929 N Central Ave
3 Ste 1700
  Phoenix, AZ 85012
4 602-385-1040
5 Fax: 602-385-1051
  Email:  shoffman@lbbslaw.com
6 Attorney for Maricopa County

7 Shane R Swindle
8 Jack Adam Vincent
  Michael T Liburdi
9 Tawn T Pritchette
10 Perkins Coie Brown & Bain PA
  PO Box 400
11 Phoenix, AZ 85001-0400
  602-351-8000
12 Fax: 602-648-7184
13 Email: SSwindle@perkinscoie.com
         jvincent@perkinscoie.com
14       mliburdi@perkinscoie.com
         TPritchette@perkinscoie.com
15 Attorneys for Corning Inc.

16 Jerry Doyle Worsham II
17 Gammage & Burnham PLC
  2 N Central Ave
18 18th Floor
  Phoenix, AZ 85004
19 602-256-4452
20 Email: jworsham@gblaw.com
  Attorney for ArvinMeritor, Inc., and Cooper Industries, LLC,
21       Penn Racquet Sports Incorporated, Schuff Steel Company

22 David V. Seyer
23 Law Offices of David V. Seyer
  1761 E. McNair Dr., Ste. 102
24 Tempe, AZ  85283
25 480-829-9400
  Email: David.Seyer@azbar.org
26 Attorney for Schuff Steel Company

27

28
                                    12

Joshua S Akbar
SNR Denton US LLP
2398 E Camelback Rd
Suite 1100
Phoenix, AZ 85016-9016
602-508-3900
Fax: 602-508-3914
Email: Joshua.akbar@snrdenton.com

Jeffrey C Fort
SNR Denton US LLP
233 S Wacker Dr
Ste 7800
Chicago, IL 60606-6404
312-876-2380
Fax: 312-876-7934
Email: jfort@sonnenschein.com
        jakbar@sonnenschein.com
Attorneys for D-Velco Manufacturing of Arizona, Inc.

Robert Gerald Schaffer
Carla A Consoli
Matthew Glenn Bingham
Lewis & Roca LLP
40 N Central Ave
Phoenix, AZ 85004-4429
602-262-0271
Fax: 602-734-3777
Email: Rschaffer@lrlaw.com
        cconsoli@lrlaw.com
        mbingham@lrlaw.com
Attorneys for Maricopa Land and Cattle Co., and Prudential Overall Supply

C Scott Spear
Michelle R Lambert
US Dept of Justice
PO Box 23986
Washington, DC 20026-3896
202-305-1593
Email: scott.spear@usdoj.gov
        michelle.lambert@usdoj.gov
Attorneys for the United States Departments of Defense and Energy

13

1

2

3

4

5

6
Scott Thomas Ashby
Bolliger Law Offices
2415 E Camelback Rd
Ste 700
Phoenix, AZ 85016
602-799-2729
Fax: 480-393-4720
Email: stashby@gmail.com
Attorney for World Resources Company

7

8

9

10

11

12
Andrew Torrant, Esq.
Eva Fromm O'Brien, Esq.
Fulbright & Jaworski LLP
1301 McKinney
Houston, TX 77010
Email: atorrant@fulbright.com
        eobrien@fulbright.com
Attorneys for YRC, Inc.

13

14

15

16

17

18
Howard M Shanker
The Shanker Law Firm PLC
700 E Baseline Rd
Bldg B
Tempe, AZ 85283
480-838-9460
Fax: 480-838-9433
Email: howard@shankerlaw.net
Attorney for Action Fabricating of Arizona Inc., Rexam Beverage Can Company

19

20

21

22

23
John R. Tellier
Titus Brueckner Levine & Johnson PC
8355 E. Hartford Dr.
Suite 200
Scottsdale, AZ 85255
480-483-9600
Fax: 480-483-3215
Email: jtellier@tblj-law.com

24

25

26

27

28

14

1    Carl H. Helmstetter
2    Spencer Fane Britt & Browne LLP
     100 Walnut
3    Suite 1400
     Kansas City, MO  64106-2140
4    816-474-8100
5    Fax: 816-474-3216
     Email: chelmstetter@spencerfane.com
6    Attorneys for Alcatel-Lucent USA Incorporated

7    Troy Blinn Froderman
8    Mitchell J Klein
     Jonathan Grant Brinson
9    Anthony W Merrill
     Polsinelli Shughart PC
10   1 East Washington St.
11   Suite 1200
     Phoenix, AZ  85004
12   602-650-2000
13   Fax: 602-264-7033
     Email: tfroderman@polsinelli.com
14          mjklein@polsinelli.com
            jbrinson@polsinelli.com
15          amerrill@polsinelli.com
16   Attorneys for Dolphin Incorporated, Brake Supply Company Incorporated,
            ELM Properties LLC, Phoenix Manufacturing Incorporated, West Monroe
17          Property, Inc.

