UNITED STATE DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NJDEP, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>E.I. DUPONT deNEMOURS and CO., INC., et al.,<br><br>                Defendants. | Hon. Renée Marie Bumb, Chief U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J.<br><br>CIV. NO. 19-14758 (RMB/JBC)<br>(Pompton Lakes) |
| NJDEP, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>E.I. DUPONT deNEMOURS and CO., INC., et al.,<br><br>                Defendants. | CIV. NO. 19-14766 (RMB/JBC)<br>(Chambers Works) |

**SPECIAL MASTER ORDER NO. 15**
**(Addressing Defendants' Challenge to**
**Plaintiffs' Deliberative Process Privilege Assertions)**

This matter is before the Special Master ("SM") on defendants' January 24, 2025 Application challenging plaintiffs' deliberative process privilege designations; and the SM having received plaintiffs' February 7, 2025 response, defendants' February 14, 2025 reply, and plaintiffs' February 20, 2025 response to defendants' February 14, 2025 reply, including the Declaration of Kimberly Cahall, which was filed with leave of the SM; and oral argument having been conducted on February 21, 2025; and the SM having read into the record its Oral Opinion

6759749v1

deciding defendants' Application after the completion of oral argument; and this Order intending to memorialize the SM's rulings; and for all the reasons set forth in the SM's Oral Opinion,

IT IS HEREBY ORDERED this 24th day of February, 2025, that defendants' Application is GRANTED in part and DENIED in part; and it is further

ORDERED as follows:

1. Plaintiffs' assertion of the deliberative process privilege as to the 47 documents reviewed by the SM in camera is SUSTAINED except as to the documents identified in paragraph 5 herein.

2. Defendants' assertion that plaintiffs waived their deliberative process privilege by sharing information with third parties such as the EPA and Delaware Riverkeeper Network is DENIED.

3. Defendants' assertion that plaintiffs waived their deliberative process privilege based on the "at issue" and "sufficient need" doctrines as to the NJDEP's documents concerning the "decision-making process related to the adequacy of past, present, and future remedial activities at Chambers Works, as well as compliance with applicable statutes and directives," is DENIED.

4. Defendants' assertion that plaintiffs waived their deliberative process privilege based on the "at issue" and "sufficient need" doctrines as to the NJDEP's documents concerning its "knowledge of and deliberations related to PFAS, including but not limited to NJDEP's knowledge of PFAS's alleged persistence in the environment, impact on natural resources, toxicity, and presence in New Jersey," is GRANTED in part and DENIED in part; and it is further

ORDERED as follows:

5. Plaintiffs shall produce by March 7, 2005, documents pre-dating January 1, 2010, that were withheld on the basis of the deliberative process privilege that address or concern the toxicity, health or other harmful effects of PFAS and related compounds, the persistence of PFAS and related compounds in the environment, and the impact of PFAS and related compounds on natural resources. If plaintiffs have a good faith question about whether a document should be produced, the document shall be produced to the Special Master for an in camera review; and it is further

ORDERED

6. That none of the 47 documents reviewed in camera are responsive to paragraph 5 herein; and it is further

6759749v1

-3-

ORDERED

7.  That defendants' request to redepose plaintiffs' Rule 30(b)(6) witness is DENIED without prejudice. The parties shall meet and confer before addressing any dispute with the Special Master.

By: *s/ Joel Schneider*
Hon. Joel Schneider (Ret.)
Special Master

Dated:  February 24, 2025