

**Bressler AMERY & ROSS**
A PROFESSIONAL CORPORATION

325 Columbia Turnpike
Suite 301
Florham Park, NJ 07932
Tel: 973.514.1200
Fax: 973.514.1660

Donald J. Camerson, II
Principal

Direct: 973.660.4433
djcamerson@bressler.com

February 27, 2025

**Via ECF**
The Honorable Renée M. Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re:   *NJDEP, et al. v. EIDP, Inc., et al.*, No. 19-cv-14766, Response to the Court's February 13, 2025 Letter Order

Dear Chief Judge Bumb:

Defendant 3M Company ("3M") joins the DuPont defendants' response to the questions posed by the Court in its February 13, 2025 Letter Order (Dkt. 514).

3M writes separately to raise for the Court's consideration an additional issue relevant to the Court's order on Phase I of the trial. Plaintiffs' election to defer until the second phase of trial their negligence claim as to certain defendants—despite having asserted a negligence claim against all defendants—does not inhibit or prejudice 3M's right to seek apportionment to all relevant parties, including, as may be appropriate, the Phase II defendants, on the verdict form in the event liability (which is disputed) is found by the trier of fact.

New Jersey law provides that apportionment applies to claims "based on negligence." *Liberty Ins. Corp. v. Techdan, LLC*, 289 A.3d 429, 441 (N.J. 2023) (citing N.J.S.A. § 2A:15-5.2(a) (Comparative Negligence Act)); *see also* N.J.S.A. §§ 2A:53A-1 to 2A:53A-5 (New Jersey Joint Tortfeasors Contribution Law) (joint tortfeasor entitled to contribution for any "excess" damage award over "pro-rata share"); *Krzykalski v. Tindall*, 181 A.3d 981, 986 (N.J. 2018) (holding that these statutes provide the "statutory framework for the allocation of fault when multiple parties are alleged to have contributed to the plaintiff's harm," whether in negligence or strict liability). The Comparative Negligence Act specifically provides that the trier of fact must find "[t]he extent, in the form of a percentage, of each party's negligence or fault. The percentage of negligence or fault of each party shall be based on 100% and the total of all percentages of negligence or fault of all the parties to a suit shall be 100%." N.J.S.A. § 2A:15–5.2(a)(2). Thus, Plaintiffs' tort claims are subject to apportionment among parties to the case. *See, e.g.*, *Town of Kearny v. Brandt*, 67 A.3d 601, 615–17 (N.J. 2013) (The factfinder is to evaluate "the fault of all potentially responsible parties," including any "defendant [who] ceases to participate in the case by virtue of a settlement").



February 27, 2025
Page 2

    It is therefore critical that Phase I include fault-allocation evidence and an apportionment-of-fault verdict-form question so that any damages determination is made in light of a complete record and only after an opportunity for the fact finder to divide any responsibility among all relevant parties. Moreover, just as this Court observed that any Phase I findings are not binding on absent Defendants (Feb. 11 Hr'g Tr. at 98:24–99:2), the same must be true of any findings or apportionment that may occur in Phase II, where 3M will not be a party.

    We would be pleased to discuss these issues with the Court during the anticipated May 12, 2025 conference to address the Joint Final Pretrial Order, jury charges and other trial issues, or at the Court's convenience.

    Respectfully submitted,

    */s/Donald J. Camerson, II*
    Donald J. Camerson, II

cc:    All counsel of record (via ECF)