**McCarter & English**

Lanny Kurzweil
Partner

T. 973-639-2044
F. 973-624-7070

lkurzweil@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry St.
Newark, NJ 07102

www.mccarter.com

May 4, 2025

VIA ECF

The Honorable Renee M. Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re:   NJDEP, et al. v. EIDP, Inc., et al., No. 19-cv-14766 – Questions on Trial Logistics

Dear Chief Judge Bumb:

At Judge Schneider's suggestion, we write (with the parties' consent and joinder) to request the Court's guidance on several issues regarding the bench trials covered in the parties' upcoming Pretrial Order (pertaining to the Spill Act, Brownfield Act, and Water Pollution Control Act liability, CRACO, and government contractor defense). Counsel as to the Fraudulent Transfer bench trial and the ISRA bench trial are conferring on how best to handle evidentiary overlap between the FT and ISRA trials and/or between the trials covered by the first and second Pretrial Orders, and will reach out to the Court with any questions or proposals specific to those trials once they are further along in their separate Pretrial Order process. The parties' questions as to the bench trials covered by the first Pretrial Order are as follows:

1. Will the Court allow a brief opening and/or closing statement for each of the bench trials, and if so, for how long?

2. Will evidence admitted in one bench trial be part of the evidentiary records for the subsequent bench trials?

3. For witnesses disclosed in multiple bench trials, would the Court prefer that such witnesses testify in the first bench trial in which they are called on all issues for which they have relevant testimony (including testimony related to subsequent trials) or to testify separately in each bench trial on the issues relevant to that specific trial?

    o As to this issue, the State notes that it has several fact and expert witnesses that will testify to the discharges of - and/or the responsibility for - hazardous substances and pollutants of EIDP, Chemours and/or 3M at and from Chambers Works under the Spill Act, Brownfield Act, and Water Pollution Control Act claims to be addressed in trials 1, 2 and 3. Would the Court prefer that such witnesses appear and testify once

May 4, 2025
Page 2

    (during bench trial 1) or that the witnesses come back and testify again during bench trial 2 and/or trial 3? Some of these experts are coming from out-of-state (e.g., California, Washington State, and Massachusetts), and much of the testimony would be duplicative if it is necessary for them to provide the same testimony as to trials 1, 2 and 3 (recognizing that trials 4, 5 and 6 are of a different nature and likely several weeks apart).

- As to this issue, Defendants note that allowing witnesses to testify in bench trials on matters unrelated to that particular bench trial threatens to collapse the structure outlined in the Court's April 22, 2025 Order. Accordingly, Defendants propose that the parties be prohibited from entering any evidence or testimony in any bench trial that is unrelated to that bench trial. Defendants recognize that testimony or evidence introduced in one bench trial may be relevant to a later bench trial and agree that purely duplicative evidence and testimony need not be presented more than once.

- The parties want to be efficient with the Court's time and also make certain that we are focusing and presenting the issues for trial as the Court would prefer.

- The parties note that this question has potential implications for the allocation of time to and in the first mini trial.

4. How would the Court prefer to handle anticipated evidentiary issues and motions in limine (e.g., whether the Court prefers briefing of any kind either before or at trial, whether the Court would like a list of anticipated evidentiary issues in advance of trial, etc.)?

5. If the parties agree to joint exhibits, will those exhibits be automatically moved to evidence at the start of trial? Similarly, if the parties agree to stipulations of facts not in dispute, will those be entered into the record at the commencement of the first trial?

6. How would the Court prefer to handle exhibits to be used at trial (e.g., would the Court prefer electronic exhibits or paper exhibits, or both)?

7. How does the Court prefer to handle challenges to expert admissibility (e.g., whether those challenges should be preserved through the Joint Pretrial Order, whether the Court prefers briefing of any kind either before or at trial, whether the Court intends for the parties to voir dire opposing experts prior to cross-examination, etc.)?

8. How would the Court prefer to review deposition designations (e.g., whether the Court prefers to review transcripts in camera, or have testimony read live and/or watch videos of the depositions (when available) at trial) and rule on counters, objections and associated exhibits (e.g. whether the Court

May 4, 2025<br>
Page 3

    prefers to rule on these issues before May 19 or at trial on a rolling basis based on the order of witnesses)?

9. When would the Court like the parties' submissions of findings of fact and conclusions of law following each bench trial?  Does the Court intend to have a break between each bench trial to allow for the preparation of findings of fact and conclusions of law (and if so, for how long)?

Resolution of these logistical issues prior to May 19 will help the parties and the Court prepare for the upcoming bench trials, allocate resources accordingly over the coming weeks, and ensure that we are respectful of and efficient with the Court's time and resources.

The parties would appreciate the Court's guidance and, if necessary, are available at the Court's convenience for a remote or in-person conference to discuss these matters.

Respectfully submitted,

/s/ *Lanny Kurzweil*

Lanny Kurzweil
McCarter & English LLP

/s/ *Ann Marie Duffy*

Ann Marie Duffy
Hollingsworth LLP

cc: Judge Joel Schneider (via ECF and email)