# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., | Case No. 1:19-cv-14766-RMB |
| Plaintiffs, | Bench Trial No. 1 |
| v. | |
| E.I. DU PONT DE NEMOURS AND COMPANY, et al., | |
| Defendants. | |

## <u>JOINT FINAL PRETRIAL ORDER</u>

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Final Pretrial Order shall govern the conduct of the first "mini" trial of this case (Dkt. 613). Consistent with Case Management Order No. 8 and the Special Master's instructions during the May 6, 2025 final pretrial conference, this Final Pretrial Order addresses only the trial of liability under Count 1 (Spill Act) and Count 4 (Brownfield and Contaminated Site Remediation Act) of the Third Amended Complaint against Defendants EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company ("EIDP") and 3M Company ("3M"). Separate Pretrial Orders will be entered regarding the remaining claims and issues. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.

**APPEARANCES.** Counsel for the parties are listed in **<u>Exhibit 1</u>**.

## INDEX OF EXHIBITS AND APPENDICES.

| Exhibit | Final Pretrial Order Section | Description |
|---|---|---|
| 1 | p. 1 | Counsel list |
| 2 | Part II | Stipulated facts |
| 3A | Part V(A) | Plaintiffs' witnesses and summary of their testimony, and Defendants' objections |
| 3B | Part V(B) | EIDP's witnesses and summary of their testimony, and Plaintiffs' objections |
| 3C | Part V(B) | 3M's witnesses and summary of their testimony, and Plaintiffs' objections |
| 4A-1 4A-2 4A-3 4A-4 4A-5 | Part VI | Plaintiffs' deposition designations |
| 4B-1 4B-2 4B-3 4B-4 | Part VI | EIDP's deposition designations |
| 4C-1 4C-2 4C-3 | Part VI | 3M's deposition designations |
| 5A | Part VII | Plaintiffs' experts and Defendants' objections to the qualifications of Plaintiffs' experts and admissibility of Plaintiffs' expert opinions |
| 5B | Part VII | EIDP's experts and Plaintiffs' objections to the qualifications of EIDP's experts and admissibility of EIDP's expert opinions |
| 5C | Part VII | 3M's experts and Plaintiffs' objections to the qualifications of 3M's experts and admissibility of 3M's expert opinions |

| Exhibit | Final Pretrial Order Section | Description |
|---|---|---|
| 6A | Part VIII(A) | Plaintiffs' exhibits [To be filed on 5/14 per email order from Special Master Judge Schneider] |
| 6B | Part VIII(B) | EIDP's exhibits [To be filed on 5/14 per email order from Special Master Judge Schneider] |
| 6C | Part VIII(B) | 3M's exhibits [To be filed on 5/14 per email order from Special Master Judge Schneider] |
| 7A | Part IX(A) | Plaintiffs' statement of legal issues |
| 7B | Part IX(B) | EIDP's statement of legal issues |
| 7C | Part IX(B) | 3M's statement of legal issues |
| Appendix | Final Pretrial Order Section | Description |
| A | Part VII | Curriculum vitae of Plaintiffs' experts |
| B | Part VII | Curriculum vitae of EIDP's experts |
| C | Part VII | Curriculum vitae of 3M's experts |

## PART I.     JURISDICTION AND BRIEF SUMMARY OF THE CASE

1.     Familiarity with the subject matter of the case is presumed.  This first mini-trial is addressed to Plaintiffs' Count 1 (Spill Act) and Count 4 (Brownfield and Contaminated Site Remediation Act) claims in the Third Amended Complaint against EIDP and 3M. The trial is as to liability only.

2.     The jurisdiction of the Court is not disputed and is based on 28 U.S.C. § 1442(a).

## PART II.    **STIPULATED FACTS**

3.    Stipulated facts agreed upon by the parties are listed in **Exhibit 2**.  The parties may move to have the stipulated facts admitted into evidence at the commencement of trial.

