# Exhibit 5A-1

# EXHIBIT 5A-1
# PLAINTIFFS' EXPERT WITNESSES

Plaintiffs' experts will provide testimony consistent with their respective reports and any deposition testimony provided in this matter (excluding costs and damages issues, as ordered by Judge Bumb). The curriculum vitae for each of Plaintiffs' expert witnesses are attached collectively as **Appendix A** to this Joint Final Pretrial Order.

1. Matthew F. Hagemann, P.G., C.Hg.

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXPERT WITNESSES**

1. Matthew F. Hagemann, P.G., C.Hg.

Defendants object to the testimony of Matthew F. Hagemann pursuant to Fed. R. Evid. 702. Mr. Hagemann proposes to document defendants corporate conduct through the years, what defendants knew or should have known at various points in time, what actions they took or failed to take in response, and how these actions or inaction deviated from alleged applicable standards of care for a chemical manufacturing company using PFAS operating over several decades. However, Mr. Hagemann is unqualified to opine on the "applicable standards of care" or proper "corporate conduct" in this case. Mr. Hagemann is a geologist who has no education in or actual experience in the chemical manufacturing industry, no experience with the New Jersey regulatory framework, no experience with the standards applicable to a New Jersey chemical manufacturing company over time, and no relevant experience with PFAS.

In addition, Mr. Hagemann's opinions lack appropriate factual foundation and fail to establish the existence of any standard about which he is qualified to testify. *See*, *e.g.*, *Bornstein v. Monmouth Cty. Sheriff's Office*, 658 F. App'x 663, 670 (3d Cir. 2016); *See Frey v. Mykulak,* Civil Action No. 06-CV-5370

1

(DMC), 2008 U.S. Dist. LEXIS 74301, at *13 (D.N.J. Sep. 25, 2008); *Davis v. Brickman Landscaping, Ltd.*, 98 A.3d 1173, 1181 (N.J. 2014).

Defendants further object to the testimony of Mr. Hagemann as irrelevant to Defendants' defenses in this mini-trial.