# Exhibit 5B-1

# EXHIBIT 5B-1

## EXPERT WITNESSES FOR DEFENDANTS EIDP, INC. F/K/A E.I. DU PONT DE NEMOURS & CO. (EIDP) AND THE CHEMOURS CO.

Experts for EIDP and The Chemours Company will provide testimony consistent with their respective reports and any deposition testimony provided in this matter. The curriculum vitae for each of the expert witnesses are attached collectively as **Appendix B to this Abbreviated Supplemental Joint Final Pretrial Order**.

- Tom Maguire, PG, LSRP
- C. David Cooper, Ph.D.
- Brent Finley, Ph.D., D.A.B.T.
- Dominick Alexander, Ph.D

## PLAINTIFFS' OBJECTIONS TO EIDP AND CHEMOURS EXPERT WITNESSES

Tom Maguire, PG, LSRP

Plaintiffs object to the proffered expert testimony of Mr. Maguire. Mr. Maguire describes himself as a "contaminant hydrogeologist." He has a B.S in Geology and a Masters in Geology with an emphasis in Geophysics. However, his proffered conclusions include interpretation of the negotiation process as well as the actual terms of the CRACO itself, and the events that followed. His wide-ranging opinions are not based on direct knowledge and largely involves a post hoc review of a set of materials provided to him by DuPont. In addition, Mr. Maguire's proffered "expert" testimony regarding the CRACO does not satisfy the minimal requisites for expert qualification. "[A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Mr. Maguire lacks any expertise needed to support the opinions on which DuPont seeks to have him opine. In addition to lacking the qualifications to render the opinions he proffers, Mr. Maguire has developed opinions on legal issues in this case which do not help the trier of fact in either a jury or bench trial context. *See Berckeley Inv. Group, Ltd v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); s*ee also United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir.1991) (precluding expert testimony on "what the law required" or "testify as to the governing law"). In addition, Mr. Maguire's opinions are not based upon any demonstrated (let alone established) methodology and amount to speculation, which is prohibited by Rule 702. *Daubert*, 509 U.S. at 589-90.

C. David Cooper, Ph.D.

Plaintiffs object to the proffered expert testimony of Dr. Cooper based on relevance.

Brent Finley, Ph.D., D.A.B.T.

Plaintiffs object to the proffered expert testimony of Dr. Finley based on relevance.

Dominick Alexander, Ph.D

Plaintiffs object to the proffered expert testimony of Dr. Alexander based on relevance.