# Exhibit 7A-1

# EXHIBIT 7A-1
# PLAINTIFFS' STATEMENT OF THE LEGAL ISSUES[1]

1. Was EIDP's performance of the obligations imposed on it under the Compensatory Restoration Administrative Consent Order ("CRACO") a condition precedent to NJDEP's obligation to issue a release under paragraph 32 of the CRACO?

2. Despite EIDP's failure to satisfy the condition precedent to NJDEP's obligation to issue a release pursuant to paragraph 32 of the CRACO, is EIDP entitled to the release?

3. Is EIDP entitled to enforce the CRACO where it has failed to perform all its own obligations under the agreement?

4. Is EIDP entitled to a release despite concealing material facts about the scope and nature of groundwater contamination at and from its sites?

5. Is EIDP entitled to a release despite concealing material facts about the scope and nature of contamination of the allegedly uncontaminated parcels that the CRACO required EIDP to transfer in fee simple to NJDEP?

6. Is EIDP entitled to a release despite concealing material facts about the scope and nature of contamination of the allegedly uncontaminated

---

[1] Unless otherwise specified, the Parties must prove their respective affirmative claims and defenses by preponderance of the evidence.

       parcels upon which EIDP was required to place conservation easements?

7. Is EIDP entitled to a release despite making false representations in the course of securing a consent order with a government agency?

8. Is EIDP entitled to a release despite two parcels of land on which EIDP was required to place conservation easements instead being sold to Delaware River Partners LLC?

9. Did EIDP comply with all lawfully imposed requirements for remedial or primary restoration measures at the covered sites at the time EIDP signed the CRACO?

10. Has EIDP complied with all lawfully imposed requirements for remedial or primary restoration measures at the covered sites since signing the CRACO?

11. Had EIDP performed its obligations, would the release include not only compensatory restoration damages arising from groundwater contamination but also primary restoration damages?

12. Has EIDP met its burden of proving by a preponderance of the evidence that EIDP and NJDEP intended for PFAS to be considered "hazardous substances" under the CRACO, despite no PFAS being listed as hazardous substances at the time the CRACO was executed?

13. Alternatively, has EIDP met its burden of proving by a preponderance of the evidence that EIDP and NJDEP intended for PFAS to be considered "hazardous substances" under the CRACO, despite EIDP's repeated representations to NJDEP before the CRACO was executed that PFAS are not hazardous?

14. Are EIDP's counterclaims barred by the doctrine of failure of consideration?

15. Are EIDP's counterclaims barred by EIDP's unclean hands?

16. Are EIDP's counterclaims barred by the doctrine of laches?

17. Are EIDP's counterclaims barred due to fraud and fraud in the inducement?