# EXHIBIT 3A

## FRAUDULENT TRANSFER MINI TRIAL
## PLAINTIFFS' LIST OF FACT WITNESSES
## AND SUMMARY OF THEIR TESTIMONY

1. <u>Nigel Pond</u>

Mr. Pond is a former in-house counsel at DuPont. Mr. Pond will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the Chemours spin, Mr. Pond served as a member of the Chemours board and vice president of the company. In that capacity, Mr. Pond executed several documents on behalf of Chemours—including the separation agreement between Chemours and DuPont. Mr. Pond is anticipated to testify regarding the planning and execution of the Chemours spin and his pre-spin service as a Chemours board member and vice president of the company.

2. <u>David Shelton</u>

Mr. Shelton is a former in-house counsel at DuPont and Chemours. Mr. Shelton will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Mr. Shelton served as designated general counsel of Chemours. After the spin, Mr. Shelton served as general counsel of Chemours. Mr. Shelton is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; pre-spin communications between Chemours and DuPont regarding the transaction; the liabilities transferred to Chemours; post-spin communications between Chemours and DuPont regarding those liabilities and Chemours's indemnification obligations to DuPont; and Chemours's lawsuit against DuPont.

3. <u>Mark Vergnano</u>

Mr. Vergnano is a former employee of DuPont and Chemours. Mr. Vergnano will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Mr. Vergnano served as designated CEO of Chemours. After the spin, he served as CEO of Chemours. Mr. Vergnano is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; the liabilities transferred to Chemours in connection with the

spin; pre-spin communications between Chemours and DuPont regarding the transaction; post-spin communications between Chemours and DuPont regarding the effect of the spin on Chemours; post-spin agreements entered into between Chemours and DuPont; and Chemours's lawsuit against DuPont.

4. <u>Julie Mazza</u>

Julie Mazza is former in-house counsel for DuPont. Ms. Mazza will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Ms. Mazza is anticipated to testify regarding the planning and execution of the Chemours spin; the nature and scope of the litigation liabilities transferred to Chemours; the process by which DuPont and third party advisor Deloitte prepared an estimate of the value of those liabilities; and post-spin communications between Chemours and DuPont regarding those liabilities.

5. <u>Sheryl Telford</u>

Ms. Telford is a former employee of DuPont and Chemours. Ms. Telford will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Ms. Telford served as remediation director for DuPont. After the spin, she served as remediation director for Chemours. Ms. Telford is anticipated to testify regarding the planning and execution of the Chemours spin; the nature and scope of the environmental remediation liabilities transferred to Chemours; the process by which DuPont prepared an estimate of the value of those liabilities; communications with NJDEP regarding the Chemours spin; and Chemours's lawsuit against DuPont.

6. <u>Sameer Ralhan (as Chemours' 30(b)(6) witness, by deposition designation)</u>

Mr. Ralhan is a former employee of DuPont and Chemours. Mr. Ralhan will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Mr. Ralhan served as designated treasurer of Chemours. After the spin, he served as treasurer and then CFO of Chemours. Mr. Ralhan is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; pre-spin communications between Chemours and DuPont regarding the transaction; post-spin communications between DuPont and Chemours regarding the effect of the spin on Chemours; post-spin agreements

entered into between DuPont and Chemours; and Chemours's lawsuit against DuPont.

7. <u>Linda West</u>

Ms. West is a former employee of DuPont. Ms. West will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Ms. West was leader of the "Project Beta Core Team." Ms. West is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors and potential alternative forms of the transaction; pre-spin communications between Chemours and DuPont regarding the transaction; the liabilities transferred to Chemours; post-spin communications between DuPont and Chemours regarding the effect of the spin on Chemours; DuPont's post-spin evaluations of Chemours's financial condition; post-spin agreements entered into between DuPont and Chemours; and Chemours's lawsuit against DuPont.

8. <u>Nick Fanandakis</u>

Mr. Fanandakis is a former employee of DuPont. Mr. Fanandakis will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Mr. Fanandakis was CFO of DuPont prior to and after the Chemours spin. Mr. Fanandakis is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; pre-spin communications between Chemours and DuPont regarding the transaction; post-spin communications between Chemours and DuPont regarding the effect of the spin on Chemours; DuPont's post-spin evaluations of Chemours's financial condition; and post-spin agreements entered into between Chemours and DuPont.

9. <u>Ellen Kullman</u>

Ms. Kullman is a former employee of DuPont. Ms. Kullman will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Ms. Kullman was CEO of DuPont prior to and after the Chemours spin. Ms. Kullman is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; DuPont's decision to stop using PFOA; the liabilities transferred to Chemours; and Chemours's lawsuit against DuPont.

