<u>**EXHIBIT 5A**</u>

**FRAUDULENT TRANSFER MINI TRIAL**
**PLAINTIFFS' EXPERT WITNESSES**

Plaintiffs' expert witnesses will provide testimony consistent with their respective reports and any deposition testimony provided in this matter. The curriculum vitae for each of Plaintiffs' expert witnesses are attached collectively as **Appendix A** to the fraudulent transfer Final Pretrial Order.

1. Paul Hinton
2. Dr. David Sunding
3. Dr. Jack Williams

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFFS' EXPERT WITNESSES**

1. Dr. Jack Williams

Pursuant to Fed. R. Evid. 702, DuPont objects to the testimony of Jack Williams to the extent that Professor Williams impermissibly provides legal opinions. Professor Williams was not designated as an expert on legal issues. In his deposition, Professor Williams admitted that his expert testimony in a prior case was successfully challenged in a *motion in limine*, preventing Professor Williams from testifying about legal issues. Feb. 25, 2025, Dep. of Jack Williams at 43:24–45:20. In his expert opinion in this case, Professor Williams opines that "it is apparent that Chemours *breached* its financial covenants," Jan. 15, 2025, Report of Jack Williams, ¶ 496 (emphasis added). He further opines that, "[i]n and of itself, the failure of Chemours to disclose material liabilities, such as the Legacy Liabilities, would constitute a *breach* of the representations and warranties and could be considered an event of default." *Id.* ¶ 498 (emphasis added). In addition to these comments opining on a breach of covenants—a topic clearly within the ambit of law—Professor Williams testified that he "prepared a subjective test" by "look[ing] at the intent, a belief to debts as they became due." Feb. 25, 2025, Dep. of Jack Williams, 170:7–9. Yet the question of intent falls squarely within the purview of the factfinder, and as such is not the proper subject of expert testimony. *Krys v. Aaron*, 112 F. Supp. 3d 181, 203 (D.N.J. 2015). To the extent Professor Williams impermissibly opines on legal opinions including the Defendants' intent, DuPont objects to his testimony.