# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DU PONT DE NEMOURS AND COMPANY, et al., <br><br> Defendants. | Case No. 1:19-cv-14766-RMB <br><br> Industrial Site Recovery Act ("ISRA") Bench Trial |

## JOINT FINAL PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Special Master's email order dated May 25, 2025, Plaintiffs and EIDP, Inc. ("DuPont" or "Defendant") submit this Final Pretrial Order ("Order") to govern the conduct of the mini trial of Plaintiffs' Industrial Site Recovery Act ("ISRA") claims. Separate final pretrial orders will be entered regarding remaining claims and issues. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.[1]

**APPEARANCES.** Counsel for the parties for this mini trial are listed in **Exhibit 1**.

**INDEX OF EXHIBITS AND APPENDICES.**

| Exhibit | Final Pretrial Order Section | Description |
|---------|------------------------------|-------------|
| 1 | p. 1 | Counsel list |
| 2 | Part II | Stipulated facts |
| 3A | Part V(A) | Plaintiffs' witnesses and summary of their testimony, and Defendant's objections |
| 3B | Part V(B) | Defendant's witnesses and summary of their testimony, and Plaintiffs' objections |

---

[1] The parties prepared this Order based on the parties' expectation that the ISRA mini trial will occur after the fraudulent transfer mini trial. To the extent all or some of the fraudulent transfer mini trial does not proceed, certain portions of this Order may need to be amended.

| 4A | Part VI | Plaintiffs' deposition designations |
|---|---|---|
| 4B | Part VI | Defendant's deposition designations |
| 5A | Part VII | Plaintiffs' expert and Defendant's objections to the qualifications of Plaintiffs' expert and admissibility of Plaintiffs' expert opinions |
| 5B | Part VII | Defendant's experts and Plaintiffs' objections to the qualifications of Defendant's experts and admissibility of Defendant's expert opinions |
| 6A | Part VIII(A) | Plaintiffs' exhibits |
| 6B | Part VIII(B) | Defendant's exhibits |
| 7A | Part IX(A) | Plaintiffs' statement of legal issues |
| 7B | Part IX(B) | Defendant's statement of legal issues |
| Appendix | Final Pretrial Order Section | Description |
| A | Part VII | Curriculum vitae of Plaintiffs' expert |
| B | Part VII | Curriculum vitae of Defendant's experts |

## PART I.   JURISDICTION AND BRIEF SUMMARY OF THE CASE

1.    Familiarity with the subject matter of the case is presumed. This trial is addressed to Plaintiffs' claims set out in Count 3 (Industrial Site Recovery Act) of the Third Amended Complaint. The trial is as to liability only.[2]

2.    The jurisdiction of the Court is not disputed and is based on 28 U.S.C. § 1442(a).

---

[2] Count 3 alleges ISRA violations based on two series of transactions: one series of transactions that occurred in 2015 and a second series of transactions that occurred in 2019. Plaintiffs no longer are pursuing their ISRA claims based on the 2019 transactions. The parties are preparing an appropriate stipulation of dismissal.

**PART II.  STIPULATED FACTS**

3.     Stipulated facts agreed upon by the parties are listed in **Exhibit 2**. The parties may move to have the stipulated facts admitted into evidence at the commencement of this mini trial.

4.     The parties disagree about the use of stipulated facts from prior mini trials in this ISRA mini trial.  Plaintiffs' proposal is set out in Paragraph 4(a), and Defendant's proposal is set out in Paragraph 4(b).

        a.     **Plaintiffs' Proposal.**  Without prejudice to a party's objection to the relevance of a particular stipulated fact to Plaintiffs' ISRA claims, the Court may consider in connection with this ISRA mini trial stipulated facts that were agreed upon by the parties in prior mini trials. *See* ECF No. 637; ECF No. 697-4.

        b.     **Defendant's Proposal.**  Unless otherwise agreed by the parties, any stipulated facts that were agreed upon by the parties in prior mini trials that a party seeks to admit as evidence in the ISRA mini trial must be identified in **Exhibit 2**.

