## MARAZITI FALCON, LLP

*ATTORNEYS AT LAW*

JOSEPH J. MARAZITI, JR.
DIANE ALEXANDER[1]
BRAD CARNEY
ANDREW M. BREWER
JOANNE VOS
ALYSE LANDANO HUBBARD
SARA UZATMACIYAN
GABRIELLE HARTMAN
COREY KATZELNICK

OF COUNSEL
CHRISTOPHER H. FALCON

240 CEDAR KNOLLS ROAD
SUITE 301
CEDAR KNOLLS, NEW JERSEY 07927
_____

PHONE: (973) 912-9008
FAX (973) 912-9007
www.mfhlaw.com

**Direct No**. (973) 912-6802
**E-mail:** ckatzelnick@mfhenvlaw.com

[1] Also admitted in NY

September 26, 2025

**Via CM/ECF**

The Honorable Renée Marie Bumb
Chief Judge
United States District Court
District of New Jersey — Camden Vicinage
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

**RE:** NJDEP, et al., v. E.I. DuPont de Nemours and Company, et al., Case No.: 1:19-CV-14766-RMB-JBC (D.N.J.) — Request for Clarification of Scheduling Order (Aug. 28, 2025)

Dear Chief Judge Bumb:

    This firm represents the Association of Environmental Authorities, Rockaway Valley Regional Sewerage Authority, Somerset Raritan Valley Sewerage Authority, Hanover Sewerage Authority, Morris County Municipal Utilities Authority, and Musconetcong Sewerage Authority (collectively, the "Authorities").

    Pursuant to my associate's phone call with your Honor's law clerk on September 23, 2025, we respectfully write to seek clarification of the Court's Scheduling Order dated August 28, 2025, specifically Paragraph Three. As written, that provision addresses the filing of briefs in opposition to Plaintiffs' motion to approve each Judicial Consent Order ("JCO") and to the supporting briefs submitted by Defendants 3M Company and E.I. DuPont de Nemours and Company (collectively, the "Defendants").

    The Authorities respectfully request guidance from the Court as to the following:

1. **Who is permitted to file an opposition.** We respectfully request clarification regarding whether Paragraph Three allows only the existing parties to the litigation to file opposition briefs on or before December 12, 2025, or whether non-parties—such as the Authorities—may also do so without first seeking leave to intervene.

September 26, 2025<br>Page 2

2. **Possible motion to intervene.** If the Court determines that non-party opposition briefs are either not permitted or are subject to more limited page restrictions than those provided for under ordinary motion practice, the Authorities are prepared to move to intervene. Intervention would allow the Authorities to file pleadings requesting modification of the proposed settlements, specifically to remove the provisions that release the Authorities from all future claims against the Defendants.

We respectfully submit this request to ensure compliance with the Court's directives and to avoid unnecessary motion practice. The Authorities are committed to proceeding in a manner consistent with the Court's expectations and the applicable rules.

We thank the Court for its consideration and guidance in this matter.

Respectfully submitted,

*Diane Alexander*

Diane Alexander, Esq.
MARAZITI FALCON, LLP
Counsel for the AEA,
Rockaway Valley Regional Sewerage Authority,
Somerset Raritan Valley Sewerage Authority,
Hanover Sewerage Authority,
Morris County Municipal Utilities Authority,
and Musconetcong Sewerage Authority

cc: Counsel of Record