# Meyner and Landis LLP

reply to:
Albert I. Telsey
Direct Dial: (973) 602-3439
ATelsey@Meyner.com

Attorneys At Law
One Gateway Center
Suite 2500
Newark, New Jersey 07102
www.meyner.com

New York Address:
100 Park Avenue
16th Floor
New York, New York 10017
(516) 683-0171

November 17, 2025

Via CM/ECF/FedEx (courtesy copy)
The Honorable Renée Marie Bumb, Chief Judge
United States District Court
District of New Jersey — Camden Vicinage
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

RE: **Carneys Point Twp. Application for Intervention**
*NJDEP, et al., v. E.I. DuPont de Nemours and Company, et al.,*
Case No.: 1:19-CV-14766- RMB-JBC (D.N.J.)

Dear Judge Bumb,

We represent Carneys Point Township ("Carneys Point" or "Township").

Carneys Point has standing to intervene because (1) the proposed DuPont/Chemours Judicial Consent Order ("JCO") seeks to directly and indirectly dismiss two State Court Actions filed by the Township under the Environmental Rights Act ("ERA"). (2) the Township is an intended third-party beneficiary to the $100M in natural resource damages ("NRD") dedicated to communities impacted by pollution from the Chambers Works Site and the $525M in Abatement Damages, which must be dedicated to water infrastructure projects at and around the Chambers Works Site. (3) N.J.A.C. 7:7A-22.19 permits intervention in New Jersey Department of Environmental Protection ("DEP") settlements involving the remediation and restoration of wetlands associated with NRD restoration projects, like those required here at and around the Chambers Works Site. (4) The Township has exhausted its administrative remedies.

Enclosed is an application for intervention to file a Writ of Mandamus seeking modifications to the proposed JCO because certain terms and conditions are arbitrary, capricious, unreasonable, and unlawful, as summarized below, which require that the JCO be modified and republished. A redlined version of the JCO is provided.

Reasons for modifying the JCO are as follows:

The Honorable Renée Marie Bumb
November 17, 2025
Page 2

  A. <u>Missing Escrow Agreement</u>. According to the JCO, the Escrow Agreement (Exhibit B) is intended to "govern" the use of $875M in Settlement Damages for the next 25 years. As such, the Escrow Agreement is a material element of the JCO that must be published and made known to the public and the court. It has not been published.

  B. <u>Dedicated funds are not dedicated</u>. The JCO violates the NRD Constitutional Amendment, the 2026 Appropriations Act, and the Tax Deduction Rule because <u>Exhibit A</u> (1) allocates yearly bulk payments over the next 25-years without dedicating NRD payments to the four Industrial Sites, (2) fails to differentiate NRD and non-NRD Abatement Damages payments, and (3) fails to dedicate Abatement Damages to water infrastructure projects at and around the Chambers Works Site. Carneys Point has spent years designing NRD restoration projects for the Chambers Works Site and surrounding impacted areas and is entitled to those benefits. See the NRD Restoration Projects booklet provided with the intervention package.

  C. <u>No enabling legislation</u>. The JCO violates the separation of powers provisions in the State Constitution because the 25-year allocation of $875M in Settlement Payments has not been approved by enabling legislation akin to the opioid and VW litigation settlement legislation that provides a non-lapsing fund with regulations, an advisory board, reports to the Governor and legislature, and other protocols of due process and public participation. The 2026 Appropriations Act does not authorize the allocation of funds for the years 2027 to 2050, and DEP does not have legislative authority to allocate Settlement Payments for those years in its "sole discretion."

  D. <u>Township's State Court Actions cannot be dismissed</u>. Paragraph 83 of the JCO must be stricken because it seeks direct judicial rulings by this court to render Carneys Point's two State Court Actions subject to dismissal. This court has no jurisdiction over those Actions pursuant to 28 U.S.C.A. §1447 and 28 U.S.C.A. §2283.

  E. <u>Overinclusive definitions must be limited</u>. The JCO must exclude the Township's two State Court Actions from certain broad definitions in the JCO because, otherwise, the State and the Settling Defendants can claim the JCO indirectly countenances dismissal of the Township's two Actions, which the State cannot do directly through paragraph 83.

  F. <u>Political Subdivisions and private attorneys general cannot be disenfranchised</u>. The JCO must be modified to exclude "Political Subdivisions of the State" and "private attorney's general" from certain broad definitions in the JCO because this court cannot disenfranchise their rights under the ERA when the DEP fails to act, fails to act sufficiently, or acts in bad faith, especially when they are not parties to the JCO and do not consent to it. Ms. Jerry English, former counsel to the Governor at the time the ERA was passed in 1974, and a former Commissioner of the DEP agrees. Thank you.

           Sincerely,

           MEYNER AND LANDIS LLP

           <u>/s/ Albert I. Telsey</u>

           Albert I. Telsey, Esq.

The Honorable Renée Marie Bumb
November 17, 2025
Page 3

Enclosures (Intervention package)
Cc  All counsel of record (CM/ECF)