IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; et al., <br> *Plaintiffs*, <br> v. <br> E.I. DU PONT DE NEMOURS AND COMPANY; et al. <br> *Defendants,* | Case No.: <br> 1:19-cv-14758-RMB-JBC (Pompton Lakes) <br> 1:19-cv-14765-RMB-JBC (Repauno) <br> 1:19-cv-14766-RMB-JBC (Chambers Works) <br> 1:19-cv-14767-RMB-JBC (Parlin/Sayreville) <br><br> Hon. Renée Marie Bumb, Chief U.S.D.J. <br> James B. Clark, III, U.S.M.J. |

CERTIFICATION OF
ALBERT I. TELSEY, ESQ.

(In support of Carneys Point
Motion for Intervention)

I, ALBERT I. TELSEY, of full age, am counsel to Intervenor Carneys Point Township ("Carneys Point" or the "Township"). I am personally familiar with the facts set forth herein as follows:

1. DEP recognizes the Chambers Works Site and its surrounding communities, like Carneys Point, as one of the most PFAS polluted Sites in the world. ("New Jersey has been uniquely impacted by PFAS Contamination as a result of Discharges of PFAS from the Chambers Works Site, *one of the largest sources of PFAS contamination in the world*").[1] The Chambers Works Site is also the largest

---

[1] Proposed 3M settlement (¶27).

1

Brownfields site in the state at 1-mile wide by 2-miles long.

2. In December 2016, Carneys Point sued DuPont, Chemours, and Sherly L. Telford, DuPont's environmental director, pursuant to the ERA, for violating ISRA without posting a $1B RFS, as well as for other remediation violations, seeking penalties and attorney's fees, among other things. (Ex1 – 2016 Amended Complaint against Defendants)

3. In January 2017, the Township contacted DEP to inform them about its lawsuit to seek assistance. The Department did not respond. (Ex2 – 2017 memo to DEP)

4. On January 13, 2017, the Defendants removed the Township's State Court Action to Federal Court.

5. On July 26, 2017, Judge Noel L. Hillman, U.S.D.J. remanded the matter back to State Court with a certified copy of the decision. (Ex3 – Hillman order and opinion)

6. The Township submitted a petition to DEP signed by over 1,000 residents demanding a meeting. The Department ignored the petition. (Ex4 – Petition to DEP)

7. A meeting was eventually held in May 2017 only after local legislators intervened. At the meeting, the Department told the Township it could

not participate in the remediation of the site and to just write letters if it wanted to know anything. (Ex5 – Agenda for DEP meeting)

8.  At the time of the May 2017 meeting, the Department was in secret negotiations with DuPont and Chemours about posting a $51M RFS – a fraction of the $1B required. The Township learned about this months later.

9.  In 2017-2018 the Township told DEP to cease its secret negotiations. The Township sent letters to DEP for months and met with DEP officials. DEP would not cooperate with the Township.

10. In 2018, the Township sued DEP pursuant to the ERA to compel DEP to cease its secret negotiations with DuPont and Chemours and to allow the Township into the remediation and RFS process. (Ex6 – 2018 Amended Complaint against DEP)

11. DEP told the court that it was <u>not</u> going to sue DuPont for ISRA violations. In a May 2018 Certification of DEP Assistant Director Kevin Kratina, he stated, "Rather than fight about legal requirements, in particular whether ISRA was triggered, in 2017 DEP met with DuPont and Chemours on a number of occasions." Kratina went on to state he was hopeful DuPont and Chemours would voluntarily agree to post an adequate RFS. That settlement never happened. (Ex7 – Certification Kratina). Thereafter, the DEP, defendants, and the Township

3

agreed to mediate the matters. However, the Township did not give up its ERA actions.

12. In 2018, the Township filed a Motion for Partial Summary Judgment claiming DuPont violated ISRA by transferring the Chambers Works deed to Chemours in January 2015 without posting a $1B RFS. In February 2019, Judge Anne McDonnell, P.J.Ch., concluded the Township had ERA jurisdiction and entered judgment against DuPont for transferring the deed to Chemours, which "triggered the requirement for DuPont to comply with [ISRA] at Chambers Works and surrounding impacted areas." (Ex8 – Order granting SJ-opinion)

13. A month later, in March 2019, the State filed this matter including ISRA claims duplicating the Township's deed transfer ISRA claim it had just won a month earlier. The State then usurped the ISRA judgment the Township obtained from Judge McDonnell to support its own duplicative ISRA claim as if the State had won the judgment.

14. In 2022, the Township filed an application to intervene in this Federal Court action due to a lack of mediation progress and the State's continued dismissiveness towards the Township. The application was withdrawn when the State promised to keep the Township involved in the RFS mediation negotiations.

15. In 2024, DuPont/Chemours filed a motion to dismiss the Township's State Court Action against Defendants claiming this Federal Court action

supersedes the Township's Action. Judge Robert Malestein, J.S.C. denied the motion ruling that the Township's Action was correctly filed under the ERA and that the Township can pursue penalties and attorney's fees for daily violations that occurred prior to the State filing its action in March 2019 and for all claims unrelated to the State's action, including the claims against Sheryl Telford. (Ex9 – Order decision denying defendants SJ motion)

16. In 2024, the DEP filed a motion to dismiss the Township's State Court Action against the DEP also claiming it is superseded by this Federal Court Action. Judge Malestein denied this motion too, ruling that, pursuant to the ERA, the Township is entitled to demand a Public Participation Plan, feasibility study, and hearing to understand the cleanup process, or lack thereof, at the Chambers Works Site. (Ex10 – Order decision denying DEP motion to dismiss)

17. The Township sought to intervene in 2024 when the trial of this matter was put back on the active docket after being administratively dismissed. However, the Special Master denied the Township's intervention at that time.

18. Now that the draft JCO has been issued, which impacts the Township so directly and forcefully in a negative way, the Township seeks intervention to address the JCO.

19. A true copy of the published DEP notice regarding the JCO in this matter is attached as Ex11.

5

20. A true copy of the transcript decision of Judge Benjamin S. Bucca, Jr., J.S.C. regarding material elements of an NRD JCO is attached as Ex12.

21. A true copy of the unpublished decision *City of Seattle v Monsanto* is attached as Ex13.

22. A true copy of the DEP denial of Chambers Works as a BDA is attached as Ex14.

23. A true copy of the ERA sponsor's statement is attached as Ex15.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Albert I Telsey*
_____
Albert I. Telsey, Esq.

November 17, 2025