GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
Richard F. Engel
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625-0093
(609) 376-3761
N.J. Bar No. 009401981
Richard.Engel@law.njoag.gov

Attorney for Defendant, New Jersey Department of Environmental Protection

| | |
|---|---|
| TOWNSHIP OF CARNEYS POINT, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-SALEM COUNTY |
| PLAINTIFF, | DOCKET NO. SLM-C-_____18 |
| v. | **CIVIL ACTION** |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, | CERTIFICATION OF KEVIN F. KRATINA |
| DEFENDANT. | |

I, Kevin F. Kratina, of full age, certify as follows:

1. I am employed by the New Jersey Department of Environmental Protection ("DEP") as Assistant Director of the Enforcement and Information Support Element, Site Remediation and Waste Management Program. In that capacity, I oversee the enforcement of the laws and regulations related to remediation of contaminated sites in New Jersey.

2. I am familiar with the enforcement history of the Chambers Works site in Carneys Point and Pennsville (the "Site"). I am also familiar will the past and current negotiations

regarding that site that have been taking place with DuPont and Chemours.

3. The Site is currently being remediated under a November 7, 1988 Hazardous and Solid Waste Act ("HSWA") permit, with the United States Environmental Protection Agency ("EPA") providing the lead oversight of that remediation. In addition, DEP had a February 1988 administrative consent order and administrative consent order amendment with E.I. duPont de Nemours & Co. ("DuPont") for limited interim measures, which was satisfied and terminated in 2014.

4. DuPont, through a series of corporate transactions, transferred the performance chemicals division and other aspects of its business to a new entity, Chemours Company FC, LLC ("Chemours"). DuPont has asserted that DuPont's transactions did not trigger the requirements of the Industrial Site Recovery Act.

5. The ownership of the Site also went from DuPont to Chemours as part of these transactions.

6. Under the HSWA permit, Chemours is obligated to delineate the extent of contamination for the entire contaminated site by 2020 and post financial assurance with EPA for the full cost of the remedial action. A limited financial assurance has been posted with EPA. Once a full remedy is defined, Chemours will then have to post financial assurance for the full cost

of the remediation. In the interim, DEP has been working with DuPont and Chemours to get a remediation funding source ("RFS") posted for the entire cost of the remediation, which will may not be needed once Chemours posts a full financial assurance with EPA.

7. Rather than fight about legal requirements, in particular whether ISRA was triggered, in 2017 DEP met with DuPont and Chemours on a number of occasions, resulting in the responsible parties filing a preliminary assessment and site investigation report that would be required according to regulations applicable to ISRA. This report is still under review by DEP. In addition, DEP has been negotiating with DuPont and Chemours to get them to sign an administrative consent order ("ACO") that would commit those entities to the full remediation of the Site, and the posting of a DEP-approved RFS.

8. In addition, to make doubly sure that DuPont and Chemours would comply with the law to fully remediate the Site, in August 2017, DEP issued them a directive under the Spill Compensation and Control Act, requiring the two responsible parties to provide DEP with a RFS cost estimate for the full remediation, post that RFS, and execute the ACO. Chemours has provide the RFS cost estimate (approximately $66 million), which DEP is evaluating. DEP's evaluation is using

the information Carneys Point provided, including the RACER® estimate, and DEP has gotten Chemours to commit to having their licensed site remediation professional reevaluate the RFS estimate with the RACER® information in mind. Chemours committed to do so by early July. An RFS has not yet been approved by the DEP for the full cost of remediation. DEP will not approve an RFS, nor will it enter into an ACO, before July.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Kevin F. Kratina
Kevin F. Kratina

Dated: May 14, 2018