57 NJR 9(1)
September 2, 2025
**Filed August 12, 2025**

PUBLIC NOTICE

ENVIRONMENTAL PROTECTION

CONTAMINATED SITE REMEDIATION AND REDEVELOPMENT

OFFICE OF NATURAL RESOURCE RESTORATION

**Notice to Receive Interested Party Comment on Proposed Judicial Consent Order Approving Settlement with EIDP, Inc. (f/k/a E.I. du Pont de Nemours and Company), Corteva, Inc., DuPont de Nemours Inc., DuPont Specialty Products USA, LLC, the Chemours Company, and The Chemours Company FC, LLC, and Notice of Withdrawal of Discretionary Direct Oversight in the Matter of NJDEP, et al., v. E.I. Du Pont de Nemours and Company, et al., Case No.: 1:19-CV-14766-RMB-JBC (D.N.J.)**

**Take notice** that the New Jersey Department of Environmental Protection, its Commissioner, and the Administrator of the New Jersey Spill Compensation Fund (collectively, "NJDEP" or "Department") seek comments on a proposed Judicial Consent Order that would resolve certain asserted and unasserted claims against EIDP, Inc. (f/k/a E.I. du Pont de Nemours and Company) (EIDP), Corteva, Inc. (Corteva), DuPont de Nemours Inc. (New DuPont), DuPont Specialty Products USA, LLC (DuPont Specialty Products), The Chemours Company (Chemours), and The Chemours Company FC, LLC (Chemours FC) (EIDP, Corteva, New DuPont, DuPont Specialty Products, Chemours, and Chemours FC (collectively, "Settling Defendants") in pending litigation for past and future cleanup and removal costs, unmet remediation obligations, and injuries to natural resources resulting from discharges at, from, and/or related to the "Chambers Works Property," the "Parlin Property," the "Pompton Lakes Works Property," the "Repauno Works Property" (all as described below), all properties listed in

the Statewide Directive described below, and broadly related to the Settling Defendants' sale, marketing, distribution, use of, and/or any other conduct related to per- or poly-fluoroalkyl substances (PFAS) in or into the State of New Jersey prior to entry of the proposed Judicial Consent Order, or January 1, 2026, whichever is later.

The proposed Judicial Consent Order resolves certain asserted and unasserted claims, including certain claims brought by: (1) the Department and the Commissioner of the Department; (2) the New Jersey Division of Consumer Affairs and its Director; (3) to the maximum extent allowable by law, acting through the Attorney General, the State of New Jersey; and (a) all of the State's political subdivisions, departments, agencies, authorities, divisions, boards, commissions, districts, and instrumentalities of any kind; and (b) any person or entity acting or purporting to act in a *parens patriae*, sovereign, quasi-sovereign, private attorney general, *qui tam*, taxpayer, or other capacity seeking relief on behalf of, or generally applicable to the general public, as opposed to solely private or individual relief for separate and distinct injuries. The State signatories to the proposed Judicial Consent Order adequately represent the interests and rights of the State's political subdivisions, citizens, and residents such that entry of the proposed Judicial Consent Order will result in a binding final judgment that will operate as *res judicata* to preclude future claims related to the Settling Defendants' conduct regarding PFAS, as described in the proposed Judicial Consent Order, by all such persons and/or entities.

The Chambers Works Property, currently owned by Chemours, is located at 67 Canal Road and Route 130 in Pennsville and Carneys Point Townships, Salem County, New Jersey.  The overall Chambers Works Site includes, collectively, the Chambers Works Property and all areas to which any contaminants discharged at or from the Chambers Works Property

have migrated. The Chambers Works Property has been designated as Site Remediation Program Interest No. 008221.

The Parlin Property, currently owned by DuPont Specialty Products, is located at 250 Cheesequake Road, Parlin, Old Bridge Township and Sayreville Borough, Middlesex County, New Jersey. The overall Parlin Site includes, collectively, the Parlin Property and all areas to which any contaminants discharged at or from the Parlin Property have migrated. The Parlin Property has been designated as Site Remediation Program Interest No. 008222.

The Pompton Lakes Property, currently owned by Chemours FC, is located at 2000 Cannonball Road in Pompton Lakes/Wanaque Borough in Passaic County, New Jersey. The overall Pompton Lakes Site includes, collectively, the Pompton Lakes Property and all areas to which any contaminants discharged at or from the Pompton Lakes Property have migrated. The Pompton Lakes Property has been designated as Site Remediation Program Interest No. 007411.

