David A. Haworth, Esq.
Ballard Spahr LLP
700 East Gate Drive, Suite 330
Mount Laurel, New Jersey 08054
(856) 761-3400
(856) 761-1020 fax
haworthd@ballardspahr.com

*Counsel to EIDP, Inc. (as to Third Count only, in Civil Action No. 1:19-cv-14766, the ISRA claims); DuPont Specialty Products USA, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. (as to all claims except the fraudulent transfer claims)*

Lanny S. Kurzweil, Esq.
Ryan A. Richman, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2044
lkurzweil@mccarter.com
rrichman@mccarter.com

Ann Marie Duffy, Esq. (Admitted PHV)
Eric G. Lasker, Esq. (Admitted PHV)
Matthew J. Malinowski, Esq. (Admitted PHV)
Marchello D. Gray, Esq. (Admitted PHV)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
(202) 898-5800
aduffy@hollingsworthllp.com
elasker@hollingsworthllp.com
mmalinowski@hollingsworthllp.com
mgray@hollingsworthllp.com

*Attorneys for Defendants EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC (as to all claims except (i) the fraudulent transfer claims in all matters; and (ii) the Third Count, ISRA claim, in 1:19-cv-14766-RMB-JBC)*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; THE COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND, <br><br> Plaintiffs, <br> v. <br><br> E.I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS | Case No. 1:19-cv-14766-RMB-JMC (Chambers Works Site) <br><br> Hon. Renée M. Bumb, U.S.D.J. <br><br> Hon. James B. Clark, III, U.S.M.J. <br><br> **DEFENDANTS EIDP, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC,** |

- 2 -

| | |
|---|---|
| COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; DUPONT SPECIALTY PRODUCTS USA, LLC; CORTEVA, INC.; DUPONT DE NEMOURS, INC.; and "ABC CORPORATIONS" 1-10 (NAMES FICTITIOUS),<br><br>                          Defendants. | **DUPONT SPECIALTY PRODUCTS USA, LLC, CORTEVA, INC. AND DUPONT DE NEMOURS, INC.'S OPPOSITION TO CARNEYS POINT TOWNSHIP'S MOTION TO INTERVENE AND FOR WRIT OF MANDAMUS** |


**TABLE OF CONTENTS**

I. Preliminary Statement .................................................................................................... 1

II. Argument ........................................................................................................................ 1

   A. Law of the Case Precludes Relitigating CPT's Motion to Intervene ................................ 1

   B. CPT Lacks a Protectable Interest in ISRA Penalties or Standing Under the Doctrine of *Parens Patriae*. .................................................................................................................... 3

   C. The JCO Respects Principles of Comity and the Anti-Injunction Act ............................. 3

   D. The Unpublished *Per Curiam* Decision Cited by CPT Does Not Impact the Intervention Analysis or the Approval of the Proposed JCO in This Case. .................................................. 4

   E. The JCO Satisfies the ERA's "Action" Requirement, Preempting Private Standing. ......... 4

III. Conclusion ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Arizona v. California*,
 460 U.S. 605 (1983) ...................................................................................................2

*Casey v. Planned Parenthood of Se. Pa.*,
 14 F.3d 848 (3d Cir. 1994) ..........................................................................................2

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*,
 701 F.3d 938 (3d Cir. 2012) ........................................................................................3

**State Cases**

*Howell Twp. v. Waste Disposal, Inc.*,
 207 N.J. Super. 80 (App. Div. 1986) ..........................................................................3

*Meyer v. Constantinou*,
 No. A-4163-11T4, 2013 WL 6036696 (App. Div. Nov. 15, 2013) ............................5

*N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp.*,
 453 N.J. Super. 272 (App. Div. 2018) ........................................................................5

*Superior Air Prods. Co. v. NL Indus., Inc.*,
 216 N.J. Super. 46 (App. Div. 1987) ..........................................................................5

**Federal Statutes**

Anti-Injunction Act, 28 U.S.C. § 2283 ............................................................................4

**State Statutes**

N.J.S.A. 2A:58-11(f) .........................................................................................................3

I.     **PRELIMINARY STATEMENT**

Defendants EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company), The Chemours Company, The Chemours Company FC, LLC, DuPont Specialty Products USA, LLC, Corteva, Inc. and DuPont de Nemours, Inc. (collectively "Defendants") submit this brief in response to Carneys Point Township's ("CPT") motion to intervene and for a writ of mandamus (ECF No. 742) and supplemental certification (ECF No. 754) concerning the Judicial Consent Order ("JCO") pending before the Court. CPT's late application for a writ of mandamus inappropriately ignores binding law of the case already established by the Court's rejection of CPT's prior intervention motion, which CPT did not appeal. (ECF No. 313 (Motion); ECF No. 396 (Special Master Order No. 6)). Thus, the Court has already carefully sifted through and rejected substantially all of the factual and legal contentions CPT is now rehashing in the current motion.

