

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 093
TRENTON, NJ  08625-0093

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL C. WALTERS
*Director*

December 9, 2025

<u>VIA ECF</u>

The Honorable Renée M. Bumb, Chief U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re:    *NJDEP, et al. v E. I. Du Pont Nemours and Company, et al.*; Civil Action No. 2:19-cv-14758-RMB-JBC-JS (Pompton Lakes Works)

            *NJDEP, et al. v E. I. Du Pont Nemours and Company, et al.*; Civil Action No. 1:19-cv-14765-RMB-JBC-JS (Repauno Works)

            *NJDEP, et al. v E. I. Du Pont Nemours and Company, et al.*; Civil Action No. 1:19-cv-14766-RMB-JBC-JS (Chambers Works)

            *NJDEP, et al. v E. I. Du Pont Nemours and Company, et al.*; Civil Action No. 3:19-cv-14767-RMB-JBC-JS (Parlin Site)

Dear Chief Judge Bumb:

    Plaintiffs New Jersey Department of Environmental Protection ("DEP"), the Commissioner of DEP, and the Administrator of the New Jersey Spill Compensation Fund (collectively, "Plaintiffs" or "State") write with respect to an *amicus* "application" filed by the Society of Earth Law ("SOEL") on December 5, 2025, 1:19-cv-14758, ECF 574.[1] SOEL's *amicus* application seeks leave to file a brief in support of Carneys Point's motions to intervene to file writs of mandamus, 1:19-cv-14766, ECF 742, 745, in response to which the State filed a consolidated opposition yesterday, ECF 764.[2] The State takes no position on SOEL's application but notes the following.

    As an initial matter, SOEL did not participate in the public comment process on Plaintiffs' settlements with Defendants in these actions, and did not seek to submit an *amicus* brief through the

---

[1] No associated deadlines appear to have been set, as SOEL filed its submission as a letter rather than as a motion.
[2] The State is filing this letter under dockets 1:19-cv-14766 as well as 1:19-cv-14758.

  

process established in the Amended Scheduling Order, ECF 741, ¶ 3, for non-parties to file oppositions to the State's Motion to Approve the Judicial Consent Orders.

Rather, SOEL's *amicus* brief specifically seeks only to support Carneys Point's motions to intervene. SOEL did not attempt to obtain the State's (or the Defendants') consent to any *amicus* filing before opting to seek leave from this Court. Moreover, SOEL first made its *amicus* application on December 5, 2025, which was one business day before the State was due to respond to Carneys Point's motions on December 8, 2025.

The State submits that SOEL's proposed *amicus* brief adds little to the Court's consideration of Carneys Point's motions to intervene, which it is fully equipped to handle without any parallel *amicus* briefing. Indeed, SOEL's brief has two apparent purposes, neither of which is necessary to the Court's determination of Carneys Point's motions. First, SOEL merely duplicates Carneys Point's flawed arguments concerning the application of New Jersey's Natural Resource Damages ("NRD") Constitutional Amendment (which the State, for the reasons explained in its opposition to Carneys Point's motions, asserts are legally incorrect, *see* ECF 764 at 33-37). Second, SOEL asks the Court to embrace the organization's guiding principles, which is beyond the bounds of what the Court need do to resolve the motions.

We appreciate the Court's continued management of these matters.

        Respectfully,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY


        By: ____*Gwen Farley*_____
            Gwen Farley
            Deputy Attorney General


        KELLEY DRYE & WARREN
        SPECIAL COUNSEL TO THE ATTORNEY GENERAL


        By: ____*David M. Reap*_____
            David M. Reap


cc:    All Counsel of record