**MATTHEW J. PLATKIN**
**ATTORNEY GENERAL OF NEW JERSEY**
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625-0093
*Attorney for Plaintiffs*
By:   Gwen Farley
       Deputy Attorney General
       Attorney ID No. 000081999
       Ph. (609) 376-2740
       Gwen.Farley@law.njoag.gov

**KELLEY DRYE & WARREN LLP**
One Jefferson Road
Parsippany, New Jersey 07054
*Special Counsel to the Attorney General*
By:   Geoffrey W. Castello, Esq.
       Ph. (973) 503-5900
       GCastello@kelleydrye.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, et al.,<br><br>    Defendants. | Case Nos. 1:19-cv-14758-RMB-JBC,<br>          1:19-cv-14765-RMB-JBC,<br>          1:19-cv-14766-RMB-JBC,<br>          1:19-cv-14767-RMB-JBC<br><br>Hearing Date: January 7, 2026<br>**ORAL ARGUMENT REQUESTED** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS'**
**MOTION TO APPROVE ATTORNEYS' FEES**

# **TABLE OF CONTENTS**

                                                                                                                **Page**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .............................................................................................................3

I.     THE JCOS EXPRESSLY PROVIDE FOR THE PAYMENT OF ATTORNEYS' FEES. ........................................................................................3

         A.     THE 3M JCO PROVIDES FOR THE PAYMENT OF ATTORNEYS' FEES. ........................................................................3

         B.     THE DUPONT JCO PROVIDES FOR THE PAYMENT OF ATTORNEYS' FEES. ........................................................................4

II.    CARNEYS POINT'S ASSERTIONS REGARDING THE PAYMENT OF ATTORNEYS' FEES ARE CONTRADICTED BY THE PLAIN TERMS OF THE JCOS. ...........................................................6

         A.     CARNEYS POINT MISINTERPRETS THE JCOS WITH RESPECT TO THE PAYMENT OF ATTORNEYS' FEES. .............6

         B.     THE STATE HAS BEEN TRANSPARENT WITH THE PUBLIC ABOUT THE PAYMENT OF ATTORNEYS' FEES. ........8

CONCLUSION ..........................................................................................................9

## PRELIMINARY STATEMENT

On November 21, 2025, the New Jersey Department of Environmental Protection (the "Department"), the Commissioner of the Department, and the Administrator of the New Jersey Spill Compensation Fund (with the Office of the Attorney General, collectively, "Plaintiffs" or the "State") moved this Court for approval of proposed Judicial Consent Orders ("JCOs" or "Settlements") with the DuPont Defendants[1] and the 3M Company ("3M")—Settlements valued to provide up to approximately $2.5 billion to the State. ECF 746. Shortly thereafter, on December 1, 2025, Kelley Drye & Warren LLP, the Law Offices of John K. Dema, P.C., Cohn Lifland Pearlman Herrman & Knopf LLP, and Taft Stettinius & Hollister LLP, Special Counsel to the Attorney General of New Jersey and to Plaintiffs (collectively, "Special Counsel"), requested that the Court approve an award of attorneys' fees to Special Counsel pursuant to New Jersey Court Rule 1:21-7(c)(5) and the Retention Agreements between the Office of the Attorney General and Special Counsel, contingent on final non-appealable court approval of the Settlements in these cases. ECF 752.

---

[1] The DuPont Defendants are: EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company) ("EIDP"), Corteva, Inc. ("Corteva"), DuPont de Nemours Inc. ("New DuPont"), DuPont Specialty Products USA, LLC ("DuPont Specialty Products"), The Chemours Company ("Chemours"), and The Chemours Company FC, LLC ("Chemours FC").

1

No party to these cases filed an objection to Plaintiffs' Motion for an Award of Attorneys' Fees. Notwithstanding, on December 15, 2025, two non-parties—Carneys Point Township and the Borough of Sayreville (collectively, "Carneys Point")[2]—filed identical briefs purporting to "challenge" the requested fee award.[3] Carneys Point expressly states, however, that it is not challenging the amount requested. *See* ECF 773 at p. 2. Nor does Carneys Point raise any objections to the detailed explanation provided in Plaintiffs' Motion as to why the requested fee comports with New Jersey Court Rule 1:21-7(c)(5) and is reasonable under the factors set forth in Rule 1.5 of the Rules of Professional Conduct. Instead, Carneys Point's "challenge" to the Motion is presented in the form of a question: from which categories of payments will the attorneys' fee request be made? Carneys Point argues that the answer is a "mystery."[4] ECF 773 at p. 5. Not so. As detailed herein, there is no mystery—the plain terms of the JCOs provide the answers to Carneys Point's

---

[2] Carneys Point Township and Sayreville have filed Motions to Intervene in this action, on which the Court has not yet ruled. *See* ECF 742, ECF 745, and ECF 749. Unless and until such Motions are granted, the Township and the Borough are not parties to this action and have not provided the Court with any argument as to why either non-party has standing to object to Plaintiffs' Motion.

