**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich Street
New York, NY 10007
*Attorney for Plaintiffs*

By: David M. Reap, Esq.
　　Attorney ID No. 025632012
　　Ph. (212) 808-7636
　　DReap@kelleydrye.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> E. I. DU PONT DE NEMOURS AND COMPANY, et al., <br><br> Defendants. | Case Nos. 1:19-cv-14758-RMB-JBC, <br>　　　　　　1:19-cv-14765-RMB-JBC, <br>　　　　　　1:19-cv-14766-RMB-JBC, <br>　　　　　　3:19-cv-14767-RMB-JBC <br><br> **DECLARATION OF DAVID M. REAP ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MONMOUTH COUNTY'S AND MERCER COUNTY'S MOTIONS TO INTERVENE** |

I, **DAVID M. REAP**, an attorney admitted to practice law before this Court and the Courts of the State of New Jersey, and of full age, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

　　1.　　I am Special Counsel at the law firm Kelley Drye & Warren LLP. My firm, along with the Law Offices of John K. Dema, P.C. ("Dema Law"), Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland"), and Taft Stettinius &

Hollister, LLP ("Taft"), serve as Special Counsel to the New Jersey Attorney General and represent Plaintiffs the New Jersey Department of Environmental Protection (the "Department"), its Commissioner, and the Administrator of the New Jersey Spill Compensation Fund (collectively, "Plaintiffs" or the "State") in the above-captioned matters.

2. I submit this Declaration in support of Plaintiffs' consolidated memorandum of law in opposition to Monmouth County's and Mercer County's motions to intervene in this action.

3. On November 17, 2025, Monmouth County's counsel contacted the State's counsel via email stating that the County was aware of the *amicus* opposition process established through the Amended Scheduling Order and was considering "the most efficient procedure for participating in this action," and asking to discuss the same with the State.

4. The State's counsel made themselves available for a call that same afternoon, during which they provided additional details on the *amicus* process and indicated that they would consent to Monmouth County proceeding in this manner. The State's counsel also informed Monmouth County's counsel that they were willing to work on a modified *amicus* process to address any further concerns the County might have, so that the parties and the Court could remain focused on the substance of objections rather than needlessly addressing procedural hurdles

associated with intervention. The State did not receive further outreach from Monmouth County after that call.

5. The State's counsel participated in calls with a team of lawyers representing Mercer County—including on August 20, September 10, and September 19, 2025—to answer their questions about the terms of the 3M and DuPont JCOs to the best of the State's counsel's ability and in good faith. The State also invited Mercer County's counsel to provide further information regarding the County's efforts to address PFAS contamination, including with respect to remediation costs. It never did so.

6. Following the September 19, 2025 call, the State's counsel received no further contact from Mercer County's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 22, 2025

_____/s/ David M. Reap_____
David M. Reap, Esq.
