Donald J. Camerson, II, Esq.
James W. Crowder, IV, Esq.
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
Tel: (973) 514-1200
Fax: (973) 514-1660
djcamerson@bressler.com
jcrowder@bressler.com
*Attorneys for Defendant 3M Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DU PONT DE NEMOURS AND COMPANY, *et al.*, <br><br> Defendants. | Civil Action No. <br> 1:19-cv-14766-RMB-JBC-JS <br><br> Hon. Renée M. Bumb, U.S.D.J. <br> Hon. James B. Clark, U.S.M.J. <br> Hon. Joel Schneider (Ret.), Special Master |

# 3M COMPANY'S RESPONSE OPPOSING MONMOUTH COUNTY'S AND MERCER COUNTY'S MOTIONS TO INTERVENE

# TABLE OF CONTENTS

**Page**

ARGUMENT……………………………………………………………………………….. 1

    I.      The Counties Did Not Timely Seek Intervention………………………………. 2

    II.     The State Adequately Represents the Counties' Interests…………………………. 3

    III.    The Counties' Motions Flout Typical New Jersey Practice Under the Spill Act…….. 3

CONCLUSION…………………………………………………………………………………… 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Sport Fishing Ass'n v. Exxon Corp.*, 34 F.3d 769 (9th Cir. 1994) ....................................... 3

*Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828 (3d Cir. 1995) .......................... 4

*\*Chavez v. PVH Corp.*, No. 13-cv-01797, 2014 WL 6617142 (N.D. Cal. Nov. 20, 2014) ............... 2

*Chiglo v. Preston,* 104 F.3d 185 (8th Cir. 1997) ............................................................................ 3

*Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970 (3d Cir. 1982) ...................................................................................................................... 3

*Environmental Defense Fund, Inc. v. Higginson*, 631 F.2d 738 (D.C. Cir. 1979) ......................... 3

*Islamic Society of Basking Ridge v. Township of Bernards*, 681 F. App'x 110 (3d Cir. 2017) .................................................................................................................... 1–2

*NAACP v. New York*, 413 U.S. 345 (1973) .................................................................................... 2

*New Jersey Department of Environmental Protection v. Exxon Mobil Corp.*, 181 A.3d 257 (N.J. Super. Ct. App. Div.), *certif. denied*, 185 A.3d 875 (N.J. 2018) .................. 3–4

*North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918 (8th Cir. 2015) ........................... 3

*Pennsylvania v. Rizzo*, 530 F.2d 501 (3d Cir. 1976) ................................................................. 2, 4

*United States v. City of New York*, 198 F.3d 360 (2d Cir. 1999) ................................................... 3

*\*United States v. New Jersey*, No. 10-91, 2012 WL 3265905 (D.N.J. June 12, 2012), *aff'd*, 522 F. App'x 167 (3d Cir. 2013) .................................................................... 1–2, 4

*United States v. Territory of Virgin Islands*, 748 F.3d 514 (3d Cir. 2014) .................................... 3

\*  Any unpublished decision cited in this Memorandum is included in the accompanying Certification of Donald J. Camerson, II, Esq.

Defendant 3M Company ("3M") opposes Monmouth and Mercer Counties' intervention motions (Docket Nos. 568,[1] 770) objecting to this Court's approval and entry of the proposed Judicial Consent Order as to Defendant 3M Company ("Proposed 3M JCO," Docket No. 746-7). 3M does not oppose converting the motions to amicus briefs,[2] giving them whatever weight the Court finds warranted.[3]

## ARGUMENT

To intervene as of right, a movant must show (1) timeliness, (2) a sufficient interest in the underlying litigation, (3) a threat that the litigation's disposition will impair or affect that interest, and (4) that the existing parties do not adequately represent its interest. *See Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 681 F. App'x 110, 111–12 (3d Cir. 2017) (per curiam); *United States v. New Jersey*, No. 10-91, 2012 WL 3265905, at *28 (D.N.J. June 12, 2012), *aff'd*, 522 F. App'x 167 (3d Cir. 2013). The Court also may permit a timely intervention when the

---

[1] Monmouth County filed this motion in Case No. 1:19-cv-14758. All other references are to the docket in Case No. 1:19-cv-14766.

[2] Monmouth County and Mercer County could have opposed Plaintiffs' motion to approve the JCOs by filing an amicus brief with the Parties' consent—but instead they opted to seek intervention. Plaintiffs, the DuPont Defendants, and 3M all promptly gave their consent to any non-party that sought to file an amicus brief opposing Plaintiffs' motion by the Court-imposed deadline for seeking such consent—Wednesday, December 3. *See* Docket No. 741, at 2 (ordering that non-Parties may file oppositions to Plaintiffs' motion by Friday, December 12, and, absent leave of Court, may do so only by "obtain[ing] the Parties' consent" to file an amicus brief and also filing "a consent order to that effect … on the docket by Wednesday, December 3"); *e.g.*, Docket No. 758-1, at 2 (proposed amicus's December 3 stipulation noting that all Parties had consented to the filing of an amicus brief opposing the JCOs); Docket No. 760, at 2 (Court's December 4 order permitting amicus to file its brief opposing Plaintiffs' motion by Friday, December 12). However, Monmouth County and Mercer County rejected the preferred consent-based path and instead filed contested motions to intervene.

[3] 3M is separately filing a memorandum responding to two amicus briefs opposing Plaintiffs' motion to approve the Proposed 3M JCO.

1

movant's claim or defense shares a common question of law or fact with the underlying litigation. *See Islamic Soc'y of Basking Ridge*, 681 F. App'x at 112.

