# Exhibit A

POLITICO PRO

# House Energy and Commerce / Environment on CERCLA Designation for PFAS Chemistries and Superfund Liability

12/18/2025 10:00 AM EST

**Rep. Gary Palmer (R-Ala.)**

Subcommittee on environment will come to order the Chair recognizes himself for five minutes for an opening statement. Welcome today's Hearing before the Subcommittee on environment. This year, we've revisited some of our country's most important environmental laws and confronted emerging challenges in protecting our environment and promoting a rug Tory climate that encourages innovation and economic growth, among other things, we've identified shortcomings with the administration of the Toxic Substance Control Act that delayed newer, safer chemistries from reaching consumers, explored opportunities to revitalize brownfield sites for crucial infrastructure projects, evaluated the state of technologies to improve our recycling systems and past common sense Clear Air Act reforms. Today, we're examining EPA decision last year to designate 2p FOSS chemistries, PFOA and PFAS as hazardous substance under the Comprehensive Environmental Response Compensation and Liability Act, also known as CERCLA, or the Superfund law.

CERCLA was enacted 1980 to facilitate the cleanup of the most contaminated sites around the country, and to establish a scheme responsible for that contamination. Superfund imposes strict and joint several liability on parties

**Rep. Gary Palmer (R-Ala.)**

Mission to the pollution was minimal. Circle excludes exemptions as well as defenses to liability for certain parties, such as bona fide prospective purchasers and innocent land owners, as they are referred to. However, in the context of the hazard acceptance designation, there are concerns that

Transcript



Chair now recognizes Mr. Menendez, who will be giving an opening statement on behalf of Mr. Pallone, the Ranking Member of the full committee, the gentleman from New Jersey is recognized for five minutes.

**Rep. Frank Pallone (D-N.J.)**

Thank you, Chairman I support holding polluters accountable for the harm they cause the people we represent. So I'm discouraged that my Republican colleagues are not centering this hearing around exposed communities who are bearing the brunt of PFAS contamination and ensuring that we prevent further exposure to these toxic chemicals. Instead, the majority called today's hearing to discuss creating new liability shields under our nation's Super Fund law for corporate polluters. PFAs chemicals are an urgent threat to public health.

They are toxic, persistent, and have been found in our water, soil and air, as well in products Americans use every day, aptly referred to as forever chemicals. PFAs have long been linked to cancers, infertility, impaired child development and thyroid disease, among other harms. Each day, we are finding PFAs in more communities across the country, and are learning about the health harms they face as a result of this exposure. Urgent action is needed to address widespread contamination and reduce our community's exposure to these dangerous chemicals.

That is why I'm pleased that Emily Donovan is here today. Mrs. Donovan is a concerned mother, advocate and community leader who has fought tirelessly to lift up the voices of her neighbors, including carrying the stories of those who tragically aren't with us anymore. She brings an important perspective to this hearing, the voice of a community in North Carolina that has been devastated by PFAS contamination, the topic of today's hearing does little to offer solutions to communities like Mrs. Donovan's, rather, it leans into unfounded claims to bolster recent PFAS deregulatory actions taken by administrator Zeldin for corporate polluters and future exemptions requested by special interest, for example, since the Superfund listings for PFOA and PFOs went into effect, opponents claim they would lead to a flood of liability. Lawsuits against municipal entities have simply not materialized.

There are existing tools to ensure downstream entities aren't held liable for upstream pollution, so long as they properly manage hazardous substances

and don't release PFAs into the environment. Yet they continue to push a narrative of needing an exemption under Superfund, giving municipal entities such a carve out would remove a powerful incentive for responsible management of hazardous waste products and risk dangerous PFAs releases into communities without consequence. I should note that these same entities, like water utilities, have a long history of following the law and managing dangerous Superfund chemicals like arsenic, chromium and lead safely and effectively as part of their everyday operations. There is no reason to suggest managing PFAS would be any different.

Exempting parties from circle of liability let those entities off the hook for removing PFAS from their own systems, responsibly handling PFAS waste, reducing PFAs contamination for their customers and holding polluters accountable for the harm they cause. If we are serious about addressing PFAs issues in this country, we must examine how to expedite the cleanup of toxic PFAs chemicals while simultaneously working to prevent new exposures to these dangerous substances. Unfortunately, this is not what we. Republicans in the Trump Administration are doing instead, the administration has worked to roll back and decay health protective drinking water standards and limit PFAs reporting requirements, effectively leaving the EPA and communities in the dark under Democratic leadership, the House passed the bipartisan PFAs action Act, which provided real solution to some of our pressing PFAs issues.

It authorizes critical resources to water systems and communities grappling with contamination and stems the tide of PFAS chemicals into the environment. The legislation is centered on the science and the real life experience of communities like Mrs. Donovan's discussion to weaken PFAS regulations, however, misses the mark and only serves to harm workers, families and children. Americans are already struggling with rising healthcare costs and loss of access to life. Saving care deregulation will make the PFAS problem worse.

Breaking the promises we made to communities like Ms. Donovan's, the companies that knew for years that they were pumping dangerous PFAs into local towns, must be held accountable. Creating a litany of carve outs from critical environmental protection will hamstring our ability to do just that our constituents and communities deserve action to solve this PFAs crisis once and for all. Thank you, and I yield back.

Transcript

POLITICOPRO