18   Joseph Allen Drazek
19   Michael Shawn Catlett
     Brian Alexander Howie
20   Quarles & Brady LLP
21   2 N Central Ave
     Phoenix AZ  85004-2391
22   602-229-5200
23   Fax: 602-229-5690
     Email: jdrazek@quarles.com
24          michael.catlett@quarles.com
            brian.howie@quarles.com
25   Attorneys for Global Experience Specialists Incorporated, Layke Incorporated,
            Maricopa County Community College, Rio Salado Community College, Osborn
26          Products, Phoenix Heat Treating Incorporated, Phoenix Industrial Properties
            Incorporated, Phoenix Newspapers Incorporated, Praxair, Univar USA Incorporated
27

28

                                        15

Mark Allen Erpenbeck
G Van Velsor Wolf, Jr.
Snell & Wilmer LLP
1 Arizona Ctr
400 E Van Buren St
602-382-6000
Fax: 602-382-6070
Email: merpenbeck@swlaw.com
Attorneys for Holsum Baker Incorporated, Laundry & Cleaners Supply
        Incorporated, Sav-Trac of Arizona Incorporated

Mark A McGinnis
Salmon Lewis & Weldon PLC
2850 E Camelback Rd
Ste 200'Phoenix AZ  85016
602-801-9066
Fax: 602-801-9070
Email: mam@slwplc.com

Eric Mason
Sean Morris
Ryan M Nishimoto
Arnold & Porter LLP
777 S. Gigueroa St.
Ste 4400
Los Angeles, CA  90017
213-243-4000
Fax: 212-243-4199
Email: eric.mason@aporter.com
        sean.morris@aporter.com
        ryan.nishimoto@aporter.com

Attorneys for Honeywell International Incorporated

16

Diane Joyce Humetewa
Matthew Luis Rojas
Christopher David Thomas
Squire Sanders & Dempsey LLP
2 Renaissance Sq
1 E Washington St
Ste 2700
Phoenix, AZ  85004
602-528-4000
Fax: 602-253-8129
Email: dhumetewa@ssd.com
        mrojas@ssd.com
        cthomas@ssd.com

Stephen Lawrence Wetherell
Phoenix City Attorneys Office
Civil Division
200 W Washington
Ste 1300
Phoenix, AZ  85003-1611
602-262-6761
Fax: 602-534-2476
Email: Stephen.wetherell@phoenix.gov

Eric Mason
Sean Morris
Ryan M Nishimoto
Arnold & Porter LLP
777 S Figueroa St
Ste 4400
Los Angeles, CA  90017
213-243-4000
Fax: 213-243-4199
Email: eric.mason@aporter.com
        sean.morris@aporter.com
        ryan.nishimoto@aporter.com
Attorneys for City of Phoenix

17

Venessa Joan Bragg
John Albert Elardo
Josh Allen Valdez
The Elardo Law Firm PC
3001 E Camelback Rd.
Ste 130
Phoenix, AZ  85016
602-889-0272
Fax: 602-294-0909
Email: vbragg@elardolaw.com
          jelardo@elardolaw.com
          jvaldez@elardolaw.com
Attorneys for Seven Angels LLC

Brent Howard Bryson
Byrson Law Firm PLC
7227 E Baseline Rd
Ste 114
Mesa, AZ  85209-5006
480-813-0444
Fax: 480-632-2928
Email: brent@brysonlegal.com
Attorneys for Sheet Metal Fabricating Specialists LLC

Monty Lee Greek
Sara Rebecca Witthoft
Zwillinger Greek Zwillinger & Knecht PC
2425 E Camelback Rd.
Ste 600
Phoenix, AZ  85016
602-224-7888
Fax: 602-224-7889
Email: mgreek@zglawgroup.com

Walter Edward Rusinek
Procopio Cory Hargreaves & Savitch LLP
525 B St
Ste 2200
San Diego CA  92101
619-238-1900
Fax: 619-235-0398
Email: walter.rusinek@procopio.com
Attorneys for Sunbelt Investment Holdings Incorporated
and URS Southwest, Inc.

1  John Matthew Derstine
2  Michael W Patten
   Timothy James Sabo
3  Roshka De Wulf & Patten, PLC
   400 E Van Buren
4  Ste 800
5  Phoenix, AZ  85004-3906
   602-256-6100
6  Fax: 602-256-6800
7  Email: mderstine@rdp-law.com
           mpatten@rdp-law.com
8          tsabo@rdp-law.com
   Attorneys for Times Fiber Communications Incorporated,
9          Bill's Cylinder Head Service, Inc.