## PART III.    **PLAINTIFFS' CONTESTED FACTS**

4.    The historic operations of EIDP at the Chambers Works site ("Chambers Works" or the "Facility");

5.    Discharges of various contaminants and hazardous substances, including but not limited to PFOA;

6.    EIDP and 3M's knowledge of the environmental and human health risks posed by PFOA;

7.    The nature and extent of 3M's relationship with EIDP , including with respect to 3M's dealings with Chambers Works;

8.    3M's understanding that EIDP's use of the PFOA it purchased from 3M could and did cause PFOA contamination at and from EIDP's manufacturing facilities;

9.    3M's knowledge regarding the Chambers Works WWTP, including its ability to treat PFOA and/or PFOS and 3M's shipment of PFOA and/or PFOS-containing waste for disposal at Chambers Works;

10.    EIDP and 3M's nondisclosure, or delayed disclosure, to the State of the risks posed by PFOA;

11.    The nature and extent of EIDP's investigation of on-site and off-site contamination;

12.    The scope of such contamination; and

13.    EIDP's dealings with the State.

**PART IV.    DEFENDANTS' CONTESTED FACTS**

      **A.    Contested Facts Common to EIDP and 3M**

14.    Plaintiffs' knowledge regarding EIDP's historic operations at the Chambers Works Site and discharges of various contaminants, including but not limited to PFOA and other PFAS.

15.    Plaintiffs' knowledge of the nature and extent of remediation at the Facility undertaken by EIDP.

16.    Plaintiffs' knowledge of the nature and extent of EIDP's investigation of on-site and off-site contamination, including PFOA.

17.    Plaintiffs' knowledge of the scope of such contamination.

18.    Plaintiffs' knowledge of the extent and efficacy of remediation already performed at the Facility and off-site.

19.    Plaintiff's knowledge of the remediation activities and methods required to clean up the existing contamination on-site and off-site.

20.     Plaintiffs' knowledge of what EIDP and 3M knew about PFAS.

21.     Plaintiffs' knowledge of the alleged environmental and human health risks of PFAS.

22.     Plaintiffs' release of EIDP from future liability based on prior investigations, remediation, and conclusions that no further action was required with respect to certain Site locations and discharges, and/or any waiver of plaintiffs' right to bring such claims.

23.     Plaintiffs' permitting of discharges.

### B.     Contested Facts Specific to 3M

24.     Plaintiffs' knowledge of 3M's sales of PFAS to EIDP for use at the Facility.

25.     The nature and content of waste associated with 3M that may have been shipped to the Facility as well as 3M's knowledge of the shipments.

26.     Whether 3M products are among the contaminants found at Chambers Works or in the area surrounding the Facility.

27.     The nature and content of waste associated with 3M that is among the alleged contaminants found at Chambers Works or in the area surrounding Chambers Works.

28.     Whether 3M had knowledge of activities at Chambers Works that allegedly caused contamination at the Facility or in the area surrounding the Facility.

6

**PART V.**      **WITNESSES AND SUMMARY OF TESTIMONY**

29.      Only the witnesses whose names are listed in this section of the Final Pretrial Order will be permitted to testify at the time of trial, absent a showing of good cause. For each witness listed, there must be a description of their testimony and a statement as to whether the witness will testify in person or by deposition. Any objection to a witness must be noted by opposing counsel in this section of the Final Pretrial Order and, for each such witness objected to, the name of the witness and the reason for the objection shall be given.

### C.      Plaintiffs' Witnesses And Summary Of Their Testimony

30.      Plaintiffs intend to call the witnesses listed in **Exhibit 3A** with regard to the claims and defenses to be tried in the first "mini" trial as set forth in this Court's order dated April 22, 2025, and anticipate that the witnesses will testify as set out in Exhibit 3A. Plaintiffs reserve the right to call any witness listed on any other party's witness list attached as Exhibits hereto. Defendants' objections to Plaintiffs' witnesses are listed in Exhibit 3M.

### D.      Defendants' Witnesses And Summary Of Their Testimony

31.      Defendants intend to call the witnesses listed in **Exhibits 3B (EIDP) and 3C (3M)** with regard to the claims and defenses to be tried in the first "mini" trial as set forth in this Court's order dated April 22, 2025 and anticipate that the witnesses will testify as set out in Exhibits 3B and 3C. Defendants reserve the right

to call any witness listed on any other party's witness list attached as Exhibits hereto. Plaintiffs' objections to Defendants' witnesses are listed in Exhibits 3B (EIDP) and 3C (3M).