10.  Mark Newman

Mr. Newman is a former employee of DuPont and Chemours. Mr. Newman will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Prior to the spin, Mr. Newman served as designated CFO of Chemours. After the spin, he served as CFO and then CEO of Chemours. Mr. Newman also verified Chemours's complaint in its lawsuit against DuPont. Mr. Newman is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors; the liabilities transferred to Chemours; post-spin communications between DuPont and Chemours regarding the effect of the spin on Chemours; post-spin agreements entered into between DuPont and Chemours; and Chemours's lawsuit against DuPont.

11.  Carmen Giannantonio

Mr. Giannantonio is a former employee of DuPont. Mr. Giannantonio will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Mr. Giannantonio is expected to testify regarding the planning and execution of the spin, including the work of third party advisors and potential alternative forms of the transaction.

12.  John Ward

Mr. Ward is former in-house counsel for DuPont. Mr. Ward will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Mr. Ward is expected to testify regarding the planning and execution of the spin, including the work of third party advisors; the liabilities transferred to Chemours; and the process by which DuPont or advisors acting on its behalf prepared estimates of the value of those liabilities.

13.  Michael Heffernan

Mr. Heffernan is a former employee of DuPont. Mr. Heffernan will be called as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Mr. Heffernan is anticipated to testify regarding the planning and execution of the Chemours spin, including the preparation of models and/or financial projections for the business lines transferred to Chemours.

14. <u>Stacy Fox (by deposition designation)</u>

Ms. Fox is former general counsel of DuPont. Ms. Fox will be called by deposition designation as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Ms. Fox is anticipated to testify regarding the planning and execution of the Chemours spin, the liabilities transferred to Chemours, post-spin communications and agreements between DuPont and Chemours regarding those liabilities, and DuPont's analysis of the impact of the spin on Chemours.

15. <u>Donna Grier (by deposition designation)</u>

Ms. Grier is a former employee of DuPont. Ms. Grier will be called by deposition designation as an adverse witness pursuant to Fed. R. Evid. 611(c)(2).

Ms. Grier is anticipated to testify regarding the planning and execution of the Chemours spin, including the work of third party advisors, the preparation of models and/or financial projections for the business lines transferred to Chemours, and DuPont's determination of Chemours's capital structure at the time of the spin.

16. <u>Richard DeRose (as Houlihan Lokey's 30(b)(6) witness, by deposition designation)</u>

Mr. DeRose is an employee of Houlihan Lokey. Mr. DeRose will be called by deposition designation as an adverse witness pursuant to Fed. R. Evid. 611(c)(2). Mr. DeRose is anticipated to testify regarding Houlihan Lokey's engagement by DuPont related to the Chemours spin and Houlihan Lokey's preparation of solvency opinions for DuPont and Chemours.

17. <u>Edward Trainor (as Deloitte's 30(b)(6) witness, by deposition designation)</u>

Mr. Trainor is an employee of Deloitte. Mr. Trainor will be called by deposition designation as an adverse witness pursuant to Fed. R. Evid. 611(c)(2). Mr. Trainor is anticipated to testify regarding Deloitte's engagement by DuPont related to the Chemours spin and Deloitte's analysis of certain contingent litigation liabilities transferred to Chemours.

## DEFENDANTS' OBJECTIONS TO
## PLAINTIFFS' LIST OF FACT WITNESSES

1. Defendants object to the following witnesses who Plaintiffs intend to call by deposition designation: Stacy Fox; Steven Zelac; DuPont's 30(b)(6) witness (Linda West); DuPont's 30(b)(6) witness (Julie Mazza); Chemours' 30(b)(6) witness (Sheryl Telford); Chemours' 30(b)(6) witness (Sameer Ralhan). Plaintiffs have designated over ten hours of testimony from these deposition transcripts. Defendants object to all of Plaintiffs' affirmative designations for these witnesses because the probative value of these designations is substantially outweighed by the danger of presenting needlessly cumulative evidence, causing undue delay and wasting time, in light of the anticipated testimony of the witnesses Plaintiffs intend to call live.

2. Defendants object to testimony from any witness regarding "post-spin communications between Chemours and DuPont regarding [the liabilities transferred to Chemours]," "post-spin communications between Chemours and DuPont regarding the effect of the spin on Chemours," "post-spin agreements entered into between DuPont and Chemours," "Chemours's lawsuit against DuPont" and "DuPont's post-spin evaluations of Chemours's financial condition" because events following the spinoff are not relevant to the issues to be tried (including Defendants' intent at the time of the spinoff or Chemours' solvency, capitalization, or ability to pay debts at the time of the spinoff) and/or the probative value of those topics is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay and wasting time.