**PART III. PLAINTIFFS' CONTESTED FACTS**

5.     Chambers Works is an industrial establishment.

6.     The assets available for the remediation of Chambers Works diminished following the transfer of the real property of Chambers Works from DuPont to Chemours.

4

7.      The assets available for the remediation of Chambers Works diminished following the separation of Chemours from DuPont.

8.      The net worth of the corporation that directly owned or operated Chambers Works diminished by more than 10% following the transfer of the real property of Chambers Works from DuPont to Chemours.

9.      The net worth of the corporation that directly owned or operated Chambers Works diminished by more than 10% following the separation of Chemours from DuPont.

10.     The transfer of the real property of Chambers Works from DuPont to Chemours did not result in an equal or greater amount in assets available for the remediation of Chambers Works.

11.     The separation of Chemours from DuPont did not result in an equal or greater amount in assets available for the remediation of Chambers Works.

12.     The transfer of the real property of Chambers Works from DuPont to Chemours did not result in a change in the person holding the controlling interest of an indirect owner of Chambers Works.

13.     The series of transactions between Chemours and DuPont ending in the separation of Chemours from DuPont did not result in a change in the person holding a controlling interest in the indirect owner of Chambers Works.

14.    DuPont made misrepresentations to NJDEP regarding what the financial condition of Chemours would be following the separation of Chemours from DuPont.

**PART IV. <u>DEFENDANT'S CONTESTED FACTS</u>**

15.    At the time of the 2015 Deed Transfer and Chemours Spin-Off, Chambers Works was not an Industrial Establishment as defined in ISRA.

16.    On September 8, 2014, DuPont and NJDEP met to discuss the 2015 Deed Transfer and Chemours Spin-Off (together, the "Corporate Restructuring") and at that meeting, DuPont verbally informed NJDEP that it believed the Corporate Restructuring may not trigger ISRA due similarities to a recently located analogous transaction, for which NJDEP determined ISRA did not apply.

17.    On January 6, 2015 and at other times, NJDEP (through its counsel Richard Engel), told DuPont (through its counsel Bruce Katcher) that NJDEP agreed that if DuPont's Corporate Restructuring was similar to the 2012 ConocoPhillips transactions, then the Corporate Restructuring would not be subject to ISRA.

18.    The Corporate Restructuring was similar to the 2012 ConocoPhillips transactions.

19.    The Corporate Restructuring was similar other transactions for which NJDEP determined ISRA did not apply.

20.    On January 30, 2015, DuPont sent NJDEP a letter explaining DuPont's understanding of the Corporate Restructuring as of the date of the letter and DuPont's understanding of ISRA non-applicability to the Corporate Restructuring.

21.    The January 30, 2015 letter expressly incorporated references and relied upon certain previously-published pro forma financial statements and made no misrepresentations to NJDEP regarding what the financial condition of Chemours would be following the Corporate Restructuring.

22.    NJDEP knew of the financial condition of Chemours following the Corporate Restructuring.

23.    For purposes of ISRA, the 2015 Deed Transfer transaction did not substantially affect the ownership or control of Chambers Works.

24.    DuPont's assets and Chemours' assets were available for remediation of Chambers Works after the 2015 Deed Transfer.

25.    DuPont's assets and Chemours' assets were available for the remediation of Chambers Works after the 2015 Chemours Spin-Off.

26.    The 2015 Deed Transfer did not diminish NJDEP's ability to reach DuPont's assets for remediation of Chambers Works.

27.    The 2015 Chemours Spin-Off did not diminish NJDEP's ability to reach DuPont's assets for remediation of Chambers Works.

28.    DuPont informed NJDEP on multiple occasions between January 30, 2015 and the filing of this lawsuit in 2019 that DuPont's assets were available for the remediation of Chambers Works.

29.    The Corporate Restructuring did not hinder DuPont's ability as an operator (until June 1, 2019) or Chemours' ability as an owner to remediate Chambers Works.

30.    The net worth of the corporation that directly owned or operated Chambers Works did not diminish by more than 10% as a result of the 2015 Deed Transfer.

31.    The 2015 Deed Transfer from DuPont to Chemours resulted in an equal or greater amount in assets available for the remediation of Chambers Works.