The Repauno Works Property, currently owned in part by Chemours FC, and in part by Delaware River Partners, LLC, is located at 200 North Repauno Avenue, Gibbstown, Greenwich Township, Gloucester County, New Jersey. The overall Repauno Works Site includes, collectively, the Repauno Works Property and all areas to which any contaminants discharged at or from the Repauno Works Property have migrated. The Repauno Works Property has been designated as Site Remediation Program Interest No. 008225.

In 2017, the NJDEP issued a Directive pursuant to the Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 through 23.24 (Spill Act), to EIDP and Chemours FC regarding remediation of the Chambers Works Property. In 2019, the NJDEP issued a Spill Act Directive to EIDP, Chemours, and Chemours FC regarding natural resource damages assessment costs for the Pompton Lakes Property.

Also in 2019, the NJDEP issued a *Statewide PFAS Directive, Information Request, and Notice to Insurers* (Statewide PFAS Directive) regarding PFAS contamination in the State to EIDP, Chemours, Chemours FC, DuPont Specialty Products, New DuPont's predecessor, DowDuPont, Inc., and other respondents. The Statewide PFAS Directive was issued pursuant to the authority vested in the Commissioner pursuant to the Spill Act. The Directive provided notice that the Department believes EIDP, Chemours, Chemours FC, DowDuPont, Inc., and DuPont Specialty Products to be responsible for "significant contamination of New Jersey's natural resources, including the air and waters of the State, with [PFAS]" and sought, among other things, to compel EIDP, Chemours, Chemours FC, DowDuPont, Inc., and DuPont Specialty Products to provide information about its uses and discharges or potential discharges of certain PFAS into the State's environment, to meet with the Department to develop a good-faith estimate of costs to investigate, test, treat, clean up, and remove certain PFAS from the State's environment, including damages for economic impacts of PFAS contamination, and recipients' financial condition and ability to pay for or perform the cleanup and removal of certain PFAS. EIDP, Chemours, Chemours FC, DowDuPont, Inc., and DuPont Specialty Products submitted letters denying liability and asserting various defenses to the Statewide PFAS Directive.

Also in 2019, the NJDEP filed legal actions in New Jersey Superior Court against the Settling Defendants and other companies, consistent with its authorities as the trustee of New Jersey's natural resources and, as later amended, pursuant to the Spill Act; the Water Pollution Control Act, N.J.S.A. 58:10A-1 through 20; the Industrial Site Recovery Act, N.J.S.A. 13:1K-6 through 13.1; the Brownfield and Contaminated Site Remediation Act, N.J.S.A. 58:10B-1 through 31 (Brownfield Act); the Solid Waste Management Act, N.J.S.A. 13-1E-1 through 230, the Air Pollution Control Act, N.J.S.A. 26:2C-1 through 68; the Department's enabling statute,

N.J.S.A. 13:1D-1 et seq.; the Uniform Fraudulent Transfer Act, Del. Code Tit. 6, §§ 1301 to 1312, N.J.S.A. 25:2-20 through 36, and the common law of New Jersey. The lawsuits alleged that the Settling Defendants, as the owners/operators and/or affiliates of the owners/operators of the Chambers Works Property, Parlin Property, Pompton Lakes Property, and Repauno Works Property, and the other defendants were liable to the public for injuries to the natural resources of the State due to discharges of contaminants at and emanating from the Chambers Works Property, the Parlin Property, the Pompton Lakes Works Property, and the Repauno Works Property, and for costs incurred by the NJDEP, and that the defendants had not performed required remediation. The defendants removed the lawsuits to the United States District Court for the District of New Jersey, where they were subsequently consolidated. The Settling Defendants denied liability and asserted various defenses in the lawsuits.

Finally, also in 2019, the NJDEP filed a separate lawsuit against EIDP, Chemours, and other manufacturers of aqueous film-forming foam (AFFF), a PFAS-containing firefighting product, and suppliers of PFAS ingredients for AFFF (AFFF Litigation) in New Jersey Superior Court. EIDP and Chemours are defendants in the AFFF Litigation as manufacturers of certain AFFF and its component PFAS ingredients. Through the AFFF Litigation, the NJDEP asserts claims against EIDP and Chemours, pursuant to common-law products-liability theories, common law negligence, common-law public nuisance, and the Spill Act, the Consumer Fraud Act, N.J.S.A. 56:8-1 through 20, and the Safe Drinking Water Act, N.J.S.A. 58:12A-1 through 25. The AFFF Litigation was removed to the United States District Court for the District of New Jersey and, thereafter, transferred to the multidistrict litigation in the United States District Court for the District of South Carolina, *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2:18-mn-2873 (D.S.C.) (AFFF MDL), where it remains pending. Through

the AFFF Litigation, the NJDEP seeks to recover all costs related to the investigation, cleanup, restoration, treatment, and monitoring of Statewide AFFF contamination of the State's natural resources, as well as compensatory damages for lost value (including lost use) of those resources, punitive damages, and penalties.