II.     **ARGUMENT**

    A.     **Law of the Case Precludes Relitigating CPT's Motion to Intervene.**

CPT's request to intervene was previously raised and fully adjudicated. Defendants opposed CPT's previous effort to intervene in this proceeding, on either a mandatory or permissive basis, under Federal Rule of Civil Procedure 24.[1] *See* ECF No. 313 (CPT's Motion to

---

[1] CPT's current motion substantially reprises arguments already briefed and decided against CPT in motion practice before Special Master Schneider. *Compare* CPT's Rule 24 argument (Dkt. 742 at 35-38) *with* its prior brief (Dkt. 313 at 14-20), CPT's supplemental brief (Dkt. 342 at 25), the State's opposition (Dkt. 325 at 13-14), Defendants' opposition (Dkt. 323 at 21-30; 38-39), and Judge Schneider's order (Dkt. 396 at 8-15). *Compare* CPT's NRD "first-priority" argument (Dkt. 742 at 15-16) *with* its prior brief (Dkt. 313 at 28-30), CPT's supplemental brief (Dkt. 342 at 21-23), Defendants' opposition (Dkt. 323 at 31-33), and Judge Schneider's order (Dkt. 396 at 11). *Compare* CPT's penalties position (Dkt. 742 at 3, 10) *with* its prior brief (Dkt. 313 at 12, 27), the State's opposition (Dkt. 325 at 21-23), and Judge Schneider's order (Dkt. 396 at 10-11).*Compare* CPT's ERA argument (Dkt. 742 at 27-28) *with* its prior brief (Dkt. 313 at 21), the State's position (Dkt. 325 at 17, 26), Defendants' opposition (Dkt. 323 at 11-20), and Judge Schneider's order (Dkt. 396 at 26).

- 1 -

Intervene) and ECF No. 323 (Defendants' Brief in Opposition). The State and Defendant 3M also opposed that earlier intervention motion. *See* ECF No. 325 (State's Brief in Opposition) and ECF No. 324 (3M's Brief in Opposition).

In a comprehensive decision and Order, dated November 19, 2024, and filed the following day, Judge Schneider denied CPT's application, rejecting point by point CPT's effort to gain intervenor-party status. *See* Special Master Order No. 6 at 26 (ECF No. 396) (stating, in denying the motion, "CPT does not meet the requirements for mandatory or permissive intervention set forth in Fed. R. Civ. P. 24. Alternatively, CPT's proposed claims are preempted by plaintiffs' ongoing vigorous prosecution of this action and CPT does not otherwise have standing to pursue its claims."). Special Master Schneider further held that CPT "lacks standing to assert its proposed claims" due to preemption by the State's ongoing enforcement. *Id.* CPT did not appeal Judge Schneider's decision, rendering it final action in this matter and not subject to disruption in the unorthodox manner CPT now pursues.

Under the law of the case doctrine "when a court decides upon a rule of law, that decision should continue to govern the same issues in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The doctrine "developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 856 (3d Cir. 1994) (quoting 18 Charles A. Wright, Arthur R. Miller, Edward Cooper, Federal Practice and Procedure § 4478 at 788 (2d ed. 1981)); *see also* Special Master Order No. 6 (ECF No. 396). "In the absence of extraordinary circumstances, [a] Court should generally adhere to its own prior rulings arising out of the same case." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012).

No extraordinary circumstances exist here to justify relitigating settled law of the case, and the application to intervene and for mandamus should be denied for that reason, as well as for all the reasons Defendants advanced in their written and oral arguments opposing CPT's previous motion to intervene and Judge Schneider's reasons for rejecting CPT's intervention rationales.

      **B.**      **CPT Lacks a Protectable Interest in ISRA Penalties or Standing Under the Doctrine of *Parens Patriae*.**

Substantively, this result is further compelled by the doctrine of *parens patriae*. CPT is a political subdivision of the State. The State acts as the ultimate trustee for natural resources and public health. As noted in *Howell Twp. v. Waste Disposal, Inc.*, 207 N.J. Super. 80 (App. Div. 1986), allowing duplicative litigation undermines the State's ability to harmonize all interests and creates a "race to the courthouse." Private individuals and subsidiary public entities will have alternative relief via the state grants established by the JCO; they do not require separate standing to sue.

CPT's claim that it has a right to pursue ISRA penalties separate from the State is legally incorrect. CPT has no right to retain such funds. As Special Master Schneider held in Order No. 6, "CPT erroneously believes it keeps penalty payments made under ISRA." *See* Order No. 6 at 10. Under N.J.S.A. 2A:58-11(f), any penalties assessed for ISRA violations "shall be remitted to the State Treasurer of New Jersey." *Id.* Because CPT stands to gain no independent monetary benefit from these penalties, and the State has already settled the underlying liability via the JCO, CPT has no right to such penalties that would warrant intervention.