[3] This reply brief responds to Carneys Point Township's and the Borough of Sayreville's identical opposition briefs, ECF 773 and ECF 774.

[4] Carneys Point's "challenge" is one of policy rather than law, as it identifies no authority to support its implicit assertion that the Court cannot approve an attorneys' fee award that is in accord with Rule 1.5 unless it investigates the source(s) of funds from which the attorneys' fee will be paid.

question. The State, through the JCOs and the Motion for an Award of Attorneys' Fees, has been transparent with the public about the payment of attorneys' fees associated with the JCOs. Carneys Point's objection to the Motion is based on a misreading of the JCOs, and the issues it raises are readily clarified herein.

## ARGUMENT

### I.   The JCOs Expressly Provide for the Payment of Attorneys' Fees.

Special Counsel have applied to the Court for an attorneys' fee award of $195,122,093. *See* ECF 752. Of the total fee award requested, $41,128,044 is associated with the State's recovery through the 3M JCO and $153,994,049 is associated with the State's recovery through the DuPont JCO. Contrary to Carneys Point's assertion that the State has not identified the source of funds from which attorneys' fees will be paid, each of the JCOs expressly provides this information.

### A.   The 3M JCO Provides For the Payment of Attorneys' Fees.

Paragraph 44.c.iv of the 3M JCO specifically provides for a payment of $40,000,000 for "all Claims for costs, including direct and indirect costs, and including attorneys' fees and costs . . . to investigate and litigate Claims . . . ." *See* 3M JCO, ECF 746-7, at ¶ 44.c.iv (describing the "Costs, Fees, and Punitive Damages Payment"). Per the Settlement Payments Schedule attached as Exhibit A to the 3M JCO, the Costs, Fees, and Punitive Damages Payment will be made by 3M in Year 1. *Id.* at Exh. A.

3

The 3M JCO further provides that the State may allocate "up to, but not more than $30,000,000 of the New Jersey Leadership Payment for any purpose described in Paragraph 44.c.iv." *Id*. ¶ 44.e.vii. One of the purposes described in Paragraph 44.c.iv is "attorneys' fees." As stated in the Settlement Payments Schedule, the New Jersey Leadership Payment will be made between Years 2 and 4. *Id*. at Exh. A.

In short, the 3M JCO is clear that, if approved by the Court, $40,000,000 of the $41,128,044 in attorneys' fees attributable to the 3M JCO will be paid from the Costs, Fees, and Punitive Damages Payment in Year 1, and the remaining $1,128,044 will be paid from the New Jersey Leadership Payment(s) that will be paid in Years 2 through 4.

### B.   The DuPont JCO Provides for the Payment of Attorneys' Fees.

Paragraph 7.c.iii. of the DuPont JCO specifically provides for a payment of "$125,000,000 for all claims for costs, including direct and indirect costs, and including attorneys' fees and costs, that Settling Plaintiffs incurred on or before the Effective Date to investigate, prosecute, and resolve the Litigations . . . ." DuPont JCO, ECF 746-6, at ¶ 7.c.iii (describing the "Costs, Fees, and Punitive Damages Payment"). Per the Settlement Payments Schedule attached as Exhibit A to the DuPont JCO, $100,000,000 of the DuPont Defendants' Year 1 payment is to be allocated to the Costs, Fees, and Punitive Damages Payment and $25,000,000 of the Year 2 payment is to be similarly allocated. *Id*. at Exh. A.