The Counties do not qualify for intervention because their motions are untimely and the State, as *parens patriae*, adequately represents their interests. And their efforts to intervene also are inconsistent with customary practice in New Jersey Spill Act litigation.

I. **The Counties Did Not Timely Seek Intervention.**

The Counties may not intervene, as of right or permissively, because their applications are untimely. *See NAACP v. New York*, 413 U.S. 345, 365–66 (1973). The Counties err from the outset by measuring timeliness from the end of the comment period or the order setting the final hearing. *See* Docket No. 568-2, at 12, Case No. 1:19-cv-14758; Docket No. 770-2, at 15. The relevant date is when the Counties "received notice that the proposed settlement was contrary to [their] interest." *Chavez v. PVH Corp.*, No. 13-cv-01797, 2014 WL 6617142, at *4 (N.D. Cal. Nov. 20, 2014) (citation omitted), *appeal dismissed*, 2016 WL 11781880 (9th Cir. Feb. 4, 2016). Here, that was no later than the publication of the 3M JCO in July 2025. As this Court found in another complex public-interest case, affirmed by the Third Circuit, denying intervention is appropriate based on the Counties' months-long delay—"especially significant in light of how far the litigation had progressed." *United States v. New Jersey*, 2012 WL 3265905, at *30. As there, the Counties "were aware of the [Proposed 3M JCO] for some time, yet sat on their rights until the process reached a point at which intervention would scuttle much of the progress that the parties made toward settling." *Id.* Their intervention risks prejudicing 3M and delaying the State's receipt of settlement proceeds. *See Pennsylvania v. Rizzo*, 530 F.2d 501, 506–07 (3d Cir. 1976); *United States v. New Jersey*, 2012 WL 3265905, at *30.

2

## II. The State Adequately Represents the Counties' Interests.

The Counties' intervention motions should further be denied because the State, as *parens patriae*, adequately represents its political subdivisions' interests. A "presumption of adequacy" applies in *parens patriae* suits, and a political subdivision's intervention requires a "compelling showing" of "why the government's representation is not adequate." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 520–24 (3d Cir. 2014) (internal quotation marks omitted); *see Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 674 F.2d 970, 973 (3d Cir. 1982).[4]

The Counties did not carry that burden. Even they do not characterize the State's conduct during six years of litigation or two years of settlement negotiations as "misfeasance or nonfeasance in protecting the public" or a "clear dereliction of duty." *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015) (quotation marks omitted). They instead disagree with the State's conclusion that advancing the statewide interest in securing funding required compromise. But that does not mean the State *inadequately represented* this common interest; they "merely disagree[ ]" with the State's "litigation strategy" to effectuate that interest. *Id.* (quotation marks omitted). That does not support intervention. *See Del. Valley Citizens' Council*, 674 F.2d at 973.

## III. The Counties' Motions Flout Typical New Jersey Practice Under the Spill Act.

Although state procedural practices do not control the Court's application of the federal intervention standard, New Jersey courts considering Spill Act settlements follow the process the Court adopted here: Objectors present their views as amici, not by intervention. *See N.J. Dep't*

---

[4] *See also United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999); *Chiglo v. City of Preston,* 104 F.3d 185, 188 (8th Cir. 1997); *Alaska Sport Fishing Ass'n v. Exxon Corp.*, 34 F.3d 769, 773 (9th Cir. 1994); *Env't Def. Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979).

*of Env't Prot. v. Exxon Mobil Corp.*, 181 A.3d 257, 264 (N.J. Super. Ct. App. Div.) (affirming consent order over objection), *certif. denied*, 185 A.3d 875 (N.J. 2018).  On that basis, the Appellate Division has affirmed, in other environmental litigation, denial of intervention to amici who "sought intervention solely to argue against the settlement." *Id.* at 270.  Permission "to file briefs and make argument as amici[] . . . essentially permitted them to assert their claims as if they had intervened," allowing the trial court to "consider[ ] fully the arguments they raised before approving the consent judgment."  *Id.*  This Court recognized the same in *United States v. New Jersey*, denying intervention but still considering the objections raised on the merits.  *See* 2012 WL 3265905, at *31.  Denial of intervention thus does not leave the Counties voiceless.  3M does not object to the Court considering the Counties' objections alongside those of the non-parties who filed amicus briefs with the Parties' prior consent.[5]

---

[5] The Counties' understanding that intervention is, in all cases, an absolute prerequisite to appeal, *see* Docket No. 568-2, at 18, Case No. 1:19-cv-14758, is mistaken.  *See Rizzo*, 530 F.2d at 504; *see also Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 836 (3d Cir. 1995).

4

## CONCLUSION

Like the other non-parties voicing their concerns as amici, the Counties' objections can be heard without the burdens of intervention. 3M respectfully requests that the Court deny the Counties' motions to intervene.

Dated:  December 22, 2025                                       Respectfully submitted,


                                                                /s/Donald J. Camerson, II

                                                                BRESSLER, AMERY & ROSS, P.C.
                                                                Donald J. Camerson, II, Esq.
                                                                James W. Crowder, IV, Esq.
                                                                325 Columbia Turnpike
                                                                Florham Park, NJ 07932
                                                                Tel: (973) 514-1200
                                                                Fax: (973) 514-1660
                                                                djcamerson@bressler.com
                                                                jcrowder@bressler.com

                                                                KING & SPALDING LLP
                                                                Andrew J. Calica (admitted *pro hac vice*)
                                                                1290 Avenue of the Americas
                                                                New York, NY 10104
                                                                Tel: (212) 790-5390
                                                                acalica@kslaw.com

                                                                *Attorneys for Defendant 3M Company*