10 Megan Irwin Lennox
11 William W Pearson
   Bryan Cave LLP
12 2 N Central Ave
13 Ste 2200
   Phoenix, AZ  85004-4406
14 602-364-7000
   Fax: 602-364-8418
15 Email: megan.lennox@bryancave.com
16         wwpearson@bryancave.com
   Attorneys for Union Pacific Railroad Company
17

18 Douglas S Arnold
   Sarah T Babcock
19 Shelly Jacobs Ellerhorst
   Alston & Bird LLP
20 1201 W Peachtree St
21 1 Atlantic Ctr
   Atlanta, GA  30309-3424
22 404-881-7000
   Fax: 404-881-7777
23 Email: doug.arnold@alston.com
24         sarah.babcock@alston.com
           shelly.ellerhorst@alston.com
25 Attorneys for United Parcel Service Incorporated

26

27

28

1

2    David R Cole
     4041 N Central Ave
3    Ste 100
     Phoenix, AZ  85012-0001
4    602-682-6857
     Fax: 602-506-7867
5

6    Jerry W Ross
     Stacey C Wright
7    Pillsbury Winthrop Shaw Pittman LLP
     50 Fremont St
8    PO Box 7880
     San Francisco, CA  94120-7880
9    415-983-1000
     Fax: 415-983-1200
10   Email: jerry.ross@pillsburylaw.com
11   Attorneys for Chevron U.S.A. Inc.

12   Mark J Andersen
     6040 N Seventh St
13   Ste 300
     Phoenix, AZ  85014
14   602-265-6666
     Fax: 602-264-5116
15   Email: mark.andersen@yahoo.com
     Attorney for Milum Textile Services Co.
16

17   Christopher J. Berry
     Katherine R. Branch
18   Berry & Branch, PLLC
     2302 N. Third Street
19   Phoenix, AZ  85004
     602-462-1141
20   Fax: 602-462-1151
     Email: cberry@berryandbranch.com
21           kbranch@berryandbranch.com

22

23

24

25

26

27

28
                                    20

Judith M. Dworkin
Gaye L. Gould
Sacks Tierney P.A.
4250 N. Drinkwater Blvd., 4th Fl.
Scottsdale, AZ  85251-3693
480-425-2600
Email: Judith.Dworkin@SacksTierney.com
          Gaye.Gould@sacksTierney.com

     I hereby certify that on November 12, 2010, I served the attached document by U.S. mail to the following parties who are not registered participants of the CM/ECF System:

AZLT Corporation
Arizona Corporation Commission
1300 West Washington Street
Phoenix AZ 85007

Bakala Investment Properties, L.L.C.
Arizona Corporation Commission
1300 West Washington
Street Phoenix AZ 85007

BDR Liquidating, LLC
Larry C. Schafer
3550 North Central Ave., #1500
Phoenix, AZ 85012

Capital Liquidations, LLC
Lynn Johnson
361 W. Half North
Snowflake, AZ 85937

Century Wheel & Rim Corporation
CT Corporation System
2394 E. Camelback Rd.
Phoenix, AZ 85016

J.T.'s Diesel Repair, Inc.
Nicholas C. Guttilla
5415 E. High Street,  #200
Phoenix, AZ 85054

21

Manco, Inc.
Berj H. Manoogian
9105 E. Pine Valley Road
Scottsdale, AZ 85260

North American Terminals Management, Inc
The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Optifund, Inc.
James E. Brophy
Ryley, Carlock & Applewhite
One North Central Ave. Suite 1200
Phoenix, AZ 85004-4417

Phoenix Vegetable Distributors
EWB Inc.
8283 N. Hayden Suite 100
Scottsdale, Arizona 85258

Research Chemicals Incorporated
Arizona Corporation Commission
1300 West Washington Street
Phoenix AZ 85007

Seaport Petroleum Corporation
Arizona Corporation Commission
1300 West Washington Street
Phoenix, AZ 85007

Southwest Roofing Supply, Inc.
The Prentice-Hall Corporation System, Inc.
32 Loockerman Square Suite L-100
Dover, DE 19901

Walker Power Systems, Inc.
Osborn Maledon PA
2929 N. Central Ave. Suite 2100
Phoenix, AZ 85012-2794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Walker Power Systems, Inc.
1301 East Jackson Street
Phoenix, AZ  85034

Willmore Manufacturing
3030 N 30th Ave
Phoenix, AZ  85017
Defendant Pro Per


By: /s/ Rona Miller____