### E.    Other Provisions Regarding Witnesses

32.    Fact witnesses other than witnesses who have already testified and have been excused will be sequestered and prevented from hearing the testimony of other witnesses. Pursuant to Federal Rule of Evidence 615(a)(2), this exclusion rule will not apply to the officer or employee designated by each party as its representative. Expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) shall not be excluded from hearing either fact or expert testimony by any other witness.

33.    A party shall provide a witness list that identifies the witnesses, in order, that it intends to call to testify at trial (either live or by deposition) by 7:00 p.m. three calendar days before the trial day during which the witnesses are expected to testify. The disclosing party shall call the witnesses in its witness list in the order and manner identified—*i.e.* live or by designation—except by agreement of the parties or leave of the Court, on good cause shown. Nonetheless, the listing of a witness does not require the disclosing party to call that witness, either live or by designation, and does not imply or establish that the disclosing party has the power to compel the witness to appear or make the witness available to the opposing party. The provisions of this paragraph apply both to fact and expert witnesses.

## PART VI.    TESTIMONY BY DEPOSITION

34.    In addition to those witnesses that the parties intend to call live, as set forth in Part V, the parties intend to call certain witnesses through deposition testimony. All deposition designations that Plaintiffs may offer into evidence are listed in **Exhibit 4A-1**, except for rebuttal testimony that may be needed based on evidence entered at trial. Defendants' objections and counter designations and Plaintiffs' objections to Defendants' counter designations and counter-counter designations are listed in **Exhibit 4A-2; 4A-3; 4A-4; and 4A-5**.

35.    All deposition designations that Defendants may offer into evidence, except for any rebuttal testimony that may be needed based on evidence entered at trial, are listed in **Exhibits 4B-1 (EIDP) and 4C-1 (3M)**. Plaintiffs' objections and counter designations and Defendants' objections to Plaintiffs' counter designations and counter-counter designations are listed in **Exhibits 4B-2, 4B-3, and 4B-4 (EIDP) and 4C-2 and 4C-3 (3M)**.

36.    The parties may offer some or all of the deposition testimony set forth in Exhibits 4A-1, 4A-2, 4A-3, 4A-4, 4A-5, 4B-1, 4B-2, 4B-3, 4B-4, 4C-1,, 4B-2, or 4C-3. The fact that any such testimony was included in Exhibits 4A-1, 4A-2, 4A-3, 4A-4, 4A-5, 4B-1, 4B-2, 4B-3, 4B-4, 4C-1, 4B-2, or 4C-3 and a party decided not to introduce some or all of a particular witness's testimony designated therein shall not be commented upon at trial. The listing of a deposition designation does not

constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

37.     Any party may use deposition testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all applicable objections.

38.     Designated deposition testimony will be offered to the Court as testimony that the offering party plays by video, or if video is unavailable, read into the record, and will count against the designating party's trial presentation time.

39.     If an exhibit is referenced in designated deposition testimony offered at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the Court at the time the deposition designation is read or played at trial, subject to the requirements of Part VIII, *infra*, as if the exhibit was being shown to a live testifying witness.

40.     All irrelevant and redundant material, such as objections and colloquy between counsel, will be eliminated when the deposition is played or read at trial.

41.     Unless otherwise agreed by the parties, the party calling a witness by designated deposition testimony must identify the designated deposition testimony to be offered from Exhibit 4A-1, 4A-2, 4A-3, 4A-4, 4A-5, 4B-1, 4B-2, 4B-3, 4C-1,, 4B-2, or 4C-3 by 7:00 p.m. at least three calendar days before the witness is called

at trial. The receiving party must identify its objections and counter-designations by 7:00 p.m. two calendar days before the witness is called at trial. That same evening, the disclosing party must identify its objections to the counter-designations and counter-counter designations by 9:30 p.m. and the parties must meet and confer by 10:00 p.m. that same evening to resolve any objections (*e.g.*, if a witness is called by deposition on Monday, the disclosing party must disclose its designations the preceding Friday evening and the parties must exchange objections and counter-designations and meet-and-confer the preceding Saturday evening).  The offering party shall be charged with the time the witness spends on that party's designations. Each counter-designating party shall be charged with the time the witness spends on that party's counter-designations.