32.    NJDEP has previously determined, through Letters of Non-Applicability to the regulated community, that ISRA does not apply to some transactions involving real estate.

33.    NJDEP has previously determined, through Letters of Non-Applicability to the regulated community and rulemaking comments to the regulated community, that ISRA does not apply to some transactions where the assets available for remediation were diminished but the assets of the new owner or operator were expected to be sufficient to fund the remediation obligations associated with the Industrial Establishment.

34.    NJDEP has previously determined, through Letters of Non-Applicability to the regulated community, that ISRA does not apply to some transactions even where the net worth of the entity that directly owned or operated an Industrial Establishment diminished by more than 10% following the transaction.

35.    NJDEP did not seek enforcement of ISRA violations against DuPont in connection with the Corporate Restructuring until the filing of this lawsuit in 2019.

## PART V.  <u>WITNESSES AND SUMMARY OF TESTIMONY</u>

36.    The parties disagree about the use of witness testimony that was admitted into evidence in prior mini trials in this ISRA mini trial.  Plaintiffs' proposal is set out in Paragraph 36(a), and Defendant's proposal is set out in Paragraph 36(b).

a.    **Plaintiffs' Proposal.** Without prejudice to a party's objection to the relevance of particular witness testimony to Plaintiffs' ISRA claims, the Court may consider in connection with this ISRA mini trial witness testimony that was admitted into evidence in prior mini trials. Repetitive testimony from the same witness needed not be elicited and should be avoided.

b.    **Defendant's Proposal.**  Unless otherwise agreed by the parties, to avoid repetitive testimony from the same witness, a party seeking to admit witness testimony in the ISRA trial that was admitted into evidence in the Spill Act, Water Pollution Control Act, Governmental Contractor, or CRACO mini trials in this matter must identify the specific testimony to offered by July 7, 2025 as set out in

**Exhibit 8A and 8B**. The receiving party must object in full to the designation or identify its objections and counter-designations by July 9, 2025.  If the receiving party objects in full, the disclosing party must bring the witness back live. The parties will meet and confer to determine if any portion of the prior testimony can be admitted. If the receiving party counter-designates, the disclosing party must identify its objections to the counter-designations and counter-counter designations by July 11, 2025. A party seeking to admit witness testimony in the ISRA trial that was admitted into evidence in the Fraudulent Transfer mini trial must identify the specific testimony for which they seek to be admitted in the ISRA trial with three calendar days after the witness testifies, except for witnesses called to testify the final day of the Fraudulent Transfer mini trial. For witnesses called to testify the final day of the Fraudulent Transfer mini trial, the disclosing party must identify the testimony for which they seek to be admitted in the ISRA trial by 5:00 pm the next calendar day. Objections, counter-designations, objections to counter-designations, and counter-counter designations will follow the schedule outlined for deposition designations listed in paragraph 52.

37.    Only the witnesses whose names are listed in this section of the Final Pretrial Order will be permitted to testify at this mini trial, absent a showing of good cause. For each witness listed, there must be a description of their testimony and a statement as to whether the witness will testify in person or by deposition. Any

objection to a witness must be noted by opposing counsel in this section of the Final Pretrial Order and, for each such witness objected to, the name of the witness and the reason for the objection shall be given.

### C.    Plaintiffs' Witnesses And Summary Of Their Testimony

38.    Plaintiffs intend to call the witnesses listed in **Exhibit 3A** with regard to the claims and defenses to be tried in this mini trial and anticipate that the witnesses will testify as set out in Exhibit 3A. Plaintiffs reserve the right to call any witness listed on any other party's witness list attached as Exhibits hereto. Defendant's objections to Plaintiffs' witnesses are listed in Exhibit 3A.

### D.    Defendant's Witnesses And Summary Of Their Testimony

39.    Defendant intends to call the witnesses listed in **Exhibit 3B** with regard to the claims and defenses to be tried in this mini trial and anticipate that the witnesses will testify as set out in Exhibit 3B. Defendant reserves the right to call any witness listed on any other party's witness list attached as Exhibits hereto. Plaintiffs' objections to Defendant's witnesses are listed in Exhibit 3B.