The NJDEP has now reached an agreement with the Settling Defendants to resolve their alleged liability to the public for remediation costs, unmet remediation obligations, and injuries to the natural resources of the State, and other costs, fees, penalties, and punitive damages resulting from discharges of contaminants at, from, and/or related to the Chambers Works Property, the Parlin Property, the Pompton Lakes Property, the Repauno Works Property, and for claims related to PFAS, including from waste streams and consumer products, Statewide. In addition to NJDEP, the parties to the settlement also include the Office of the Attorney General and the Division of Consumer Affairs, which are both named plaintiffs in the AFFF Litigation. Pursuant to the terms of the agreement, the Settling Defendants will pay the State $875 million over a period of 25 years, including $225 million for Natural Resource Damages, $525 million for Abatement Damages, and $125 million to cover legal and other costs, penalties, and punitive damages.

The NJDEP hereby proposes to enter a Judicial Consent Order with the Settling Defendants to effectuate this settlement. The NJDEP, exercising its responsibilities pursuant to statutes governing the remediation of contaminated sites, including the Spill Act, the Brownfield Act, the Site Remediation Reform Act, N.J.S.A. 58:10C-1 through 29, and the rules promulgated thereunder, including N.J.A.C. 7:26C and 7:26E, and as trustee of the State's natural resources, believes that the proposed settlement terms are fair, reasonable, and faithful to the intent of the applicable statutes, and in the public interest. All natural resource damages recovered will be

held in the NJDEP's dedicated natural resource damages account for specific natural resource restoration activities in accordance with the New Jersey State Constitution, Article VIII, Section 2, Paragraph 9. Abatement damages recovered will be held in a dedicated trust account to be administered and used by NJDEP for the purpose of improving and protecting public health, safety, and the environment, including i. taking actions to address environmental, public health, and safety-related impacts from discharges from the Chambers Works Property, the Parlin Property, the Pompton Lakes Property, the Repauno Works Property; and ii. supporting water quality infrastructure projects, including projects to install, operate, and maintain water treatment in public and private wells sufficient to meet applicable state standards and protect the public health, including with respect to PFAS. The NJDEP intends to conduct public outreach and engagement in the consideration and selection of restoration activities to be pursued with funds recovered by this settlement.

It is the intent of the NJDEP and the Settling Defendants that this Judicial Consent Order will constitute a judicially approved settlement within the meaning of the relevant portions of the Spill Act (N.J.S.A. 58:10-23.11f.a(2)(b)) and of the Federal Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C. § 9613(f)(2)) for purposes of providing protection from contribution actions or contribution claims related to the matters addressed in the Judicial Consent Order, all to the full extent provided for at N.J.S.A. 58:10-23.11f.a(2)(b) and 42 U.S.C. § 9613(f)(2).

A copy of the proposed Judicial Consent Order is available for inspection virtually on the Department's dedicated website (https://dep.nj.gov/dupont), the Office of Natural Resource Restoration's webpage (https://dep.nj.gov/nrr/proposed-settlements), and the Contaminated Site Remediation and Redevelopment's webpage (https://dep.nj.gov/srp/settlements), and physically

through the NJDEP Office of Record Access at 401 East State Street, Trenton, New Jersey. Requests to inspect a physical copy of the proposed Judicial Consent Order should be directed to records.custodian@dep.nj.gov. Interested persons may submit comments on the proposed Judicial Consent Order on the Department's website (https://dep.nj.gov/dupont/comment), by email to dupontsettlement@dep.nj.gov, or in hard-copy form to the following address:

> New Jersey Department of Environmental Protection
>
> Legal, Regulatory, and Enforcement Policy
>
> 401 East State Street, 7th Floor
>
> PO Box 402
>
> Trenton, NJ  08625-0402
>
> Attn: DuPont Settlement

All comments must be submitted within 60 calendar days of the date of this public notice.

The NJDEP will consider all comments received and may decide to propose modifications to, or to withdraw or withhold consent to the entry of, the Judicial Consent Order if comments received disclose facts or considerations that demonstrate that the Judicial Consent Order is inappropriate, improper, or inadequate.

The Department is also hereby giving notice that, based on the comprehensive requirements of the proposed agreement that are in the public interest and protective of public health and safety, the Department is exercising its discretion to withdraw its placement of the Chambers Works Site into Direct Oversight. Among other things, the proposed Judicial Consent Order terms require the establishment and maintenance of a Remediation Funding Source for the

Chambers Works Site, along with other financial and remediation commitments to ensure remediation of the Site is completed.