      **C.**      **The JCO Respects Principles of Comity and the Anti-Injunction Act**

Contrary to CPT's assertions, Paragraph 83 of the JCO does not implicate the Anti-Injunction Act, 28 U.S.C. § 2283, nor does it improperly intrude upon the sovereignty of the

state court. The Anti-Injunction Act generally prohibits a federal court from staying proceedings in a state court. Paragraph 83 expressly ***does not*** stay any state court proceedings; rather, it binds the parties to a release of liability. As Paragraph 83 clearly states, the parties will file motions in the underlying state court action seeking dismissal of released claims: "Settling Plaintiffs and the Settling Defendants will seek an order promptly dismissing" the state litigation. The state court, not this Court, will decide such motions to dismiss. This mechanism respects the state court's docket management while providing Defendants with a final federal judgment that constitutes a *res judicata* defense to be presented in that forum.

### D. The Unpublished *Per Curiam* Decision Cited by CPT Does Not Impact the Intervention Analysis or the Approval of the Proposed JCO in This Case.

Contrary to CPT's assertion that a recent decision by the New Jersey Appellate Division (affirming the state trial court's denial of Defendants' motion for summary judgment) somehow requires Paragraph 83 to be stricken, *see* ECF No. 754, the Appellate Division's opinion has no bearing on this Court's consideration of the motion for approval of the JCO. The Appellate Division's opinion deals with a different proceeding focused on separate legal issues involving preemption and standing not at issue in the JCO. In addition, the claims involved a factual record notably missing the memorialization and culmination of the State's enforcement actions now embodied in the JCO. The Appellate Division merely affirmed that a "genuine issue of material fact" existed regarding the sufficiency of the State's enforcement efforts at the time CPT filed its complaint. *Id.* at 21. Defendants will address the Appellate Division's opinion before the Superior Court at the appropriate time.

### E. The JCO Satisfies the ERA's "Action" Requirement, Preempting Private Standing.

Although CPT makes many claims about the ERA's significance in its briefing, the ERA is a "safety valve" statute designed only for instances where the government is unable or

- 4 -

unwilling to act. Under New Jersey law, "action" is not limited to filing lawsuits; it includes administrative settlements and oversight. *See Meyer v. Constantinou*, No. A-4163-11T4, 2013 WL 6036696 (App. Div. Nov. 15, 2013) (holding that even absent litigation, administrative steps constitute "action" for ERA purposes).

CPT argues the State did not act fast enough in the past, but the JCO represents the culmination of the State's enforcement action. Under *Superior Air Prods. Co. v. NL Indus., Inc.*, 216 N.J. Super. 46 (App. Div. 1987), a private ERA claim must await DEP action to assess sufficiency; once the State takes action that proves sufficient to protect the environment, the private ERA claim is preempted. Upon the JCO's approval, the State's "action" is effectuated and legally strips the municipality of standing under the ERA's legislative purpose.

## III.  CONCLUSION

CPT was once before denied intervention and should not now be able to elide that ruling. CPT's writ and its request for party status through intervention should be denied. Nonetheless, when the Court examines whether to approve the pending JCO, which has been subjected widely to public comment, Defendants have no objection to the Court considering CPT's arguments in its writ filing as additional public comments on the JCO. *Cf. N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp.*, 453 N.J. Super. 272, 283–84, 295 (App. Div. 2018) (noting that unsuccessful intervenors' additional arguments were considered by the trial court when assessing whether to approve the proposed consent order). The State's responses to CPT's comments should also necessarily be part of the record considered by the Court.

Date: December 8, 2025

Respectfully submitted,

*/s/ Lanny S. Kurzweil*  
Lanny S. Kurzweil, Esq.  
Ryan A. Richman, Esq.

*/s/ David A. Haworth*  
David A. Haworth, Esq.  
Ballard Spahr LLP

- 6 -

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 639-2044
lkurzweil@mccarter.com
rrichman@mccarter.com

Ann Marie Duffy, Esq. (Admitted PHV)
Eric G. Lasker, Esq. (Admitted PHV)
Matthew J. Malinowski, Esq. (Admitted PHV)
Marchello D. Gray, Esq. (Admitted PHV)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
(202) 898-5800
aduffy@hollingsworthllp.com
elasker@hollingsworthllp.com
mmalinowski@hollingsworthllp.com
mgray@hollingsworthllp.com

*Attorneys for Defendants EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC (as to all claims except (i) the fraudulent transfer claims in all matters; and (ii) the Third Count, ISRA claim, in 1:19-cv-14766-RMB-JBC)*

700 East Gate Drive, Suite 330
Mount Laurel, New Jersey 08054
(856) 761-3400
(856) 761-1020 fax
haworthd@ballardspahr.com

*Counsel to EIDP, Inc. (as to Third Count only, in Civil Action No. 1:19-cv-14766, the ISRA claims); DuPont Specialty Products USA, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. (as to all claims except the fraudulent transfer claims)*