4

Paragraph 11 of the DuPont JCO further provides that "Settling Plaintiffs may allocate up to an additional $50,000,000 of the Settlement Payments set forth in Paragraph 7.c.i. and ii for costs, including attorneys' fees and costs . . ." *Id.* ¶ 11. Paragraph 7.c.i. and 7.c.ii describe, in turn, the DuPont Defendants' obligation to pay Natural Resource Damages and Abatement Damages. *Id.* ¶ 7. Paragraph 11 states clearly that the additional up to $50,000,000 that may be allocated to attorneys' fees and costs will be for purposes "that do not constitute restitution or remediation within the meaning of section 162(f)(2)(A) of the IRS Code, and Treas. Reg. section 1.162-21(e)(4) if necessary based on fees and costs actually incurred ('Additional Fees and Costs Amount')." *Id.* ¶ 11. Pursuant to the Settlement Payments Schedule, the Additional Fees and Costs Amount will be allocated to the DuPont Defendants' Year 2 settlement payments. *Id.* at Exh. A.

Under the terms of the DuPont JCO, then, of the $153,994,049 in attorneys' fees attributable to the DuPont JCO, $100,000,000 in attorneys' fees will be paid in Year 1 from the Costs, Fees, and Punitive Damages Payment, another $25,000,000 will be paid in Year 2 from the Costs, Fees, and Punitive Damages Payment, and the remaining $28,994,049 will be paid in Year 2 from the Natural Resource Damages and/or Abatement Damages payments.

## II. Carneys Point's Assertions Regarding the Payment of Attorneys' Fees Are Contradicted by the Plain Terms of the JCOs.

Carneys Point's opposition to Plaintiffs' Motion does not take issue with the reasonableness of the amount of the attorneys' fee award. *See* ECF 773 at p. 2 ("Carneys Point and Sayreville do not challenge the amount."). Nor does Carneys Point express any opposition to the payment of attorneys' fees from each JCO's Costs, Fees, and Punitive Damages Payment. *See id.* at pp. 2-3. Carneys Point's only opposition to Plaintiffs' Motion is its assertion that the State has not explained to the public the source of funds from which the balance of the attorneys' fee award—*i.e.*, the difference between the total requested fee award and the Costs, Fees, and Punitive Damages Payment—will be made. However, this information has been readily available to Carneys Point (and the rest of the New Jersey public) since the JCOs were first proposed and made available for public review.

### A. Carneys Point Misinterprets the JCOs With Respect to the Payment of Attorneys' Fees.

Carneys Point's opposition misinterprets and overlooks several provisions of the JCOs. As an initial matter, Carneys Point incorrectly asserts that the Costs, Fees, and Punitive Damages Payments between the two JCOs total $140,000,000. *See* ECF 773 at pp. 2-3. This assertion appears to rest on a mathematical error. As explained *supra*, the Costs, Fees, and Punitive Damages Payment that 3M will make pursuant to Paragraph 7 of the 3M JCO is $40,000,000 and the Costs, Fees, and Punitive

Damages Payment that the DuPont Defendants will make pursuant to the DuPont JCO is $125,000,000. Between the two JCOs, then, the Settling Defendants will collectively pay $165,000,000 in Costs, Fees, and Punitive Damages that may be applied to the payment of attorneys' fees. Carneys Point expresses no opposition to the payment of attorneys' fees from each JCO's Costs, Fees, and Punitive Damages Payment. *See* ECF 773 at pp. 2-3.

Carneys Point's brief then poses a question: from which source of funds will the portion of the attorneys' fees that exceed the Costs, Fees, and Punitive Damages Payments[5] be made? The JCOs provide a clear answer: $1,128,044 will come from the 3M New Jersey Leadership Payment(s) that will be paid in Years 2 through 4 of the 3M JCO Settlement Payments Schedule, *see supra* Section I.A., and $28,994,049 will be paid from the Natural Resource Damages and/or Abatement Damages payments that will be paid by the DuPont Defendants in Year 2 of the DuPont JCO Settlement Payments Schedule, *see supra* Section I.B.

Carneys Point appears not to object to the payment of the balance of the attorneys' fees from at least two of these sources, and its objection to the third source appears to be based on another misreading of the DuPont JCO. Carneys Point takes

---

[5] Carneys Points asserts that this amount is $55,122,093. ECF 773 at p. 3. In fact, the difference between the total attorneys' fee request ($195,122,093) and the cumulative Costs, Fees, and Punitive Damages Payments ($165,000,000) is $30,122,093.