42.    If there are objections that are unresolved, the party intending to use designated deposition testimony shall, at the time of submission of the designated transcript to the Court, submit, on behalf of all parties, a cover letter identifying the pending objections as well as a brief indication (no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

43.    The offering party is responsible for preparing video clips of all of the designated deposition testimony for the witness, including counter-designations. A copy of the video deposition clips, including any counter-designations, shall be provided to the opposing party no later than 12:00 p.m. the day before the designated

11

deposition testimony is expected to be played. The opposing party shall promptly review the video deposition clips upon receipt and the parties agree to meet and confer in good faith at the earliest possible time to resolve any objections from the opposing party.

44.     When a party intends to use designated deposition testimony at trial, the party using the designated deposition testimony shall provide the Court and opposing counsel with a copy of the transcript of the designations and counter-designations that will be read or played. Designations and counter-designations shall be color-coded as follows: (a) designations by Plaintiffs in green; (b) designations by EIDP in yellow; and (c) designations by 3M in orange. The parties will be charged for all time that elapses from the time the witness is called through designated deposition testimony until the next witness is called according to the procedure set forth in paragraph 41.

45.     Deposition testimony may be used at trial for the purpose of impeachment or rebuttal regardless of whether a party identified that testimony on its list of deposition designations, so long as the deposition testimony is otherwise competent for such purpose. However, a party seeking to use designated deposition testimony for rebuttal must follow the disclosure procedures in this Final Pretrial Order. Nothing in this Final Pretrial Order waives the right of the parties to object

on a case-by-case basis to the use of designated deposition testimony for impeachment.

## PART VII.  <u>EXPERT WITNESSES</u>

46.    Any expert not listed in this section of the Final Pretrial Order shall not be permitted to testify at the time of trial. Additionally, the curriculum vitae of every expert expected to testify at the time of trial shall be attached to this Order. No expert will be permitted to testify at trial unless all opposing counsel have received the curriculum vitae of the expert and the information required by Fed. R. Civ. P. 26(a)(2) as directed in the scheduling order(s). Experts shall provide live testimony at trial.

47.    Plaintiffs' experts are listed in **<u>Exhibit 5A</u>**. The curriculum vitae of Plaintiffs' experts are included in Appendix A.

48.    EIDP's experts are listed in **<u>Exhibit 5B</u>**. The curriculum vitae of EIDP's experts are included in Appendix B.

49.    3M's experts are listed in **<u>Exhibit 5C</u>**. The curriculum vitae of 3M's experts are included in Appendix C.

50.    Defendants' objections to the qualification of Plaintiffs' experts, as well as any challenges to the admissibility of Plaintiffs' experts' testimony, are listed in **<u>Exhibit 5A</u>**.

51.     Plaintiffs' objections to the qualification of Defendants' experts, as well as any challenges to the admissibility of Defendants' experts' testimony, are listed in **Exhibits 5B** and **5C**.

52.     Objections to an expert shall be considered at the time an expert is called to testify a trial. The Court may permit the objecting party to *voir dire* the expert, which shall count against that party's trial presentation time.

## PART VIII. EXHIBITS

53.     No party objects to any exhibits listed in Exhibits 6A, 6B, or 6C on authentication grounds. Further, all exhibits listed in Exhibits 6A, 6B, and 6C which are Bates stamped documents produced from the files of any parties are deemed to be Records of a Regularly Conducted Activity under Federal Rule of Evidence 803(6) (if produced from EIDP, or 3M, or NJDEP) or Public Records under Federal Rule of Evidence 803(8) (if produced from NJDEP or EIDP) absent good faith objection. To be clear, all parties' stipulations to the admissibility or authentication of these exhibits are for purposes of this case only and made to effectuate this particular trial in the manner the Court has directed. The parties do not waive these objections for any other purpose or in any other proceeding.