### E.    Other Provisions Regarding Witnesses

40.    Fact witnesses other than witnesses who have already testified and have been excused will be sequestered and prevented from hearing the testimony of other witnesses.  Pursuant to Federal Rule of Evidence 615(a)(2), this exclusion rule will not apply to the officer or employee designated by each party as its representative.

Expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) shall not be excluded from hearing either fact or expert testimony by any other witness.

41.    A party shall provide a witness list that identifies the witnesses, in order, that it intends to call to testify at this mini trial (either live or by deposition) by 5:00 p.m. three calendar days before the trial day during which the witnesses are expected to testify. The disclosing party shall call the witnesses in its witness list in the order and manner identified—*i.e.* live or by designation—except by agreement of the parties or leave of the Court, on good cause shown. Nonetheless, the listing of a witness does not require the disclosing party to call that witness, either live or by designation, and does not imply or establish that the disclosing party has the power to compel the witness to appear or make the witness available to the opposing party. The provisions of this paragraph apply both to fact and expert witnesses.

## PART VI. TESTIMONY BY DEPOSITION

42.    The parties disagree about the use of witness testimony that was admitted into evidence through deposition testimony in prior mini trials in this ISRA mini trial.  Plaintiffs' proposal is set out in Paragraph 42(a), and Defendant's proposal is set out in Paragraph 42(b).

a.    **Plaintiffs' Proposal.** Without prejudice to a party's objection to the relevance of particular witness testimony to Plaintiffs' ISRA claims, the Court may consider in connection with this ISRA mini trial witness testimony that was

admitted into evidence through deposition testimony in prior mini trials. The same deposition testimony from the same witness need not be designated or offered into evidence again at this mini trial.

b.  **Defendant's Proposal**. Unless otherwise agreed by the parties, to avoid repetitive testimony from the same witness, a party seeking to admit witness testimony in the ISRA trial that was admitted into evidence in the Spill Act, Water Pollution Control Act, Governmental Contractor, or CRACO mini trial by deposition designation in this matter must identify the specific testimony to offered by July 7, 2025 as set out in **Exhibit 9A and 9B**. The receiving party must object in full to the designation or identify its objections and counter-designations by July 9, 2025.  If the receiving party objects in full, the disclosing party must bring the witness back live. The parties will meet and confer to determine if any portion of the prior testimony can be admitted. If the receiving party counter-designates, the disclosing party must identify its objections to the counter-designations and counter-counter designations by July 11, 2025. A party seeking to admit witness testimony in the ISRA trial that was admitted into evidence in the Fraudulent Transfer mini trial by deposition designation must identify the specific testimony for which they seek to be admitted in the ISRA trial with three calendar days after the witness testifies, except for witnesses called to testify the final day of the Fraudulent Transfer mini trial. For witnesses called to testify the final day of the Fraudulent Transfer mini

trial, the disclosing party must identify the testimony for which they seek to be admitted in the ISRA trial by 5:00 pm the next calendar day. Objections, counter-designations, objections to counter-designations, and counter-counter designations will follow the schedule outlined for deposition designations listed in paragraph 52.

43.     In addition to those witnesses that the parties intend to call live at the ISRA mini trial, as set forth in Part V, the parties intend to call certain witnesses through deposition testimony or offer into evidence the deposition testimony of a witness who, when deposed, was the opposing parties' designee under Federal Rule of Civil Procedure 30(b)(6).

44.     The witnesses and transcripts that Plaintiffs may designate for the ISRA mini trial are listed in **Exhibit 4A**, except for rebuttal testimony that may be needed based on evidence entered at trial. Defendant's objections and counter designations and Plaintiffs' objections to Defendant's counter designations and counter-counter designations also are listed in Exhibit 4A.

45.     The witnesses and transcripts that Defendant may designate for the ISRA trial are listed in **Exhibit 4B**, except for any rebuttal testimony that may be needed based on evidence entered at trial. Plaintiffs' objections and counter designations and Defendant's objections to Plaintiffs' counter designations and counter-counter designations also are listed in Exhibit 4B.