7

no issue with the payment of attorneys' fees from the New Jersey Leadership Payment. *See* ECF 773 at p. 5 (asserting that "[t]he Leadership Payment . . . is available to pay the fee shortfall . . . if there is an appropriation for that purpose in a future Appropriations Act."). Nor does Carneys Point object to the payment of fees from Natural Resource Damages. *Id.* at p. 3 (noting that the "the 2017 NRD Constitutional Amendment permits the payment of an attorney fee"). And while Carneys Point asserts that attorneys' fees cannot be paid from the DuPont JCO's Abatement Damages because this portion of the settlement payments may be used solely for restoration and remediation pursuant to Treas. Reg. section 1.162-21(e)(4)(i), *id.* at pp. 3-4, the Township appears to have overlooked Paragraph 11 of the DuPont JCO, which permits a limited amount of the Abatement Damages to be used for attorneys' fees if such fees were actually incurred, *see supra* Section I.B. In short, the question raised by Carneys Point is addressed in the JCOs.[6]

### B. The State Has Been Transparent with the Public About the Payment of Attorneys' Fees.

The State firmly rejects Carneys Point's assertion that the State has not been transparent in the fee application process. As discussed herein, the JCOs state clearly from which categories of payments attorneys' fees may be made, and each of the

---

[6] Carneys Point also includes in its opposition brief a summary of the arguments raised in its Motions to Intervene. The State has responded to these arguments in its Memorandum of Law in Support of Plaintiffs' Oppositions to the Township's Motions to Intervene, ECF 764.

8

provisions discussed herein has been available to the public for review since the JCOs were first announced. The State also submitted the Motion to Approve Attorneys' Fees prior to the date by which any oppositions to the State's Motion to Approve the JCOs were due so that the public and the Court would have this information available as the Court evaluates the Motion to Approve the JCOs.

## CONCLUSION

In summary, Carneys Point Township and the Borough of Sayreville, both non-parties, are the only entities that filed an objection to Plaintiffs' Motion to Approve Attorneys' Fees, and their identical, limited objections appear to be based on a misreading of several provisions of the JCOs. The State appreciates the opportunity to clarify the issues raised in their briefs and respectfully requests that the Court approve Plaintiffs' Motion, contingent on final non-appealable court approval of the Settlements in these cases.

Dated: December 22, 2025

**MATTHEW J. PLATKIN**
**ATTORNEY GENERAL OF NEW JERSEY**
*Attorney for Plaintiffs*

By: */s/ Gwen Farley*
Gwen Farley
Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, New Jersey 08625-0093
Ph. (609) 376-2740

9

**KELLEY DRYE & WARREN LLP**
Special Counsel to the Attorney General

By: */s/ Geoffrey W. Castello*
Geoffrey W. Castello, Esq.
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel.: (973) 503-5900
GCastello@KelleyDrye.com

*William J. Jackson, Esq.
*John D.S. Gilmour, Esq.
*Lana M. Rowenko, Esq.
*Jennifer C. Barks, Esq.
515 Post Oak Blvd. Suite 900
Houston, Texas 77027
Tel.: (713) 355-5000

*David Zalman, Esq.
David M. Reap, Esq.
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel.: (212) 808-7800
DReap@KelleyDrye.com

**LAW OFFICES OF JOHN K. DEMA, P.C.**
Special Counsel to the Attorney General

*John K. Dema, Esq.
*John T. Dema, Esq.
*Briana Dema, Esq.
1236 Strand Street, Suite 103
Christiansted, St. Croix
U.S. Virgin Islands 00820-5034
Tel.: (340) 773-6142
jdema@demalaw.com
jtdema@demalaw.com
bdema@demalaw.com

Scott E. Kauff, Esq.
11300 Rockville Pike, Suite 112
Rockville, Maryland 20852
Tel.: (202) 309-0200
skauff@demalaw.com

**TAFT STETTINIUS & HOLLISTER LLP**
Special Counsel to the Attorney General

*Robert A. Bilott, Esq.
50 E. RiverCenter Blvd., Suite 850
Covington, Kentucky 41011-1683
Tel.: (859) 331-2838
bilott@taftlaw.com

*David J. Butler, Esq.
41 S. High Street
Suite 1800
Columbus, OH 43215-6106
Tel.: (614) 221-2838

**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**
Special Counsel to the Attorney General

Leonard Z. Kaufmann, Esq.
A Member of the Firm
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Tel.: (201) 845-9600

*\* admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of this Court and served on all parties of record via the Court's ECF system.

>  */s/ Geoffrey W. Castello*
>  Geoffrey W. Castello