54.     All exhibits shall be provided to the Court in electronic fashion. Select exhibits may also be provided to the Court in hard copy.

### A. **Plaintiffs' Exhibits**

55.     The exhibits that Plaintiffs intend to offer at trial are listed in Exhibit 6A (except demonstrative exhibits and exhibits to be used solely for impeachment). Defendants reserve all objections to Plaintiffs' exhibits, except for authenticity objections.

### B. **Defendants' Exhibits**

56.     The exhibits that EIDP intends to offer at trial are listed in Exhibit 6B (except demonstrative exhibits and exhibits to be used solely for impeachment).

57.     The exhibits that 3M intends to offer at trial are listed in Exhibit 6C (except demonstrative exhibits and exhibits to be used solely for impeachment).

58.     Plaintiffs reserve all objections to Defendants' exhibits, except for authenticity objections.

### C. **Other Provisions Regarding Exhibits**

59.     Copies of the exhibit lists shall be provided to the Chief District Judge and the assigned court reporter at the time of trial.

60.     The parties agree that any description of a document on an exhibit list, including the date listed for documents, is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

61.     Any party may use an exhibit that is listed on another party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to all

15

evidentiary objections. Any exhibit, once admitted, may be used equally by any party, subject to any limitations as to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

62.    At some point before the completion of a witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

63.    A party will provide exhibits to be used in connection with direct examination at the same time the witness is disclosed pursuant to Paragraph 33, *supra*. Objections to exhibits will be provided by 7:00 p.m. two calendar days before the witness is expected to testify and the parties will meet-and-confer by 9:30 p.m. that night to resolve any objections. A party will provide demonstrative exhibits to be used in connection with a direct examination (including, but not limited to, any powerpoint slides, poster boards, displays, and non-exhibit physical objects intended to be seen by the jury) by 7:00 p.m. the calendar day before their intended use; objections will be provided no later than 9:30 p.m. the night before their intended use; and the parties will meet-and-confer by 10:30 p.m. that night to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness

16

taking the stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

64.    The parties agree that there is no need to exchange demonstratives that will be created live in Court. The parties also agree there is no need to exchange highlighting, blowups, or callouts of exhibits, demonstratives, or testimony in advance of their use.

65.    A party is not required to provide advance notice of exhibits or demonstratives to be used during an adverse direct examination or cross-examination.

66.    The parties may request the Court to pre-admit into evidence certain exhibits prior to opening statements, so that such evidence may be shown to the Court during opening statements. The parties will exchange any exhibits they wish to have pre-admitted into evidence by 12:00 pm the day before opening statements are scheduled to take place. The parties will provide any objections to such exhibits by 6:00 p.m. the day before opening statements are scheduled to take place. All agreed pre-admitted or otherwise pre-admitted exhibits may be published during opening statements. For demonstratives to be used during opening statements, if any, the parties agree to provide the other side with color PDF images of the demonstrative(s) by 12:00 p.m. the day before opening statements are scheduled to

17

take place. The parties will provide any objections to such demonstratives by 6:00 p.m. the day before opening statements are scheduled to take place. Neither admitted exhibits nor presentation materials need be exchanged prior to closing statements.

## PART IX. <u>LAW</u>

### A. <u>Plaintiffs</u>

a.      Plaintiffs' statement of the legal issues for the first mini-trial is contained in Exhibit 7A.

### B. <u>Defendants</u>

b.      EIDP's statement of the legal issues for the first mini-trial is contained in Exhibit 7B.

c.      3M's statement of the legal issues for the first mini-trial is contained in Exhibit 7C.