46.    The parties may offer some or all of the deposition testimony set forth in Exhibits 4A or 4B. The fact that any such testimony was included in Exhibits 4A or 4B and a party decided not to introduce some or all of a particular witness's testimony designated therein shall not be commented upon at trial. The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objection.

47.    Any party may use deposition testimony that is designated by another party to the same effect as if it had initially designated the testimony as its own, subject to all applicable objections.

48.    Designated deposition testimony will be offered to the Court as testimony that the offering party plays by video or, if video is unavailable or preparing a video is not practicable under the circumstances, read into the record, and will count against the designating party's trial presentation time.

49.    If an exhibit is referenced in designated deposition testimony offered at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the Court at the time the deposition designation is read or played at trial, subject to the requirements of Part VIII, *infra*, as if the exhibit was being shown to a live testifying witness.

50.     All irrelevant and redundant material, such as objections and colloquy between counsel, will be eliminated when the deposition is played or read at trial.

51.     The parties agree that deposition designations and counter-designations will be introduced at the ISRA mini trial together in the sequence in which the testimony originally occurred, other than with respect to Rule 30(b)(6) testimony of an adverse party. If multiple depositions of the same witness are played, then they shall be played in the order in which they occurred chronologically.

52.     Unless otherwise agreed by the parties, the party calling a witness by designated deposition testimony at this mini trial must identify the designated deposition testimony to be offered from Exhibit 4A or 4B by 5:00 p.m. at least three calendar days before the witness is called at trial. The receiving party must identify its objections and counter-designations by 5:00 p.m. two calendar days before the witness is called at trial. That same evening, the disclosing party must identify its objections to the counter-designations and counter-counter designations by 7:30 p.m. and the parties must meet and confer by 8:00 p.m. that same evening to resolve any objections (*e.g.*, if a witness is called by deposition on Monday, the disclosing party must disclose its designations the preceding Friday evening and the parties must exchange objections and counter-designations and meet-and-confer the preceding Saturday evening). The offering party shall be charged with the time the

witness spends on that party's designations. Each counter-designating party shall be charged with the time the witness spends on that party's counter-designations.

53.    If there are objections that are unresolved, the party intending to use designated deposition testimony shall, at the time of submission of the designated transcript to the Court, submit, on behalf of all parties, a cover letter identifying the pending objections as well as a brief indication (no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

54.    The parties shall use best efforts to present the designated deposition testimony via video. The offering party is responsible for preparing video clips of all of the designated deposition testimony for the witness, including counter-designations. A copy of the video deposition clips, including any counter-designations, shall be provided to the opposing party no later than 12:00 p.m. the day before the designated deposition testimony is expected to be played.  The opposing party shall promptly review the video deposition clips upon receipt and the parties agree to meet and confer in good faith at the earliest possible time to resolve any objections from the opposing party.

55.    When a party intends to use designated deposition testimony at trial, the party using the designated deposition testimony shall provide the Court and opposing counsel with a copy of the transcript of the designations and counter-designations that will be read or played. Designations and counter-designations shall

be color-coded as follows: (a) designations by Plaintiffs in green; (b) designations by Defendant in yellow. The parties will be charged for all time that elapses from the time the witness is called through designated deposition testimony until the next witness is called according to the procedure set forth in Paragraphs 83-84.

56.    Deposition testimony may be used at trial for the purpose of impeachment or rebuttal regardless of whether a party identified that testimony on its list of deposition designations, so long as the deposition testimony is otherwise competent for such purpose. However, a party seeking to use designated deposition testimony for rebuttal must follow the disclosure procedures in this Final Pretrial Order. Nothing in this Final Pretrial Order waives the right of the parties to object on a case-by-case basis to the use of designated deposition testimony for impeachment.