## PART X.    <u>MISCELLANEOUS</u>

### A. <u>Motions In Limine / Anticipated Evidentiary Objections</u>

**d.      Plaintiffs' motions in limine for the first mini-trial are as follows:**

a.      Plaintiffs' motion in limine No. 1: Motion to preclude argument or evidence on any alleged divisibility of liability for hazardous substances contamination at or from Chambers Works as contrary to the Spill Act's prohibition on any divisibility defense, *see*, *e.g.*, *New Jersey Dept. of Environmental Protection v.*

*Dimant*, 51 A.3d 816, 831 (N.J. 2012) and *United States v. Rohm & Haas Co.*, 939 F. Supp. 1142, 1156 (D.N.J. 1996).

b.     Plaintiffs' motion in limine No. 2: Motion to preclude any evidence of any third-party contribution to hazardous substances contamination as irrelevant under the Spill Act's joint and several liability provisions. *See, e.g.*, N.J.S.A. 58:10-23.11g(c)(1).

c.     Plaintiffs' motion in limine No. 3: Motion to preclude evidence of any alleged delay in bringing claims under the Spill Act related to PFOA in support of any laches or estoppel defense because PFOA was added to the List of Hazardous Substances in 2020, and any claims under the Spill Act related to PFOA would be premature before that time. *See* 52 N.J. Reg. 1165(b) (June 1, 2020).

d.     Plaintiffs' motion in limine No. 4: Motion to limit any evidence of delay in bringing claims under the Spill Act related to PFOA in support of any asserted laches defense because laches is not an appropriate defense to claims for which there is a statute of limitations. *See Fox v. Millman*, 210 N.J. 401, 423 (2012); NJSA § 58:10B-17.1.

e.  Plaintiffs' motion in limine No. 5: Motion to limit any evidence concerning the alleged technical impracticability to address NAPL at the Chambers Works site because the issue is not relevant to the Phase I trial and the issues covered by this Final Pretrial Order.

f.  Plaintiffs' motion in limine No. 6: Motion to limit any evidence and arguments regarding the types and amounts of damages and other relief recoverable, including but not limited to penalties, types of and caps on damages available, future costs recoverable, and rules concerning calculation of damages because the issue is not relevant to the Phase I trial and the issues covered by this Final Pretrial Order.

g.  Plaintiffs' motions in limine No. 7: Motion to limit any evidence of covenants not to sue issued by the Department during the Spill Act mini-trial because covenants not to sue are not a defense to statutory or common law claims against parties that are deemed liable under the Spill Act.  To the extent Defendants are found liable under the Spill Act, a motion to limit any evidence of covenants not to sue issued by the Department during trial of any additional counts covered in this Phase I trial.  *See* N.J.S.A.

58:13B-13.1(e) ("The covenant not to sue shall not provide relief from any liability, either under statutory or common law, to any person who is liable for cleanup and removal costs pursuant to subsection c. of section 8 of P.L.1976, c.141 (C.58:10-23.11g), and who does not have a defense to liability pursuant to subsection d. of that section.").

h.    Plaintiffs' motion in limine No. 8:  Motion to limit any evidence of EPA being the "lead" agency under the HSWA permit because the issue is not relevant to whether Defendants are liable parties under the Spill Act, Brownfield Actor WPCA.

i.    Plaintiffs' motion in limine No. 9: Motion to limit any evidence of Defendants' alleged benefits bestowed on the United States and its citizens through their operations because any such alleged benefits are not relevant to the claims and defenses being tried in the Phase I trial and the issues covered by this Final Pretrial Order.

**e.    Defendants' motions in limine are as follows:**

a.    EIDP's motion *in limine* No. 1: Motion to limit evidence of alleged human health effects resulting from exposure to PFOA

and/or PFAS as this is irrelevant to liability under the Spill Act or Brownfield Act.

b.      EIDP's motion *in limine* No. 2: Motion to exclude evidence and testimony regarding industry standards, standards of care, Defendants' knowledge of same, Defendants' alleged negligence as this is irrelevant to liability under the Spill Act or Brownfield Act.

c.      EIDP's motion *in limine* No. 3:  Motion to exclude evidence of remediation funding sources, assumption of liabilities, damages, remedies, and responsible party compliance issues as this is irrelevant to liability under the Spill Act or Brownfield Act.

d.      EIDP's motion *in limine* No. 4: Motion to exclude evidence and/or discussion of EIDP's knowledge of the environmental and/or health effects of PFOA or PFOS, which is irrelevant to determination of liability under the Spill Act or Brownfield Act.