## PART VII.  **EXPERT WITNESSES**

57.    The parties disagree about the use of expert witness testimony that was admitted into evidence in prior mini trials in this ISRA mini trial.  Plaintiffs' proposal is set out in Paragraph 57(a), and Defendant's proposal is set out in Paragraph 57(b).

a.    **Plaintiffs' Proposal.** Without prejudice to a party's objection to the relevance of particular expert witness testimony to Plaintiffs' ISRA claims, the Court may consider in connection with this ISRA mini trial expert witness testimony

18

that was admitted into evidence at prior mini trials. Repetitive testimony from the same expert witness need not be elicited and should be avoided.

　　　　b.　　**Defendant's Proposal.** Unless otherwise agreed by the parties, to avoid repetitive testimony from the same witness, a party seeking to admit expert witness testimony in the ISRA trial that was admitted into evidence in the Spill Act, Water Pollution Control Act, Governmental Contractor, or CRACO mini trials in this matter must identify the specific testimony to offered by July 7, 2025 as set out in **Exhibit 10A and 10B**. The receiving party must object in full to the designation or identify its objections and counter-designations by July 9, 2025.  If the receiving party objects in full, the disclosing party must bring the witness back live. The parties will meet and confer to determine if any portion of the prior testimony can be admitted. If the receiving party counter-designates, the disclosing party must identify its objections to the counter-designations and counter-counter designations by July 11, 2025. A party seeking to admit expert witness testimony in the ISRA trial that was admitted into evidence in the Fraudulent Transfer mini trial must identify the specific testimony for which they seek to be admitted in the ISRA trial with three calendar days after the witness testifies, except for witnesses called to testify the final day of the Fraudulent Transfer mini trial. For witnesses called to testify the final day of the Fraudulent Transfer mini trial, the disclosing party must identify the testimony for which they seek to be admitted in the ISRA trial by 5:00 pm the next

calendar day. Objections, counter-designations, objections to counter-designations, and counter-counter designations will follow the schedule outlined for deposition designations listed in paragraph 52.

58.    All experts shall provide live testimony. Any expert not listed in this section of the Final Pretrial Order shall not be permitted to testify at this mini trial. Additionally, the curriculum vitae of every expert expected to testify at this mini trial shall be attached to this Order.

59.    Plaintiffs' expert for the ISRA mini trial is listed in **Exhibit 5A**. The curriculum vitae of Plaintiffs' expert is included in Appendix A.

60.    Defendant's experts for the ISRA mini trial is listed in **Exhibit 5B**. The curriculum vitae of Defendant's experts is included in Appendix B.

61.    Defendant's objections to the qualification of Plaintiffs' expert or the admissibility of the testimony of Plaintiffs' expert are listed in Exhibit 5A.

62.    Plaintiffs' objections to the qualification of Defendant's experts or the admissibility of the testimony of Defendant's experts are listed in Exhibit 5B.

63.    Objections to an expert shall be considered at the time an expert is called to testify a trial. The Court may permit the objecting party to *voir dire* the expert, which shall count against that party's trial presentation time.

## PART VIII. EXHIBITS

64.    The parties disagree about the use of exhibits that were admitted into evidence in prior mini trials in this ISRA mini trial.  Plaintiffs' proposal is set out in Paragraph 64(a), and Defendant's proposal is set out in Paragraph 64(b).

a.    **Plaintiffs' Proposal.** Without prejudice to a party's objection to the relevance of an exhibit to Plaintiffs' ISRA claims, the Court may consider in connection with this ISRA mini trial exhibits that were admitted into evidence in prior mini trials. The same exhibit need not be admitted again. Exhibits listed on the parties' fraudulent transfer exhibit lists but not admitted into evidence at the fraudulent transfer mini trial may be offered in this mini trial and need not be listed on Exhibit 6A or Exhibit 6B, with the exception of PTX8000 through PTX8934 on Plaintiffs' fraudulent transfer exhibit list.

b.    **Defendant's Proposal.** Unless otherwise agreed by the parties, any (i) exhibits that were admitted into evidence in prior mini trials or (ii) exhibits listed on the parties' fraudulent transfer exhibit lists that a party seeks to admit as evidence in the ISRA mini trial must be identified in **Exhibit 6A** and **Exhibit 6B**.

65.    The exhibits that Plaintiffs intend to offer at this mini trial are listed in **Exhibit 6A** (except demonstrative exhibits and exhibits to be used solely for impeachment). Defendant reserves all objections to Plaintiffs' exhibits, except as provided below.