e.      EIDP's motion *in limine* No. 5: Motion to exclude evidence and/or discussion of EIDP's involvement in studying environmental, epidemiological, and toxicological issues related to PFOA, which is irrelevant to determination of liability under the Spill Act or Brownfield Act.

f.    EIDP's motion in limine No. 6: Motion to exclude evidence and/or discussion of EIDP's alleged conduct or misconduct concerning PFOA and/or PFAS, as conduct is irrelevant to liability under the Spill Act or Brownfield Act.

g.    3M's motion in limine No. 1: Motion in limine pursuant to the *Noerr-Pennington* doctrine to exclude evidence and argument regarding the defendants' PFAS lobbying efforts or other First Amendment-protected activity, including comments in support of or opposing proposed legislation or regulation at the state, municipal, or federal levels.

h.    3M's motion in limine No. 2: Motion in limine to exclude evidence and argument regarding PFAS market share.

i.    3M's motion in limine No. 3: Motion in limine to exclude discussion of PFOS, which is irrelevant to PFOA[1] allegations against 3M.

j.    3M's motion in limine No. 4: Motion in limine to exclude evidence of PFAS contamination of the Delaware River or elsewhere in New Jersey.

---

[1] For purposes of this Final Pretrial Order only, all references by 3M to PFOA are inclusive of APFO.

k.    3M's motion in limine No. 5: Motion in limine to exclude evidence and/or discussion of any remedy to be awarded Plaintiffs in the event of a liability finding, including, but not limited to, a remediation funding source.

l.    3M's motion in limine No. 6: Motion in limine to exclude evidence and/or discussion of 3M's knowledge of the environmental and/or health effects of PFOA or PFOS, which is irrelevant to determination of liability under the Spill Act or Brownfield Act.

m.    3M's motion in limine No. 7: Motion in limine to exclude evidence and/or discussion of 3M's involvement in studying environmental, epidemiological, and toxicological issues related to PFOA or PFOS, which is irrelevant to determination of liability under the Spill Act or Brownfield Act.

n.    3M's Motion in Limine No. 8:  Motion in limine to exclude evidence related to discharges that occurred before the effective date of the Spill Act or Brownfield Act (except as to cleanup related to any such discharge where costs have already been incurred by the plaintiffs).

o.   3M's Motion in Limine No. 9:  Motion in limine to exclude evidence of discharges of PFOA that occurred before the date PFOA was classified as a hazardous substance under the Spill Act.

**B. <u>Length of Trial</u>**

f.   This matter is scheduled for a bench trial beginning May 19, 2025 through June 10, 2025, and June 16 and 17, 2025. Unless otherwise ordered by the Court, trial will begin each day, Monday through Friday, at 9:00 a.m. and will conclude at 2:00 p.m. There will be one thirty-minute break per day. Trial will not occur on May 26, 2025, a federal holiday.

g.   The trial will be timed. Plaintiffs will be allocated 50% of the available trial time, and EIDP and 3M will collectively be allocated the remaining 50% of the available trial time. As between Defendants, EIDP will be allocated 40% and 3M will be allocated 60% of Defendants' collective 50% of the available trial time. Either Defendant may cede its unused time to the other and unused time by either Defendant shall not reduce the 50% of the available trial time allocated to Defendants collectively.   It is anticipated that there are 81 available hours for this mini-trial based on 4.5 hours per day and 18 available days (40.5 hours for Plaintiffs and 40.5 hours to EIDP and 3M).  To the extent there are days with time that is not attributable to any of the parties the total available hours will be reduced and

reallocated on a proportional basis but with same 50% allocation as described above. For example, if there is an hour of time that is not attributable to any of the parties on the first trial day, Plaintiffs' available hours would be reduced to 40 and EIDP/3M's available hours would be reduced to 40. The hours per side will be recalculated on a daily basis.

h.    Unless otherwise ordered, time will be charged to each party for its opening statement (not to exceed ten minutes), direct and redirect examinations of witnesses who the party calls, presentation of designated deposition testimony, cross-examination of witnesses called by an opposing party, *voir dire* of an opposing party's expert (if permitted) and closing argument (not to exceed ten minutes).

i.    Each party will designate a person to keep a running total of trial time used by counsel for each party. Counsel for the parties shall confer after each trial day to confirm or reconcile the amount of trial time used by each party that day. If any party uses all of its allotted trial time, the Court will terminate the party's trial presentation.