66.    The exhibits that Defendant intends to offer at this mini trial are listed in **Exhibit 6B** (except demonstrative exhibits and exhibits to be used solely for impeachment). Plaintiffs reserve all objections to Defendant's exhibits, except as provided below.

67.    No party objects to any exhibit listed in Exhibit 6A or Exhibit 6B on authenticity grounds. To be clear, all parties' stipulations to the admissibility or authentication of these exhibits are for purposes of this case only and made to effectuate this particular trial in the manner the Court has directed. The parties do not waive these objections for any other purpose or in any other proceeding.

68.    All exhibits shall be provided to the Court in electronic fashion. Select exhibits may also be provided to the Court in hard copy.

69.    Copies of the exhibit lists shall be provided to Judge Bumb and the assigned court reporter at the time of trial.

70.    The parties agree that any description of a document on an exhibit list, including the date listed for documents, is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

71.    Any party may use an exhibit that is listed on another party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections. Any exhibit, once admitted, may be used equally by any

party, subject to any limitations as to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

72.    At some point before the completion of a witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number.

73.    A party will provide exhibits to be used in connection with direct examination at the same time the witness is disclosed pursuant to Paragraph 41, *supra*. Objections to exhibits will be provided by 5:00 p.m. two calendar days before the witness is expected to testify and the parties will meet-and-confer by 7:30 p.m. that night to resolve any objections. A party will provide demonstrative exhibits to be used in connection with a direct examination (including, but not limited to, any PowerPoint slides, poster boards, displays, and non-exhibit physical objects) by 5:00 p.m. the calendar day before their intended use; objections will be provided no later than 7:30 p.m. the night before their intended use; and the parties will meet-and-confer by 8:30 p.m. that night to resolve any objections. If good faith efforts to resolve the objections fail, the party objecting to the exhibits or demonstratives shall bring its objections to the Court's attention prior to the witness taking the stand. Failure to comply with these procedures, absent an agreement by the parties and

approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

74.    A party will provide exhibits to be used in connection with redirect examinations of witnesses called adversely by the other side by 5:00 p.m. two calendar days before the witness is expected to testify. Objections to exhibits will be provided by 5:00 p.m. one calendar day before the witness is expected to testify and the parties will meet-and-confer by 7:30 p.m. that night to resolve any objections.

75.    The parties agree that there is no need to exchange demonstratives that will be created live in Court. The parties also agree there is no need to exchange highlighting, blowups, or callouts of exhibits, demonstratives, or testimony in advance of their use.

76.    A party is not required to provide advance notice of exhibits or demonstratives to be used during an adverse direct examination or cross-examination. The parties will endeavor to provide a hard copy of any exhibit used during an adverse direct examination or cross-examination to both opposing counsel and the witness before proceeding with questioning about an exhibit.

77.    The parties may request the Court to pre-admit into evidence certain exhibits prior to opening statements, so that such evidence may be shown to the Court during opening statements. The parties will exchange any exhibits they wish to have pre-admitted into evidence by 5:00 p.m. two days before opening statements

24

are scheduled to take place. The parties will provide any objections to such exhibits by 10:00 a.m. one day before opening statements are scheduled to take place. All agreed pre-admitted or otherwise pre-admitted exhibits may be published during opening statements. For demonstratives to be used during opening statements, if any, the parties agree to provide the other side with color PDF images of the demonstrative(s) by 5:00 p.m. two days before opening statements are scheduled to take place. The parties will provide any objections to such demonstratives by 10:00 a.m. one day before opening statements are scheduled to take place. Neither admitted exhibits nor presentation materials need be exchanged prior to closing statements.