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Final Pretrial Order will not be permitted

except where the Court determines that manifest injustice would result if amendment is not allowed.

It is hereby ORDERED this 12th day of May, 2025, that the foregoing JFPTO is APPROVED with the proviso that the parties' were granted leave to file their final lists of separate and common exhibits by May 14, 2025.

*/s/   Joel Schneider*
Hon. Joel Schneider (Ret.), Special Master

**COUNSEL FOR PLAINTIFFS:**

**MATTHEW J. PLATKIN**
**ATTORNEY GENERAL OF NEW JERSEY**
*Attorney for Plaintiffs*

By: */s/ Gwen Farley*
Gwen Farley
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093
Ph. (609) 376-2740

**KELLEY DRYE & WARREN LLP**
Special Counsel to the Attorney General

By: */s/ Geoffrey W. Castello*
Geoffrey W. Castello, Esq.
One Jefferson Road
Parsippany, New Jersey 07054

Tel.: (973) 503-5900
GCastello@KelleyDrye.com

*William J. Jackson, Esq.
*John D.S. Gilmour, Esq.
*Lana M. Rowenko, Esq.
*Jennifer C. Barks. Esq.
*Fanny Turcios, Esq.
515 Post Oak Blvd. Suite 900
Houston, Texas 77027
Ph. (713) 355-5000

*David Zalman, Esq.
David M. Reap, Esq.
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel.: (212) 808-7800
DReap@KelleyDrye.com

**LAW OFFICES OF JOHN K. DEMA, P.C.**
Special Counsel to the Attorney General

By:    *John K. Dema, Esq.
       Scott E. Kauff, Esq.
       *John T. Dema, Esq.
       *Briana Dema, Esq.
       Alex Latanision, Esq.
     *Elizabeth B. Petersen, Esq.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5034
Ph. (340) 773-6142

**TAFT STETTINIUS & HOLLISTER LLP**
Special Counsel to the Attorney General

*Robert A. Bilott, Esq.
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957

Telephone: (513) 381-2838
Facsimile: (513) 381-0205
bilott@taftlaw.com

*David J. Butler, Esq.
41 S. High Street
Suite 1800
Columbus, OH 43215-6106
Telephone: (614) 221-2838


**COUNSEL FOR EIDP:**

By: */s/ Lanny S. Kurzweil*
Lanny S. Kurzweil
Ryan A. Richman
**MCCARTER & ENGLISH**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-2044
rrichman@mccarter.com
lkurzweil@mccarter.com

Ann Marie Duffy (*Admitted PHV*)
Eric G. Lasker (*Admitted PHV*)
Matthew J. Malinowski (*Admitted PHV*)
Marchello D. Gray (*Admitted PHV*)
David I. Schifrin (*Admitted PHV*)
**Hollingsworth**LLP
1350 I Street, NW
Washington, DC 20005
(202) 898-5800
aduffy@hollingsworthllp.com
elasker@hollingsworthllp.com
mmalinowski@hollingsworthllp.com


**COUNSEL FOR 3M:**

29

By: */s/Donald J. Camerson, II*
Donald J. Camerson, II, Esq.
James W. Crowder, IV, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 514-1200
djcamerson@bressler.com
jcrowder@bressler.com

Andrew J. Calica, Esq. (*admitted PHV*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 790-5390
acalica@kslaw.com

George C. Lombardi, Esq. (*admitted PHV*)
Christopher B. Essig, Esq. (*admitted PHV*)
Reid F. Smith, Esq. (*admitted PHV*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600
glombard@winston.com
cessig@winston.com
rfsmith@winston.com

Timothy F. Daniels
Carlos A. Benach
Madison A. Sharko
IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
(504) 310-2224
Tdaniels@irwinllc.com
cbenach@irwinllc.com
msharko@irwinllc.com