## PART VIII. <u>LAW</u>

### A.    <u>Plaintiffs</u>

78.    Plaintiffs' statement of the legal issues for this mini trial is contained in **<u>Exhibit 7A</u>**.

79.    Defendant's statement of the legal issues for this mini trial is contained in **<u>Exhibit 7B</u>**.

## PART IX. <u>MISCELLANEOUS</u>

### A.    <u>Motions In Limine</u>

80.    Plaintiffs do not have any motions in limine for this mini trial.

81.    Defendant's motions in limine for this mini trial are as follows:

a.    Motion to Preclude Evidence of the 2019 litigation in Delaware Chancery Court, captioned: *The Chemours Company v. DowDuPont, Inc., et al.*, C.A. No. 2019-0351-SG.

b.    Motion to Preclude Evidence of the Feb. 13, 2019 Telephonic Tentative Decision and Aug. 8, 2019 Order in *Carneys Point Township v. E.I. DuPont de Nemours & Company*, No. SLM-L-251-16 (N.J. Super. Ct. Ch. Div. filed Dec. 12, 2016).

c.    Motion to Preclude Evidence Concerning the Solvency of The Chemours Company or Chemours, FC.

d.    Motion to Preclude Plaintiffs' Expert Chiara Trabucchi. *See* Dkt. No. 583 (Ltr. seeking leave to file motion to preclude).

**B.    Length of Trial**

82.    The ISRA mini trial is scheduled for a bench trial to begin after the conclusion of the fraudulent transfer mini trial. Plaintiffs anticipate that the ISRA mini trial will last four trial days. Defendant anticipates that the ISRA mini trial will last nine trial days. Unless otherwise ordered by the Court, trial will begin each day, Monday through Friday, at 9:00 a.m. and will conclude at 2:00 p.m. There will be one thirty-minute break per day.

83.     The trial will be timed. Plaintiffs will be allocated 50% of the available trial time and DuPont will be allocated the remaining 50%. To the extent there are days with time that is not attributable to any of the parties, the total available hours will be reduced and reallocated on a proportional basis but with same 50% allocation as described above. For example, if there is an hour of time that is not attributable to any of the parties on the first trial day, Plaintiffs' available hours would be reduced by 30 minutes and DuPont's available hours would be reduced by 30 minutes. The hours per side will be recalculated on a daily basis.

84.     Unless otherwise ordered, time will be charged to each party for its opening statement (not to exceed 10 minutes), direct and redirect examinations of witnesses who the party calls, presentation of designated deposition testimony, cross-examination of witnesses called by an opposing party, *voir dire* of an opposing party's expert (if permitted) and closing argument (not to exceed ten minutes).

85.     Each party will designate a person to keep a running total of trial time used by counsel for each party. Counsel for the parties shall confer after each trial day to confirm or reconcile the amount of trial time used by each party that day. If any party uses all of its allotted trial time, the Court will terminate the party's trial presentation.

27

## <u>CONCLUDING CERTIFICATION</u>

We hereby certify by the affixing of our signatures to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Final Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if amendment is not allowed.

It is hereby ORDERED this 1st day of July 2025, that the foregoing Final Pretrial Order is APPROVED.


*/s/ Joel Schneider*
Hon. Joel Schneider (Ret.), Special Master



**COUNSEL FOR PLAINTIFFS:**

**MATTHEW J. PLATKIN**
**ATTORNEY GENERAL OF NEW JERSEY**
*Attorney for Plaintiffs*

By:  */s/ Gwen Farley*
Gwen Farley
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093
Ph. (609) 376-2740

**KELLEY DRYE & WARREN LLP**
Special Counsel to the Attorney General

By:  */s/ Geoffrey W. Castello*
Geoffrey W. Castello, Esq.
One Jefferson Road
Parsippany, New Jersey 07054
Tel.:  (973) 503-5900
GCastello@KelleyDrye.com

*William J. Jackson, Esq.
515 Post Oak Blvd. Suite 900
Houston, Texas 77027
Ph. (713) 355-5000

*David I. Zalman, Esq.
*Levi M. Downing, Esq.
*Elizabeth N. Krasnow, Esq.
*Lauren E. Schadt, Esq.
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel.:  (212) 808-7800

**COUNSEL FOR DUPONT:**

**BALLARD SPAHR LLP**

By:  */s/ David A. Haworth*
David A. Haworth, Esq.
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054
(856) 873-5525
haworthd@ballardspahr.com

Stephen Stigall, Esq.
Brittany M. Wilson, Esq.
*Erin M. Carter, Esq.
1735 Market Street, 51st Floor

Philadelphia, PA, 19103-7599
StigallS@ballardspahr.com
wilsonbm@ballardspahr.com
cartere@ballardspahr.com